BRUCE L. SIMON (Bar No. 96241)
bsimon@pswlaw.com
BENJAMIN E. SHIFTAN (Bar No. 265767)
bshiftan@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
44 Montgomery Street, Suite 2450
San Francisco, California 94104
Telephone: (415) 433-9000
Facsimile:  (415) 433-9008

CHRISTOPHER B. DOLAN (Bar No. 165358)
chris@cbdlaw.com
**THE DOLAN LAW FIRM**
1438 Market Street
San Francisco, California 94102
Telephone: (415) 421-2800
Facsimile:  (415) 421-2830

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| L.A. Taxi Cooperative, Inc. dba Yellow Cab Co.; Administrative Services SD, LLC dba Yellow Radio Service; All Yellow Taxi, Inc. dba Metro Cab; American Cab, LLC; American Cab, LLC dba Pomona Valley Yellow Cab; Bell Cab Company, Inc.; Big Dog City Corporation dba Citywide Dispatch, Citywide Taxi, and Big Dog Cab; Cabco Yellow, Inc. dba California Yellow Cab; C&J Leasing, Inc. dba Royal Taxi; G&S Transit Management, Inc.; Gorgee Enterprises, Inc.; LA City Cab, LLC; Long Beach Yellow Cab Co-operative, Inc.; Network Paratransit Systems, Inc.; South Bay Co-operative, Inc. dba United Checker Cab; Taxi Leasing, Inc. dba Yellow Cab of Ventura County; Tri-City Transportation Systems, Inc.; Tri Counties Transit Corporation dba Blue Dolphin Cab of Santa Barbara, Yellow Cab of Santa Maria, and Yellow Cab of San Luis Obispo; and Yellow Cab of South Bay Co-operative, Inc. dba South Bay Yellow Cab,<br><br>              Plaintiffs,<br>     vs.<br><br>Uber Technologies; Rasier, LLC; and Rasier-CA, LLC,<br><br>              Defendants. | CASE NO. 3:15-cv-01257-JST<br><br>**PLAINTIFFS' OPPOSITION TO AWYC'S MOTION TO INTERVENE**<br><br>Date:     July 30, 2015<br>Time:    2:00 p.m.<br>Crtrm.:   9, 19th Floor |

**TABLE OF CONTENTS**

**Page**

I. STATEMENT OF ISSUES TO BE DECIDED ...................................................................................1

II. INTRODUCTION AND SHORT STATEMENT OF RELEVANT FACTS ..............................2

III. ARGUMENT ...................................................................................................................................3

    A.    AWYC IS NOT ENTITLED TO INTERVENE AS A MATTER OF RIGHT ........................................................................................................................3

    B.    AWYC IS NOT ENTITLED TO PERMISSIVE INTERVENTION ........................6

IV. CONCLUSION ................................................................................................................................9

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Blake v. Pallan*,
  554 F.2d 947 (9th Cir. 1977) ............................................................................................................. 5

*Ctr. for Biological Diversity v. Jewell*,
  No. C 13-1749 PSG, 2013 WL 4127790 (N.D. Cal. Aug. 9, 2013) ................................................ 5

*Executive Risk Specialty Ins. Co. v. Rutter Hobbs & Davidoff, Inc.*,
  564 Fed.App'x 887 (9th Cir. 2014) .................................................................................................. 5

*Hanni v. Am. Airlines, Inc.*,
  No. C 08-00732 CW, 2010 WL 289297 (N.D. Cal. Jan. 15, 2010) ................................................ 7

*Hawaii-Pac. Venture Capital Corp. v. Rothbard*,
  564 F.2d 1343 (9th Cir. 1977) ........................................................................................................... 4

*Julianites Against Shakedown Tactics v. TEJJR*,
  No. 05-CV-2353BTM(WMC), 2007 WL 184716 (S.D. Cal. Jan. 5, 2007) .................................... 3

*Miller v. Ghirardelli Chocolate Co.*,
  No. C 12-04936 LB, 2013 WL 6776191 (N.D. Cal. Dec. 20, 2013) .............................................. 5

*Mishewal Wappo Tribe of Alexander Valley v. Salazar*,
  534 Fed.App'x 665 (9th Cir. 2013) ............................................................................................. 3, 7

