1  BRUCE L. SIMON (Bar No. 96241)
     bsimon@pswlaw.com
2  BENJAMIN E. SHIFTAN (Bar No. 265767)
     bshiftan@pswlaw.com
3  **PEARSON, SIMON & WARSHAW, LLP**
   44 Montgomery Street, Suite 2450
4  San Francisco, California 94104
   Telephone: (415) 433-9000
5  Facsimile:  (415) 433-9008

6  CHRISTOPHER B. DOLAN (Bar No. 165358)
     chris@cbdlaw.com
7  **THE DOLAN LAW FIRM**
   1438 Market Street
8  San Francisco, California 94102
   Telephone: (415) 421-2800
9  Facsimile:  (415) 421-2830

10  Attorneys for Plaintiffs

IRELL & MANELLA LLP
Andra Barmash Greene (123931)
  agreene@irell.com
A. Matthew Ashley (198235)
  mashley@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, California 92660
Telephone:    (949) 760-0991
Facsimile:    (949) 760-5200

Attorneys for Defendants

11                    **UNITED STATES DISTRICT COURT**

12      **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

13  L.A. Taxi Cooperative, Inc. dba Yellow Cab
    Co.; Administrative Services SD, LLC dba
14  Yellow Radio Service; All Yellow Taxi, Inc.
    dba Metro Cab; American Cab, LLC;
15  American Cab, LLC dba Pomona Valley
    Yellow Cab; Bell Cab Company, Inc.; Big
16  Dog City Corporation dba Citywide Dispatch,
    Citywide Taxi, and Big Dog Cab; Cabco
17  Yellow, Inc. dba California Yellow Cab; C&J
    Leasing, Inc. dba Royal Taxi; G&S Transit
18  Management, Inc.; Gorgee Enterprises, Inc.;
    LA City Cab, LLC; Long Beach Yellow Cab
19  Co-operative, Inc.; Network Paratransit
    Systems, Inc.; South Bay Co-operative, Inc.
20  dba United Checker Cab; Taxi Leasing, Inc.
    dba Yellow Cab of Ventura County; Tri-City
21  Transportation Systems, Inc.; Tri Counties
    Transit Corporation dba Blue Dolphin Cab of
22  Santa Barbara, Yellow Cab of Santa Maria,
    and Yellow Cab of San Luis Obispo; and
23  Yellow Cab of South Bay Co-operative, Inc.
    dba South Bay Yellow Cab,

24
                    Plaintiffs,
25        vs.

26  Uber Technologies, Inc.; Rasier, LLC; and
    Rasier-CA, LLC,
27
                    Defendants.
28

CASE NO. 3:15-cv-01257-JST

**JOINT CASE MANAGEMENT STATEMENT**

Date:     July 22, 2015
Time:     2:00 p.m.
Crtrm.:   9, 19th Floor

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

1    Plaintiffs L.A. Taxi Cooperative, Inc. dba Yellow Cab Co.; Administrative Services SD,

2  LLC dba Yellow Radio Service; All Yellow Taxi, Inc. dba Metro Cab; American Cab, LLC;

3  American Cab, LLC dba Pomona Valley Yellow Cab; Bell Cab Company, Inc.; Big Dog City

4  Corporation dba Citywide Dispatch, Citywide Taxi, and Big Dog Cab; Cabco Yellow, Inc. dba

5  California Yellow Cab; C&J Leasing, Inc. dba Royal Taxi; G&S Transit Management, Inc.;

6  Gorgee Enterprises, Inc.; LA City Cab, LLC; Long Beach Yellow Cab Co-operative, Inc.;

7  Network Paratransit Systems, Inc.; South Bay Co-operative, Inc. dba United Checker Cab; Taxi

8  Leasing, Inc. dba Yellow Cab of Ventura County; Tri-City Transportation Systems, Inc.; Tri

9  Counties Transit Corporation dba Blue Dolphin Cab of Santa Barbara, Yellow Cab of Santa

10  Maria, and Yellow Cab of San Luis Obispo; and Yellow Cab of South Bay Co-operative, Inc. dba

11  South Bay Yellow Cab (collectively, "Plaintiffs") and Defendants Uber Technologies, Inc.;

12  Rasier, LLC; and Rasier-CA, LLC (collectively, "Uber") respectfully submit this Joint Case

13  Management Statement pursuant to Local Civil Rule 16-9.

## 1.    Jurisdiction and Service

This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 (Lanham Act

claims) and 28 U.S.C. § 1331 (federal question claims).  This Court also has supplemental subject

matter jurisdiction with respect to the state law claims pursuant to 28 U.S.C. § 1367.  All

Defendants have been served.

