1

2

3

4              UNITED STATES DISTRICT COURT

5             NORTHERN DISTRICT OF CALIFORNIA

6

7    L.A. TAXI COOPERATIVE, INC., et al.,          Case No.  15-cv-01257-JST

         Plaintiffs,

8

       v.                                          **ORDER DENYING MOTION FOR**

9                                                  **LEAVE TO FILE COMPLAINT-IN-**
                                                   **INTERVENTION**
10   UBER TECHNOLOGIES, INC., et al.,

11       Defendants.                               Re: ECF No. 32

12          Before the Court is a Motion for Order Granting Leave to File Complaint-in-Intervention,

13   filed by A White and Yellow Cab, Inc. ("A TAXI").  ECF No. 32.  Plaintiffs oppose motion.  ECF

14   No. 36.  Defendants have filed a statement of nonopposition.  ECF No. 37.  The Court will deny

15   the motion.

16   **I.      BACKGROUND**

17          Plaintiffs are nineteen California corporations and limited liability companies that provide

18   taxi services throughout California, including San Francisco County, Los Angeles County, and

19   San Diego County.  Compl., ECF No. 1, ¶ 4, 11-29, 34.  Defendant Uber Technologies, Inc.

20   ("Uber") is a transportation network company that uses a smart phone application ("app") to

21   connect passengers looking for rides with drivers willing to provide rides.  Id. ¶¶ 5, 30.

22   Defendants Rasier, LLC and Rasier-CA, LLC are subsidiaries of Uber.[1]  Id. ¶¶ 31-32.  The parties

23   operate in the same cities and counties, and vie for the same customers.  Id. ¶¶ 36-37.

24          Plaintiffs allege that Uber's advertising campaign "puts forth false and misleading

25   advertisements regarding the safety of rides on Uber's 'UberX' platform, and disparaging the

26   safety of taxi rides offered by taxi cab companies."  Id. ¶ 1.  They state that Uber's

27

28   [1] This Order refers to Defendants collectively as "Uber."

United States District Court
Northern District of California

1  misrepresentations about safety cause Plaintiffs to lose significant revenue and suffer reputational

2  injury because customers choose to use Uber rather than taking a taxi. Id. ¶¶ 102-06. Plaintiffs'

3  complaint, filed on March 18, 2015, alleges violations of (1) the Lanham Act, 15 U.S.C.

4  § 1125(a); (2) California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 ("FAL"); and

5  (3) California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL"). Id. ¶¶ 110-

6  39. On July 17, 2015, in an order granting in part and denying in part Defendants' motion to

7  dismiss, the Court dismissed the Lanham Act claim only to the extent it was based on protected

8  speech in the media; dismissed the UCL claim; and struck Plaintiffs' claim for restitution pursuant

9  to the FAL. ECF No. 44 at 18.

10      Proposed Complainant-in-Intervention A TAXI is a taxi cab company based in Orange

11  County. Proposed Complaint-in-Intervention ("Proposed Compl."), ECF No. 32-2, ¶ 1. A TAXI

12  seeks an order granting it leave to intervene as a matter of right pursuant to Federal Rule of Civil

13  Procedure 24(a) or, in the alternative, through permissive intervention pursuant to Federal Rule of

14  Civil Procedure 24(b). ECF No. 32. The proposed complaint-in-intervention alleges that Uber's

15  "unfair business, trade practices, and false advertising acts" cause direct harm and damage to A

16  TAXI. Proposed Compl. ¶ 1. It also alleges that the California Public Utilities Commission

17  ("CPUC") allows Uber to operate a de facto taxi service in direct competition with A TAXI,

18  without requiring Uber to comply with taxi cab regulations, effectively depriving A TAXI of its

19  right to engage in business. Id. ¶ 2. The proposed complaint-in-intervention alleges claims:

20  (1) against Uber, for violation of the UCL by means of unfair pricing competition, unfair cost

21  expenditure requirements, disregard of numerical limits for licensed taxi cabs, and unfair and

22  deceptive advertising; (2) against Uber, for violation of the Unfair Practices Act by operating as a

23  de facto taxi company without complying with taxi cab regulations and ordinances; (3) against

24  Uber, for violation of the Lanham Act by making false or misleading statements concerning safety

25  and pricing in its commercial advertisements; (4) against Uber, for violation of the FAL by

26  making false statements concerning safety; (5) against the CPUC, for a declaratory judgment

27  pursuant to 28 U.S.C. section 2201 invalidating CPUC Decision 13-09-045 (creating a new class

28  of licensing for "Transportation Network Companies"), and declaring it void as unconstitutional

United States District Court
Northern District of California

and unconstitutionally vague; (6) against the CPUC, for denial of A TAXI's equal protection and due process rights in violation of 42 U.S.C. section 1983.  Id. ¶¶ 49-105.  A TAXI seeks damages; temporary, preliminary, and permanent injunctive relief; declaratory relief; and attorney's fees and costs.