*Perry v. Proposition 8 Official Proponents*,
  587 F.3d 947 (9th Cir. 2009) ............................................................................................................. 6

*Prete v. Bradbury*,
  438 F.3d 949 (9th Cir. 2006) ............................................................................................................. 5

*Quantum Prod. Servs., LLC v. Austin*,
  No. CV 09-5087 PSG (CWX), 2009 WL 3517695 (C.D. Cal. Oct. 26, 2009) .............................. 3

*Ramirez v. Manpower, Inc.*,
  No. 13-CV-02880-BLF, 2014 WL 3378306 (N.D. Cal. July 10, 2014) ......................................... 7

*S. California Edison Co. v. Lynch*,
  307 F.3d 794 (9th Cir. 2002) ............................................................................................................. 9

*Sethy v. Alameda Cnty. Water Dist.*,
  545 F.2d 1157 (9th Cir. 1976) ........................................................................................................... 4

*UMG Recordings, Inc. v. Bertelsmann AG*,
  222 F.R.D. 408 (N.D. Cal. 2004) ...................................................................................................... 7

*United States v. Alisal Water Corp.*,
   370 F.3d 915 (9th Cir. 2004) .................................................................................................. 3

*United States v. Ballantyne*,
   No. 13CV53 BTM BLM, 2013 WL 4716234 (S.D. Cal. Sept. 3, 2013) .................................. 8

**OTHER AUTHORITIES**

Fed.R.Civ.Proc. 24 ................................................................................................................. 3, 7, 9

N.D. Cal. Civ. L.R. 3-12 ................................................................................................................ 9

# I. STATEMENT OF ISSUES TO BE DECIDED

Whether a taxi cab company[1] can intervene in a false advertising lawsuit against Uber[2] brought by a separate group of California taxi cab companies[3] when the Proposed Complaint-in-Intervention (1) asserts additional claims, (2) seeks unique forms of relief, (3) names a California regulatory agency as a defendant, (4) introduces complex new legal issues (including issues of constitutional law), and (5) would otherwise unduly complicate the pending litigation.

---

[1] A White and Yellow Cab, Inc. dba A Taxi Cab and 1-800-4 My Taxi ("AWYC").

[2] "Uber" signifies all three defendants: Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC.

[3] All taxi cab companies named as Plaintiffs in the Complaint ("Plaintiffs").

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

## II. INTRODUCTION AND SHORT STATEMENT OF RELEVANT FACTS

This motion to intervene is an extraordinary attempt by AWYC to transform a false advertising case into something very different. Whereas Plaintiffs sued Uber several months ago to obtain redress from Uber's false advertising campaign, AWYC now seeks to inject novel, complex issues into the case. AWYC's attempt—which would fundamentally change both the contours and course of this litigation—should be rejected.

Plaintiffs filed suit against Uber in March 2015, alleging that Uber's false and misleading advertising deceives potential passengers into believing that UberX rides are safer than rides in Plaintiffs' taxi cabs. (*See* ECF No. 1.) This advertising campaign has caused Plaintiffs to lose customers and suffer significant reputational harm. (*Id.* at ¶¶ 102-106.) Plaintiffs' Complaint alleges that Uber violates the Lanham Act, the California False Advertising Law, and the California Unfair Competition Law. (*Id.* at Claims for Relief.)

Now, three months later, AWYC proposes filing a Complaint-in-Intervention that is a far cry from Plaintiffs' Complaint. (*See* ECF No. 32-2.) The Proposed Complaint-in-Intervention wades deeply into areas extraneous to Plaintiffs' case. For example, the proffered pleading names the California Public Utilities Commission ("CPUC") as a defendant, asserting that the CPUC—in permitting Uber to operate as a transportation network company—violates AWYC's constitutional rights under the Equal Protection and Due Process Clauses. (*See generally id.* at Fifth Claim for Relief.)

The allegations against Uber are similarly far afield. AWYC does not focus on Uber's false advertising pertaining to UberX safety, but instead delves into assertions that Uber (1) unfairly fails to maintain a protocol for picking up disabled passengers, (2) engages in unfair "surge pricing," and (3) unfairly operates as a *de facto* taxi cab, despite never having secured a taxi cab franchise from the City of Anaheim. (*See id.* at ¶ 53(a)-(c).)