## 2.    Facts

**Plaintiffs**:  Plaintiffs are a group of California taxi cab companies.  Plaintiffs allege that

Uber issues false and misleading advertisements regarding the safety of rides on Uber's "UberX"

platform, and disparaging the safety of taxi rides offered by taxi cab companies.  Plaintiffs contend

that Uber's advertising campaign causes major financial harm to Plaintiffs in various ways.  For

example, Plaintiffs allege that potential customers of Plaintiffs—who, due to Uber's

misrepresentations, mistakenly believe that they will get a safer ride by hiring an UberX ride—

spurn Plaintiffs' taxi cabs for UberX rides, resulting in lost revenue for Plaintiffs.  In addition,

Plaintiffs assert that Uber's misrepresentations cause major reputational harm to Plaintiffs, as

864255.1

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Uber's unlawful advertising causes consumers to doubt the safety of Plaintiffs' taxi cab rides, and to have, overall, a diminished view of Plaintiffs and their taxi cabs.  On March 18, 2015, Plaintiffs filed their Complaint against Uber.

**Uber**:  Uber Technologies, Inc. is a technology company that enables riders to request transportation services from third-party transportation providers.  Using Uber's technology platform, riders can request transportation services from their smartphones via the Uber App, and these requests are then transmitted to independent transportation providers in the area who are available to receive transportation requests.  Rasier, LLC is a Transportation Network Company that is licensed by the California Public Utilities Commission.  Uber denies Plaintiffs' allegations that the statements at issue are false and/or misleading.  Uber also denies that these statements caused lost revenue, reputational harm, or any other form of financial harm to Plaintiffs.

**3.**     **Legal Issues**

**Plaintiffs**:  Plaintiffs allege the following causes of action:

- The Lanham Act (15 U.S.C. § 1125(a))

- The California Unfair Competition Law (Cal. Bus. and Prof. Code, § 17200)

- The California False Advertising Law (Cal. Bus. and Prof. Code, § 17500)

Plaintiffs believe that Uber's advertising campaign—which trumpets the safety of rides on the UberX platform, and disparages the safety of taxi rides offered by taxi cab companies—is actionable.  *See Skydive Arizona, Inc. v. Quattrocchi*, 673 F.3d 1105, 1110-1114 (9th Cir. 2012); *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937-940 (9th Cir. 2008); *Hauter v. Zogarts*, 14 Cal.3d 104, 111-113 (1975).  As articulated in Plaintiffs' Opposition to Uber's Motion to Dismiss, Plaintiffs disagree with Uber's arguments set forth below. (*See* ECF No. 31.)

**Uber**:  Uber denies that it violated the Lanham Act, California Unfair Competition Law, or California False Advertising Law, and contends that Plaintiffs cannot meet the elements of their claims.  Further, the challenged safety statements (aside from being true) constitute classic puffery because they are general and aspirational, not "specific" and "measurable" as Ninth Circuit law requires.  *See Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731 (9th Cir.

1999).  Several of the challenged statements also do not constitute commercial advertising.  *See Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1181 (9th Cir. 2003).  In addition, Uber contends that Plaintiffs lack standing to pursue an Unfair Competition Claim, and that restitution is not available to Plaintiffs because Plaintiffs' alleged expectation that they would have profited from Uber's customers does not constitute the requisite property interest to obtain restitution.  *See ZL Technologies, Inc. v. Gartner, Inc.*, No. CV 09-02393 JF (RS), 2009 WL 3706821, at *11 (N.D. Cal. Nov. 4, 2009); *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149 (2003).

Uber reserves the right to assert any additional defenses that arise from the discovery process.

**4.     Motions**

- This Court has granted Uber's administrative motion to relate this case to *Philliben v. Uber*, N.D. Cal. Case No. 14-cv-05615-JST.  (ECF No. 36.)

- Uber filed a motion to dismiss on May 14, 2015.  (ECF No. 16.)  The motion has been fully briefed, and oral argument is set for July 9, 2015.

- Proposed intervenor A White and Yellow Cab, Inc. dba A Taxi Cab and 1-800-4 My Taxi filed a motion to intervene on June 18, 2015. (ECF No. 32.)  The motion has not yet been fully briefed.  Oral argument is set for July 30, 2015.

Plaintiffs and Uber anticipate that they will file motions as appropriate, including motions for summary judgment or partial summary judgment, discovery motions, and pretrial motions including motions *in limine*.

**5.     Amendment of Pleadings**

Plaintiffs are still evaluating whether to amend the Complaint to add claims and/or parties. Plaintiffs propose an amendment deadline of October 16, 2015.  Uber is evaluating counterclaims, and to the extent they are not asserted in Uber's answer, Uber reserves the right to seek leave to add counterclaims as discovery develops.

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

**6.     Evidence Preservation**

The parties have reviewed the Court's Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred regarding initial steps to preserve evidence.

**7.     Disclosures**

The parties will exchange their initial disclosures by July 22, 2015.

**8.     Discovery**

No discovery has been taken to date.  The parties will exchange their initial disclosures by July 22, 2015.  The parties are evaluating whether a stipulated e-discovery order is appropriate for this case.  All forms of discovery provided for in the Federal Rules of Civil Procedure will be allowed.  Uber contends that, given the number of parties, a deviation from the number of interrogatories and depositions provided for in the Federal Rules of Civil Procedure may be necessary.  Uber also contends that it may be appropriate to discuss coordination of discovery with the related cases.  Plaintiffs have agreed to meet and confer on these issues.