## II.     INTERVENTION AS A MATTER OF RIGHT

### A.     Legal Standard

Federal Rule of Civil Procedure 24(a)(2) provides for intervention as a matter of right where the potential intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  The Ninth Circuit has summarized the requirements for intervention as of right under Rule 24(a)(2) as follows:

> (1) [T]he [applicant's] motion must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

Freedom from Religion Found. v. Geithner, 644 F.3d 836, 841 (9th Cir. 2011) (quoting California ex rel. Lockyer v. United States, 450 F.3d 436, 440 (9th Cir. 2006)).  Proposed intervenors must satisfy all four criteria; "[f]ailure to satisfy any one of the requirements is fatal to the application." Perry v. Proposition 8 Official Proponents, 587 F.3d 947, 950 (9th Cir. 2009).  In evaluating motions to intervene, "courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention."  United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004).  "Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections."  Sw. Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 820 (9th Cir. 2001).

**B.     Discussion**

**1.     Timeliness**

Plaintiffs do not dispute that the timing of A TAXI's motion to intervene, which was filed three months after the complaint and before discovery had commenced, has not prejudiced the existing parties to this litigation.  ECF No. 36.  The Court concludes that that the motion is timely.  See Alisal, 370 F.3d at 921 (timeliness determination is based on the stage of the proceeding at which an applicant seeks to intervene, prejudice to the other parties, and the reason for and length of the delay).

**2.     A TAXI's Interest**

An applicant generally has a "significantly protectable interest" when its interest is "protectable under some law," and "there is a relationship between the legally protected interest and the claims at issue."  Arakaki v. Cayetano, 324 F.3d 1078, 1084 (9th Cir. 2003).  "An applicant generally satisfies the 'relationship' requirement only if the resolution of the plaintiff's claims actually will affect the applicant."  Donnelly v Glickman, 159 F.3d 405, 410 (9th Cir. 1998).

Here, A TAXI has a "significantly protectable" interest in the false advertising claims that are the subject matter of this litigation because its interests are protected by law, and because there is a relationship between A TAXI's interest and the Plaintiffs' claims.  Plaintiffs and A TAXI similarly allege that Uber's false advertising statements mislead their potential customers about the relative safety of Uber and taxi rides, causing customers to choose Uber instead of a taxi.  Compare Compl. ¶¶ 1-2, 34-106, with Proposed Compl. ¶¶ 47, 53(d), 69-71, 78-81.

A TAXI asserts an array of additional claims, including claims relating to Uber's allegedly unfair pricing and expenditures, as well as its failure to comply with taxi cab regulations and ordinances.  See Proposed Compl. ¶¶ 53(a-c), 61.  A TAXI also asserts civil rights claims against the CPUC and seeks a declaratory judgment invalidating a CPUC decision concerning Uber as unconstitutional.  Id. ¶¶ 83-105.  A TAXI's interest in these proposed claims is unrelated to the false advertising claims asserted in Plaintiffs' suit.  While A TAXI is correct that, in Sierra Club v. EPA, the Ninth Circuit stated that a proposed intervenor ordinarily need not "show that the interest

United States District Court
Northern District of California

4

he asserts is one that is protected by the statute under which the litigation is brought," <u>Sierra Club</u> also "reaffirmed the requirement that some relationship exist between the legally protected interest and the claims at issue." <u>Sierra Club v. EPA</u>, 995 F.2d 1478, 1484 (9th Cir. 1993), <u>abrogated on other grounds by</u> <u>Wilderness Soc. v. U.S. Forest Serv.</u>, 630 F.3d 1173 (9th Cir. 2011); <u>Arakaki</u>, 324 F.3d at 1085; <u>see</u> ECF No. 40 at 6-7.  An intervenor "is not permitted to inject new, unrelated issues into the pending litigation." <u>Arakaki</u>, 324 F.3d at 1086.  Thus A TAXI does not have a significantly protectable interest beyond Plaintiffs' false advertising claims.