AWYC can pursue its claims against the CPUC and Uber in its own separate lawsuit. Allowing the introduction of these claims into Plaintiffs' lawsuit would complicate the case, delay its resolution, and prejudice Plaintiffs. The motion to intervene should be denied in its entirety.

### III. ARGUMENT

A prospective intervenor can seek to intervene in litigation (1) as a matter of right, and/or (2) via permissive intervention. *See* Fed.R.Civ.P. 24(a) and (b). Regardless of which method is chosen, "the burden is on the prospective intervenor to demonstrate that the conditions for intervention are satisfied." *Quantum Prod. Servs., LLC v. Austin*, No. CV 09-5087 PSG (CWX), 2009 WL 3517695, at *3 (C.D. Cal. Oct. 26, 2009) (*citing Petrol Stops Nw. v. Cont'l Oil Co.*, 647 F.2d 1005, 1010 n.5 (9th Cir. 1981)).

AWYC tries to intervene both as a matter of right and via permissive intervention. As explained below, neither endeavor is successful.

### A. AWYC IS NOT ENTITLED TO INTERVENE AS A MATTER OF RIGHT

A party seeking to intervene as a matter of right under FRCP 24(a)(2) must satisfy four requirements: "'(1) [T]he [applicant's] motion must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.'" *Mishewal Wappo Tribe of Alexander Valley v. Salazar*, 534 Fed.App'x 665, 667 (9th Cir. 2013) (*quoting Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011)).

AWYC fails to demonstrate that intervention of right is appropriate. For one, AWYC does not articulate an interest in this case that is "'direct, substantial, and legally protectable.'" *Julianites Against Shakedown Tactics v. TEJJR*, No. 05-CV-2353BTM(WMC), 2007 WL 184716, at *3 (S.D. Cal. Jan. 5, 2007) (*quoting Dilks v. Aloha Airlines, Inc.*, 642 F.2d 1155, 1157 (9th Cir.1981)); *see also United States v. Alisal Water Corp.*, 370 F.3d 915, 920 (9th Cir. 2004) (denying intervention of right where proposed intervenor's "interest [was] several degrees removed from" the issues that were "the backbone of th[e] litigation"). AWYC's case is dramatically different from Plaintiffs' lawsuit. Whereas Plaintiffs allege that they have suffered financial injuries as a result of Uber misrepresenting the safety of UberX rides, the Proposed Complaint-in-Intervention contains, in AWYC's own words, "a more expansive set of allegations

about unfair competition." (Opp'n at 3-4.)

This is quite an understatement. AWYC's lawsuit targets Uber for certain conduct—*e.g.,* refusing to calculate fares through the use of a meter calibrated by the Orange County Department of Weights and Measures, and failing to pay taxi cab fees to the City of Anaheim—that simply have no relation to Plaintiffs' false advertising claims. (*See* ECF No. 32-2 at ¶¶ 53(a) and (b).) Other aspects of AWYC's case are even more far afield, as the Proposed Complaint-in-Intervention (1) contends that the CPUC has violated AWYC's constitutional rights, (2) requests a declaratory judgment rendering void the CPUC decision permitting Uber to operate in California, and (3) seeks a ruling requiring Uber to comply with local Orange County taxi cab regulations. (*See id.* at Fifth and Sixth Causes of Action, Prayer at ¶ 13.) AWYC may very well have an interest in these issues. But, they simply are extraneous to this litigation—which, again, pertains to Uber's false advertising campaign about the safety of UberX.

In the same vein, AWYC does not illustrate how any purported interest would be impaired or impeded if it did not intervene. *See Hawaii-Pac. Venture Capital Corp. v. Rothbard*, 564 F.2d 1343, 1346 (9th Cir. 1977) (affirming denial of motion to intervene where prospective intervenors "[had] not sustained their burden of proving impairment or impediment to their ability to protect their interest"). The only argument that AWYC can muster is that—if it is not entitled to intervene, and Plaintiffs' case proceeds to some undescribed "unfavorable disposition"—then "that holding will very likely constitute binding precedent *against* [AWYC's] claims against UBER." (Opp'n at 5 (emphasis in original).)