**9.     Class Actions**

Not applicable.

**10.     Related Cases**

This Court has granted Uber's administrative motion to relate this case to *Philliben v. Uber*, N.D. Cal. Case No. 14-cv-05615-JST.  (*Philliben* ECF No. 36.).  *Mena v. Uber*, N.D. Cal. Case No. 3:15-cv-00064-JST, and *Sabatino v. Uber*, N.D. Cal. Case No. 3:15-cv-00064-JST, have also been related to *Philliben v. Uber* (*Philliben* ECF No. 23).

JOINT CASE MANAGEMENT STATEMENT

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

**11.    Relief**

**Plaintiffs**:  Plaintiffs are currently seeking compensatory damages, treble damages, lost profits, Uber's profits, restitution, restitutionary disgorgement, injunctive relief, pre-judgment and post-judgment interest, costs, reasonable attorneys' fees, and other or further relief as may be just and proper.  Plaintiffs are still investigating and calculating their damages.

**Uber**:  Uber reserves the right to assert counterclaims against Plaintiffs as discovery develops and may seek to recover attorneys' fees and costs expended in the defense of this matter. Uber contends that Plaintiffs' claims lack merit and Plaintiffs are thus not entitled to any damages.

**12.    Settlement and ADR**

The parties have agreed to engage in private mediation.  (ECF No. 18.)  The parties are negotiating the selection of an appropriate mediator.  The mediation will occur by August 31, 2015.

**13.    Consent to Magistrate Judge For All Purposes**

The parties do not all consent to have a magistrate judge conduct all further proceedings in these actions.

**14.    Other References**

At this time the parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.  Uber contends that, if similar claims continue to be asserted by other taxi plaintiffs in other venues, the case could later become suitable for reference to the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

The parties submit that it is premature to formulate any specific proposals at this time.

**16.    Expedited Trial Procedure**

The parties do not believe that the Expedited Trial Procedure of General Order No. 64 should apply to this case.

## 17.    <u>Scheduling</u>

| Event | Plaintiffs' Proposed Date | Defendants' Proposed Date |
|---|---|---|
| Initial Disclosures | July 22, 2015 | July 22, 2015 |
| Amendment of the Pleadings | October 16, 2015 | October 16, 2015, with Uber reserving the right to seek leave to add counterclaims as discovery develops. |
| Designation of Experts | June 17, 2016 | September 30, 2016 |
| Discovery Cut-off for Non-Expert Discovery | July 15, 2016 | October 28, 2016 |
| Discovery Cut-off for Expert Discovery | August 19, 2016 | November 30, 2016 |
| Hearing of Dispositive Motions | October 6, 2016 | February 23, 2017 |
| Pre-trial Conference | October 21, 2016 | March 17, 2017 |
| Trial | November 7, 2016 | April 3, 2017 |

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

864255.1

3:15-cv-01257-JST

JOINT CASE MANAGEMENT STATEMENT

**18.    Trial**

Plaintiffs requested a trial by jury in the Complaint.  Plaintiffs estimate approximately three to four weeks for the trial.  Uber contends that, depending on the claims remaining at trial, the case may be tried to the Court.

**19.    Disclosure of Non-Party Interested Entities or Persons**

Plaintiffs and Uber filed Certificates of No Interested Entities or Persons on March 18, 2015 and May 14, 2015, respectively.   The parties stated: "Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report." (ECF Nos. 3, 17.)

**20.    Professional Conduct**

The attorneys have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DATED: July 8, 2015

*/s/ Benjamin E. Shiftan*
BRUCE L. SIMON (Bar No. 96241)
  bsimon@pswlaw.com
BENJAMIN E. SHIFTAN (Bar No. 265767)
  bshiftan@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
44 Montgomery Street, Suite 2450
San Francisco, California 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008

CHRISTOPHER B. DOLAN (Bar No. 165358)
  chris@cbdlaw.com
**THE DOLAN LAW FIRM**
1438 Market Street
San Francisco, California 94102
Telephone: (415) 421-2800
Facsimile: (415) 421-2830

Attorneys for Plaintiffs

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

864255.1

JOINT CASE MANAGEMENT STATEMENT

1

/s/ A. Matthew Ashley
A. MATTHEW ASHLEY (Bar No. 198235)
   mashley@irell.com
ANDRA BARMASH GREENE (Bar No. 123931)
   agreene@irell.com
**IRELL & MANELLA, LLP**
840 Newport Center Drive, Suite 400
Newport Beach, California 92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

Attorneys for Defendants

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

1

**ECF ATTESTATION**

2        I, Nathaniel Lipanovich, am the ECF user whose ID and password are being used to file

3  this JOINT CASE MANAGEMENT STATEMENT.  I hereby attest that I received authorization

4  to insert the signatures indicated by a conformed signature (/s/) within this e-filed document.

5                            By:    /s/  Nathaniel Lipanovich
                                        Nathaniel Lipanovich
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104