### 3.    Whether Disposition May Impair or Impede Ability to Protect Interest

An applicant to intervene must be "so situated that disposing of the action may as a practical matter impair or impede" its ability to protect its interest.  Fed. R. Civ. P. 24(a)(2).  A possible stare decisis effect in the event that factual and legal determinations are reviewed on appeal "is an important consideration in determining the extent to which an applicant's interest may be impaired." <u>United States v. State of Oregon</u>, 839 F.2d 635, 638 (9th Cir. 1988).  Here, if Plaintiffs do not prevail, the case may "have a persuasive stare decisis effect in any parallel or subsequent litigation" involving taxi companies' false advertising claims against Uber. <u>Id.</u>  As to its false advertising claims, therefore, A TAXI has demonstrated that disposing of this action may, as a practical matter, impair or impede its ability to protect its interest.

### 4.    Adequacy of Representation

In determining the adequacy of the existing parties' representation, the Court considers three factors: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect. <u>Arakaki</u>, 324 F.3d at 1086.  The most important factor is "how the interest compares with the interests of existing parties." <u>Id.</u>  Although the applicant's burden of showing inadequacy of representation is generally "minimal," when the applicant and an existing party "have the same ultimate objective, a presumption of adequacy of representation arises." <u>Id.</u> (citing <u>League of United Latin Am. Citizens v. Wilson</u>, 131 F.3d 1297, 1305 (9th Cir. 1997)).  "If the applicant's interest is identical to that of one of the present parties, a

United States District Court
Northern District of California

5

compelling showing should be required to demonstrate inadequate representation." <u>Id.</u> For example, "[t]he presumption may be overcome by evidence of collusion, adversity of interest, nonfeasance, incompetence, or lack of financial resources." <u>Miller v. Ghirardelli Chocolate Co.</u>, No. 12-cv-04936-LB, 2013 WL 6776191, at *8 (N.D. Cal. Dec. 20, 2013) (collecting cases).

A TAXI has not overcome the presumption that the existing Plaintiffs, similarly situated taxi companies with identical objectives as to the false advertising claims against Uber, will adequately represent its interest. <u>Compare</u> Compl. ¶¶ 1-2, 34-106, <u>with</u> Proposed Compl. ¶¶ 47, 53(d), 69-71, 78-81; <u>see also</u> ECF No. 40 at 6 ("A TAXI and Plaintiff CABCO, INC.'s significant protectable interests "are virtually indistinguishable."), 9 ("in this case the interests of the plaintiffs in the lead case are aligned with those of A TAXI"), 13 ("all twenty of these taxi company plaintiffs have the same interests in mind"). A TAXI does not claim that the existing Plaintiffs are incompetent, have interests adverse to its own, or will fail to advance any specific argument related to false advertising. Instead, A TAXI argues that its interests are inadequately represented because Plaintiffs have failed to allege facts relating to Orange County's operating rules, CPUC regulations, and compliance with the Americans with Disabilities Act; and because Plaintiffs have failed to challenge the constitutionality of the CPUC's actions. ECF No. 32 at 5-6. But the question is whether existing parties adequately represent A TAXI's "significantly protectable" interest in the false advertising claims in this lawsuit, and none of these allegations relate to those claims. <u>See</u> Fed. R. Civ. P. 24(a)(2); <u>Arakaki</u>, 324 F.3d at 1086. While A TAXI believes that Plaintiffs "would do better to include the additional claims," ECF No. 40 at 10, this does not mean that Plaintiffs will provide inadequate representation as to the claims at issue in the current suit, and differences in litigation strategy "are not enough to justify intervention as a matter of right." <u>Perry</u>, 587 F.3d at 954 (quoting <u>United States v. City of Los Angeles</u>, 288 F.3d 391, 402-03 (9th Cir. 2002)).

Because A TAXI has not demonstrated that its interest relating to the subject matter of this action is inadequately represented by the existing parties, the motion to intervene as of right is denied. <u>Id.</u> at 950 ("Failure to satisfy any one of the requirements is fatal to the application").

United States District Court
Northern District of California

6

III.   **PERMISSIVE INTERVENTION**

   A.   **Legal Standard**

   Pursuant to Federal Rule of Civil Procedure 24(b)(1), "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Permissive intervention "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action."  Freedom from Religion Found., 644 F.3d at 843 (quoting Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.3d 470, 473 (9th Cir. 1992)).  "Even if an applicant satisfies those threshold requirements," however, "the district court has discretion to deny permissive intervention."  Donnelly, 159 F.3d at 412.  "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).  "[T]he court may also consider other factors in the exercise of its discretion, including 'the nature and extent of the intervenors' interest' and 'whether the intervenors' interests are adequately represented by other parties.'"  Perry, 587 F.3d at 955 (quoting Spangler v. Pasadena City Bd. of Educ., 552 F.2d 1326, 1329 (9th Cir. 1977)).