This argument misses the mark. Again, the vast majority of the assertions in the Proposed Complaint-in-Intervention simply are not part of Plaintiffs' case. There will not be argument about these issues. This Court will not be asked to rule on these issues. Accordingly, there is no way in which "binding precedent" will be set on these issues. *Sethy v. Alameda Cnty. Water Dist.*, 545 F.2d 1157, 1160 (9th Cir. 1976) ("[P]rior decision is not binding precedent on point not raised in briefs or argument nor discussed in the opinion of the Court in that case.") (*citing United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37-38 (1952)). Accordingly, AWYC has failed to satisfy its burden of establishing "that a decision in this case would have a clear and persuasive

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

*stare decisis* effect on further litigation." *See Ctr. for Biological Diversity v. Jewell*, No. C 13-1749 PSG, 2013 WL 4127790, at *4 (N.D. Cal. Aug. 9, 2013) (*citing United States v. State of Or.*, 839 F.2d 635, 638 (9th Cir. 1988)).[4]

Moreover, even if AWYC could demonstrate that a nominal false advertising component of its case could be impaired by this litigation, this still would not justify intervention of right. After all, AWYC has completely failed to meets its burden of demonstrating that Plaintiffs inadequately represent that interest. *See Prete v. Bradbury*, 438 F.3d 949, 959 (9th Cir. 2006). Plaintiffs and AWYC have the "'same ultimate objective'" with respect to this one purported interest—proving that Uber's false advertising about safety is unlawful—and, accordingly, there is a "'presumption'" that Plaintiffs adequately represent AWYC's interest. *See Executive Risk Specialty Ins. Co. v. Rutter Hobbs & Davidoff, Inc.*, 564 Fed.App'x 887, 888 (9th Cir. 2014) (*quoting Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). As such, AWYC must present "'a compelling showing . . . to demonstrate inadequate representation.'" *Id.*

AWYC does not come close to meeting this standard. AWYC fails to offer "evidence of collusion, adversity of interest, nonfeasance, incompetence, or lack of financial resources." *See Miller v. Ghirardelli Chocolate Co.*, No. C 12-04936 LB, 2013 WL 6776191, at *8 (N.D. Cal. Dec. 20, 2013) (discussing facts that would overcome the presumption of adequate representation). Moreover, AWYC disregards the work Plaintiffs have already done in vigorously pursuing this case. AWYC ignores the detailed Complaint that Plaintiffs filed three months ago—which provides examples of Uber's misrepresentations regarding the safety of UberX, and explains how such statements mislead consumers. (*See*, *e.g.*, ECF No. 1 at ¶¶ 47-53.) Similarly, AWYC overlooks the thorough brief that Plaintiffs filed in opposition to Uber's motion to dismiss. (*See* ECF No. 31.) Moreover, AWYC disregards the fact that its Proposed Complaint-in-

---

[4] AWYC may wish to intervene simply to avoid the inconvenience of litigating its own separate lawsuit against Uber. Inconvenience, however, is not grounds for intervention of right. *See Blake v. Pallan*, 554 F.2d 947, 954 (9th Cir. 1977) ("Mere inconvenience to [proposed intervenor] caused by requiring him to litigate separately is not the sort of adverse practical effect contemplated by Rule 24(a)(2).").

1  Intervention simply rehashes some of the same allegations[5] that Plaintiffs alleged in their
2  Complaint over three months ago.
3      All AWYC can muster for its argument that Plaintiffs are not adequately pursuing Uber for
4  its misrepresentations about safety is the contention that Plaintiffs' Complaint omitted allegations
5  regarding Uber's refusal to institute a protocol for transporting disabled passengers. (*See* Opp'n at
6  6 (*citing* ECF No. 32-2 at ¶ 93(c).)  This argument is without merit.  Again, this litigation revolves
7  around Uber's false advertising causing customers to spurn Plaintiffs' taxi cabs, and instead ride in
8  UberX cars.  (*See*, *e.g.*, ECF No. 1 at ¶ 2.)  AWYC's claim, to the contrary, appears to be that
9  disabled passengers *are not being transported in* UberX vehicles, as "likely some UBER drivers
10 refuse to provide rides to individuals with disabilities every day." (ECF No. 32-2 at ¶ 93(c).)  This
11 assertion about Uber's refusal to transport disabled passengers simply does not fit into Plaintiffs'
12 claim that Uber has gained customers through false advertising.
13      AWYC—who seeks to propose new claims against a new defendant, and who wishes to
14 inject complex extraneous issues into this litigation—does not have a "right" to intervene.