   B.   **Discussion**

   Plaintiffs do not dispute that A TAXI meets the three threshold requirements for permissive intervention.  They argue, however, that the Court should deny permissive intervention because A TAXI's "case revolves around challenging the regulatory authority that allows Uber to operate in California — a complex topic not at issue in Plaintiffs' false advertising case against Uber."  ECF No. 36 at 7.  They contend that "intervention will dramatically impede the progress and resolution of this case, and will prejudice the 19 Plaintiffs looking to move forward with their case."  Id.

   The Court agrees that intervention will unduly delay and prejudice the adjudication of the original parties' case.  See Fed. R. Civ. P. 24(b)(3).  The inclusion of A TAXI's additional claims would "necessitate the consideration of extraneous legal and factual issues that [Plaintiffs'] lawsuit would not otherwise invoke," including questions relating to fare calculations, Orange County's taxi regulations, and the constitutionality of CPUC decision-making concerning Uber.  UMG

United States District Court
Northern District of California

7

1    Recordings, Inc. v. Bertelsmann AG, 222 F.R.D. 408, 414 (N.D. Cal 2004).  "Such allegations

2    would divert time and resources from the principal thrust of [Plaintiffs'] lawsuit and entangle the

3    legal and factual issues involved therein within a web that is not of the original parties' making."

4    Id. at 415; see also Hanni v. Am. Airlines, Inc., No. 08-cv-00732-CW, 2010 WL 289297, at *7

5    (N.D. Cal. Jan. 15, 2010) (concluding that judicial economy would suffer with the addition of a

6    proposed intervenor's new claims and issues because intervention would require additional

7    discovery, push back deadlines, and delay the resolution of the existing case); United States v.

8    Ballantyne, No. 13-cv-53-BTM (BLM), 2013 WL 4716234, at *5 (S.D. Cal. Sept. 3, 2013)

9    (denying motion for permissive intervention where the Court suspected that intervention would

10   unduly complicate and potentially prolong the lawsuit, as the prospective intervenor "would

11   attempt to shift the focus of the litigation" and "overshadow[]" the issues in the original suit).

12          The Court also notes that A TAXI has the option to bring a separate action against Uber,

13   and has declared its intention "to present its claim one way or another."  ECF No. 32 at 10.

14   "While hardly dispositive, [a prospective intervenor's] ability to pursue its claims through an

15   alternative mechanism without any prejudice to its own rights is significant in the context of a

16   motion to intervene brought by that party."  UMG Recordings, 222 F.R.D. at 415.  As for the false

17   advertising claims that may be affected by the existing litigation, as discussed above, A TAXI has

18   not demonstrated that its interests are inadequately represented by Plaintiffs.  See Perry, 587 F.3d

19   at 955 (in deciding a motion for permissive intervention, a court may consider the nature and

20   extent of the intervenor's interest and whether that interest is adequately represented by other

21   parties).

22          In these circumstances, the Court concludes that intervention would "unnecessarily delay

23   and complicate the case," Montgomery v. Rumsfeld, 572 F.2d 250, 255 (9th Cir. 1978), and would

24   prejudice the adjudication of the original parties' rights.  See Fed R. Civ. P. 24(b)(3).  The Court

25   therefore denies A TAXI's request for permissive intervention.

26   **IV.    ALTERNATIVE RELIEF REQUESTED ON REPLY**

27          On reply, A TAXI requests that the Court grant its motion and deem the proposed

28   complaint-in-intervention filed and served upon Uber or, in the alternative, "allow A TAXI to

8

intervene on the false advertising claims only and file the balance of its Complaint as a case 'Related' to the instant one, and/or consolidate the two cases for trial." ECF No. 40 at 14. As a preliminary matter, the Court does not consider new arguments and requests for relief made on reply, and the original motion did not propose partial intervention or consolidation for trial. See, e.g., TPK Touch Solutions, Inc. v. Wintek Electro-Optics Corp., No. 13-cv-02218-JST, 2013 WL 5289015, at *4 (N.D. Cal. Sept. 18, 2013). In any event, A TAXI does not explain the case management rationale for splitting its false advertising claims from the remainder of the claims in its own not-yet-filed case, and its request for relation and/or consolidation for trial is premature until it has filed a separate complaint in this district.

## CONCLUSION

For the foregoing reasons, the motion to intervene is denied.

IT IS SO ORDERED.

Dated: August 27, 2015

_____
JON S. TIGAR
United States District Judge