15 **B.     AWYC IS NOT ENTITLED TO PERMISSIVE INTERVENTION**

16      A court may only grant permissive intervention when a proposed intervenor establishes
17 "'(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or
18 defense, and the main action, have a question of law or a question of fact in common.'" *Perry v.*
19 *Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009) (citation omitted).  Even
20 when these basic requirements are satisfied, however, "the court may also consider other factors in
21 the exercise of its discretion, including 'the *nature and extent* of the intervenors' interest.'" *Id.*
22 (*quoting Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)) (emphasis
23 added).  Moreover, a request for permissive intervention "*requires* that the court 'consider whether
24 the intervention will unduly delay or prejudice the adjudication of the original parties' rights.'" *Id.*

---

[5] *See*, *e.g.*, ECF No. 32-2 at ¶ 78 ("UBER engaged in false advertising by making and disseminating statements to consumers to the effect that its drivers were subject to more rigorous backgrounds checks and its rides were 'safer' than taxi rides, or the 'safest' ride available.").

1 (emphasis in original) (*citing* Fed. R. Civ. P. 24(b)(3)).

2 This Court should not grant permissive intervention. For one, AWYC does not even try to articulate the "nature and extent of" AWYC's purported interest in this case. The reason for this is clear. AWYC's interest in Plaintiffs' lawsuit (if any) is nominal. AWYC's case revolves around challenging the regulatory authority that allows Uber to operate in California—a complex topic not at issue in Plaintiffs' false adverting case against Uber. *See Mishewal Wappo Tribe*, *supra*, 534 Fed.App'x at 668 (finding permissive intervention inappropriate because "[t]he regulatory, sovereignty, and taxation interests that the [the intervenors] seek to enforce are unrelated to the subject matter of the [original] action.").[6]

Moreover, AWYC fails to acknowledge that intervention will dramatically impede the progress and resolution of this case, and will prejudice the 19 Plaintiffs looking to move forward with their case. *See* Fed. R. Civ. P. 24(b)(3). Permissive intervention should be denied where it would "necessitate the consideration of extraneous legal and factual issues that [a plaintiff's] lawsuit would not otherwise invoke." *UMG Recordings, Inc. v. Bertelsmann AG*, 222 F.R.D. 408, 414, 415 (N.D. Cal. 2004) (denying permissive intervention where proposed intervenor's "allegations would divert time and resources from the principal thrust of [plaintiff's] lawsuit and entangle the legal and factual issues involved therein within a web that is not of the original parties' making"). Put slightly differently, a request for permissive intervention should be rejected where a proposed intervenor "seeks to add new claims . . .[,] [h]er intervention would require additional discovery which would push back deadlines and delay the resolution of [the] case[,] [and] [j]udicial economy would suffer with the addition of [her] new claims and issues." *Hanni v. Am. Airlines, Inc.*, No. C 08-00732 CW, 2010 WL 289297, at *7 (N.D. Cal. Jan. 15, 2010).

---

[6] To the extent that AWYC's false advertising claim triggers an isolated interest in the subject matter of Plaintiffs' Complaint, permissive intervention still should be denied because—as explained above—Plaintiffs can adequately represent that interest. *See Ramirez v. Manpower, Inc.*, No. 13-CV-02880-BLF, 2014 WL 3378306, at *7 (N.D. Cal. July 10, 2014) (finding that one factor courts consider in evaluating a motion for permissive intervention is "'whether the intervenor['s] interests are adequately represented by other parties'") (*quoting Perry v. Schwarzenegger*, 630 F.3d 898, 905 (9th Cir. 2011)).

1  While AWYC correctly recites this case's procedural history (*see* Opp'n at 8),[7] it fails to account for the fact that intervention would transform this action from a lawsuit premised on false advertising about the safety of UberX into complicated, multifaceted litigation that (1) attacks Uber's "surge pricing" model, (2) seeks relief under the Equal Protection and Due Process Clauses, and (3) challenges the validity of a CPUC decision. (*See*, *e.g.*, ECF No. 32-2 at ¶¶ 53(a), 103(a) and (b).)  The addition of these claims and issues would complicate the case that Plaintiffs filed, delay its resolution, and would prejudice Plaintiffs. *See United States v. Ballantyne*, No. 13CV53 BTM BLM, 2013 WL 4716234, at *5 (S.D. Cal. Sept. 3, 2013) (denying a request for permissive intervention, and stating: "[T]he Court tends to agree . . . that [the proposed intervenor's] participation in this action would unduly complicate the issues in this litigation and potentially prolong the lawsuit. The Court suspects that [the proposed intervenor] would attempt to shift the focus of the litigation . . . .").

Refusing to recognize that its lawsuit simply is different from Plaintiffs' case, AWYC argues that intervention is appropriate in light of this Court's order deeming Plaintiffs' case related to the *Philliben v. Uber* litigation. (Opp'n at 9.)  AWYC insists the related case ruling is relevant because AWYC's case purportedly has more in common with Plaintiffs' lawsuit than the *Philliben* case.  This argument is misguided for several reasons.  For one, AWYC completely mischaracterizes the *Philliben* lawsuit as "a class action of drivers seeking relief on employment-related claims." (Opp'n at 9.)  This is incorrect, as the *Philliben* lawsuit was brought on behalf of *consumers* who allege that they were misled by Uber's *representations regarding safety*.[8]

---

[7] AWYC does, however, mischaracterize its communication with Plaintiffs' counsel regarding AWYC's request that Plaintiffs stipulate to intervention.  In particular, AWYC fails to mention several communications between Plaintiffs' counsel and AWYC's counsel, in which Plaintiffs' counsel (1) made clear that he would evaluate whether intervention was procedurally appropriate, and (2) gave a firm timeframe in which he would respond to AWYC's stipulation request.  (*See* Declaration of Benjamin E. Shiftan, ¶¶ 3-8.)

[8] *See Philliben v. Uber*, Case No. 3:14-cv-5615-JST at ECF No. 1 at ¶ 1 ("Plaintiffs bring this action on behalf of themselves and a class of similarly situated individuals who were subjected to Uber's illegal and deceptive practice of misrepresenting to consumers its 'Safe Rides Fee' and the nature and character of the background checks and safety measures conducted in association (footnote continued)

1 Furthermore, AWYC misplaces emphasis on the related case order, given that AWYC is, of
2 course, not seeking to deem its case related to Plaintiffs' lawsuit. Rather, AWYC is trying to
3 *intervene in* Plaintiffs' lawsuit—an entirely different procedure with a completely different legal
4 standard. *Compare* Fed.R.Civ.P. 24 *with* N.D. Cal. Civ. L.R. 3-12(a).[9]

5      "The intervention rule is . . . not intended to allow the creation of whole new lawsuits by
6 the intervenors." *S. California Edison Co. v. Lynch*, 307 F.3d 794, 804 (9th Cir. 2002). Yet, that is
7 precisely what AWYC seeks to do. This attempt should be rejected.

## IV. **CONCLUSION**

9      According to its motion, AWYC "intends to present its claim one way or another." (Opp'n
10 at 10.) Plaintiffs do not wish to stand in the way. However, given the nature of AWYC's
11 "claim"—a proposed lawsuit against a California regulatory agency that pertains to the
12 constitutionality of a regulatory decision, and raises a myriad of other complex issues—Plaintiffs'
13 false advertising case is not the proper forum for AWYC to pursue its relief. AWYC should file
14 its own case. The motion to intervene should be denied in its entirety.

---

therewith.").

[9] In any event, AWYC's lawsuit is not "related" to this case, as—for all the reasons set forth above—it does not "concern *substantially* the same parties, property, transaction or event," and there will not be "an unduly burdensome duplication of labor and expense" if AWYC's case proceeds before a different judge. *See* N.D. Cal. Civ. L.R. 3-12(a) (emphasis added).

DATED: July 2, 2015

*/s/ Benjamin E. Shiftan*
BRUCE L. SIMON (Bar No. 96241)
  bsimon@pswlaw.com
BENJAMIN E. SHIFTAN (Bar No. 265767)
  bshiftan@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
44 Montgomery Street, Suite 2450
San Francisco, California 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008

CHRISTOPHER B. DOLAN (Bar No. 165358)
  chris@cbdlaw.com
**THE DOLAN LAW FIRM**
1438 Market Street
San Francisco, California 94102
Telephone: (415) 421-2800
Facsimile: (415) 421-2830

Attorneys for Plaintiffs