1  GEORGE GASCÓN, SBN 182345
   District Attorney of San Francisco
2  JUNE D. CRAVETT, SBN 105094
   Assistant Chief District Attorney
3  EVAN H. ACKIRON, SBN 164628
   Managing Assistant District Attorney
4  ERNST A. HALPERIN, SBN 175493
   NANCY TUNG, SBN 203236
5  SEAN M. KILEY, SBN 282075
   PHOEBE MAFFEI, SBN 271346
6  Assistant District Attorneys
   732 Brannan Street
7  San Francisco, California 94103
   Telephone: (415) 551-9545
8
   JACKIE LACEY, SBN 110808
9  District Attorney of the County of Los Angeles
   STANLEY PHILLIP WILLIAMS, SBN 106658
10 Head Deputy District Attorney
   HOON CHUN, SBN 132516
11 Assistant Head Deputy District Attorney
   JESSIE LEE ANN MCGRATH, SBN 131702
12 CHRISTOPHER CURTIS, SBN 236978
   Deputy District Attorneys
13 211 W. Temple Street, Suite 1000
   Los Angeles, CA 90012
14
   *Attorneys for Non-Party,*
15 The People of the State of California

16              UNITED STATES DISTRICT COURT
17            NORTHERN DISTRICT OF CALIFORNIA

18 | L.A. TAXI COOPERATIVE, INC., et al., |
19 |              Plaintiffs,             | Case No.  15-CV-01257-JST
20 | vs.                                  | THE PEOPLE OF THE STATE OF
21 | UBER TECHNOLOGIES, INC., et al.,     | CALIFORNIA'S NOTICE OF RELATED
   |                                      | CASE UNDER CALIFORNIA RULE OF
22 |              Defendants.             | COURT 3.300.
23
24
25
26
27

Non-party, the People of the State of California, by George Gascón, District Attorney for the City and County of San Francisco, and Jackie Lacey, District Attorney for the County of Los Angeles hereby submit the enclosed Notice of Related Case pursuant to California Rule of Court 3.300.  The Notice of Related Case is attached hereto as Exhibit A.

DATED: September 2, 2015                GEORGE GASCÓN
                                        District Attorney, City and County of San Francisco

                                        BY: /s/ Ernst A. Halperin_____
                                            Ernst A. Halperin
                                            Assistant District Attorney

The People of the State of California's
Notice of Related Case

# EXHIBIT A

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ernst A. Halperin    (Bar # 175493)<br>San Francisco District Attorney's Office<br>732 Brannan Street<br>San Francisco, CA 94103<br>TELEPHONE NO.: (415) 551-9545         FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* ernst.halperin@sfgov.org<br>ATTORNEY FOR *(Name):* The People of the State of California, Plaintiff | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME:

| PLAINTIFF/PETITIONER: THE PEOPLE OF THE STATE OF CALIFORNIA | CASE NUMBER:<br>CGC-14-543120 |
|---|---|
| DEFENDANT/RESPONDENT: UBER TECHNOLOGIES, INC., *et al.* | JUDICIAL OFFICER: |
| **AMENDED NOTICE OF RELATED CASE** | DEPT.: |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1.  a.  Title: *Leonid Goncharov et al. v. Uber Technologies, Inc.*

    b.  Case number: CGC-12-526017

    c.  Court:  [ X ]  same as above

      [  ]  other state or federal court *(name and address):*

    d.  Department:  305 before the Hon. Mary E. Wiss

    e.  Case type:  [  ] limited civil  [ X ] unlimited civil  [  ] probate  [  ] family law  [  ] other *(specify):*

    f.  Filing date:  November 9, 2012

    g.  Has this case been designated or determined as "complex?"  [ X ]  Yes  [  ]  No

    h.  Relationship of this case to the case referenced above *(check all that apply):*

      [  ]  involves the same parties and is based on the same or similar claims.

      [ X ]  arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      [  ]  involves claims against, title to, possession of, or damages to the same property.

      [  ]  is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

      [ X ]  Additional explanation is attached in attachment 1h

    i.  Status of case:

      [ X ]  pending

      [  ]  dismissed  [  ]  with  [  ]  without prejudice

      [  ]  disposed of by judgment

2.  a.  Title: *Vamsi Tadepalli v. Uber Technologies, Inc.*

    b.  Case number: CGC-14-543032

    c.  Court:  [ X ]  same as above

      [  ]  other state or federal court *(name and address):* United States District Court for the Northern District of California
      450 Golden Gate Avenue, San Francisco, CA 94102

    d.  Department:

Form Approved for Optional Use                              **NOTICE OF RELATED CASE**                    Page 1 of 10  Cal. Rules of Court, rule 3.300  *www.courtinfo.ca.gov*

CM-015

| PLAINTIFF/PETITIONER: THE PEOPLE OF THE STATE OF CALIFORNIA | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: UBER TECHNOLOGIES, INC. | 14-543120 |

2. *(continued)*

e. Case type: ☐ limited civil  ☒ unlimited civil  ☐ probate  ☐ family law  ☐ other *(specify):*

f. Filing date:  December 3, 2014

g. Has this case been designated or determined as "complex?"  ☐ Yes  ☒ No

h. Relationship of this case to the case referenced above *(check all that apply):*

   ☐ involves the same parties and is based on the same or similar claims.

   ☒ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

   ☐ involves claims against, title to, possession of, or damages to the same property.

   ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

      ☒ Additional explanation is attached in attachment 2h

i. Status of case:

   ☒ pending

   ☐ dismissed  ☐ with  ☐ without prejudice

   ☐ disposed of by judgment

3. a. Title: *Philliben v. Uber Technologies, Inc., et al.*

  b. Case number: 14-CV-05615 JST

  c. Court: ☐ same as above

      ☒ other state or federal court *(name and address):* United States District Court for the Northern District of California 450 Golden Gate Avenue, San Francisco, CA 94102

  d. Department:

  e. Case type: ☐ limited civil  ☐ unlimited civil  ☐ probate  ☐ family law  ☐ other *(specify):*

  f. Filing date:  December 23, 2014

  g. Has this case been designated or determined as "complex?"  ☐ Yes  ☐ No

  h. Relationship of this case to the case referenced above *(check all that apply):*

   ☐ involves the same parties and is based on the same or similar claims.

   ☒ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

   ☐ involves claims against, title to, possession of, or damages to the same property.

   ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

      ☒ Additional explanation is attached in attachment 3h

  i. Status of case:

   ☒ pending

   ☐ dismissed  ☐ with  ☐ without prejudice

   ☐ disposed of by judgment

4. ☒ Additional related cases are described in Attachment 4. Number of pages attached:

Date: September 2, 2015

Ernst A. Halperin, Assistant District Attorney          */s/ Ernst A. Halperin*

(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)         (SIGNATURE OF PARTY OR ATTORNEY)

*LexisNexis® Automated California Judicial Council Forms*

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| The People of the State of California v. Uber Technologies, Inc., *et al.* | CGC-14-543120 |

**ATTACHMENT 1h** *(This Attachment may be used with any Judicial Council form.)*

*Leonid Goncharov et al. v. Uber Technologies, Inc.* (SF Sup. Ct. No. CGC-12-526017) continued.

On December 9, 2014, the District Attorney for the City and County of San Francisco and the District Attorney for the County of Los Angeles commenced *People v. Uber Technologies, Inc., et al.*, (CGC-14-543120) in San Francisco Superior Court as a civil enforcement action on behalf of the People of the State of California against Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber"). The People filed a First Amended Complaint on August 18, 2015. The People are suing Uber over five unlawful business practices: (1) Misrepresenting the measures it takes to ensure customer safety; (2) Using a time and distance measuring device to calculate fares while ignoring repeated demands over a period of nearly five years to submit the device for certification by the California state agency charged by law with ensuring that measuring technology is accurate, reliable, and does not facilitate fraud; (3) Conducting operations at California airports without first obtaining the required permits from the airport authorities and despite receiving cease-and-desist letters from the airports and the California Public Utilities Commission; (4) Charging a fraudulent "Airport Fee Toll" to customers who travel to California airports when neither Uber nor its drivers pay a corresponding fee or toll for driving to the airport; and (5) Making misrepresentations regarding its $1.00 "Safe Rides Fee." The People allege violations of California Business and Professions Code section 17200, *et seq.*, and section 17500, *et seq.* The People seek civil penalties for each of these unlawful business acts and practices, injunctive relief, full restitution for all California consumers who paid any amount designated as an "Airport Fee Toll" which was not in fact charged by or paid to the airport authority, and full restitution for all California consumers who paid any amount designated as a "Safe Rides Fee."

On November 9, 2012, *Leonid Goncharov et al. v. Uber Technologies, Inc.* was filed in the San Francisco Superior Court as a putative class action brought on behalf of taxi drivers in the City and County of San Francisco against Uber Technologies, Inc. Plaintiffs filed a First Amended Complaint on July 2, 2013. Plaintiffs' suit alleges that Uber operates as an unauthorized taxi service by dispatching limousines or "Black Cars" which are not licensed to act as taxicabs in the City, and that Uber is acting as an unlicensed Charter Party Carrier. Plaintiff taxi drivers' complaint alleges that Uber's operations violate 12 separate provisions of the San Francisco Transportation Code, including Section 1113(f)(1)(2), by utilizing "GPS enabled iPhones in Black Cars or gypsy cars to determine distance and fares, in direct violation of the SF Code since the GPS devices act as illegal meters for taxi service." Plaintiffs taxi drivers' First Amended Complaint predates the California Utilities Commission's grant to an Uber subsidiary of a permit to operate as a Transportation Network Company within California, and on July 27, 2015 the Hon. Mary Wiss entered a case management order directing the parties to confer regarding "the status of pleadings, possible amendment of pleadings, and further motion practice" in advance of a case management conference scheduled for September 11, 2015.

The People's enforcement action and the *Goncharov* lawsuit have only one aspect in common: the *Goncharov* action complains of Uber's use of an unregulated measuring technology to calculate customer fares. There will likely be similar discovery sought and exchanged in both actions on this one issue only. Otherwise, the actions will differ substantially. The *Goncharov* plaintiffs complain of

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 3 of 12
*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| The People of the State of California v. Uber Technologies, Inc., *et al.* | CGC-14-543120 |

**ATTACHMENT 1h continued** *(This Attachment may be used with any Judicial Council form.)*

eleven separate violations of the San Francisco Transportation Code that are not at issue in the People's enforcement action, and the People's enforcement action seeks to remedy four unlawful business practices that are not at issue in the *Goncharov* plaintiffs' suit. Moreover, the plaintiffs in the *Goncharov* action will have to demonstrate standing for each member of the putative class under Proposition 64, and will have to engage in discovery and motion practice related to class certification. The People, on the other hand, have no such procedural barriers to overcome. Only the People can obtain civil penalties when businesses engage in unlawful business practices. Private plaintiffs cannot. Although one common factual issue will be raised in both lawsuits, many more factual and legal issues will be unique to each action.

**ATTACHMENT 2h**

*Vamsi Tadepalli v. Uber Technologies, Inc.* (SF Sup. Ct. Case No. CGC-14-543032) continued.

On December 9, 2014, the District Attorney for the City and County of San Francisco and the District Attorney for the County of Los Angeles commenced *People v. Uber Technologies, Inc., et al.*, (CGC-14-543120) in San Francisco Superior Court as a civil enforcement action on behalf of the People of the State of California against Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber"). The People filed a First Amended Complaint on August 18, 2015. The People are suing Uber over five unlawful business practices: (1) Misrepresenting the measures it takes to ensure customer safety; (2) Using a time and distance measuring device to calculate fares while ignoring repeated demands over a period of nearly five years to submit the device for certification by the California state agency charged by law with ensuring that measuring technology is accurate, reliable, and does not facilitate fraud; (3) Conducting operations at California airports without first obtaining the required permits from the airport authorities and despite receiving cease-and-desist letters from the airports and the California Public Utilities Commission; (4) Charging a fraudulent "Airport Fee Toll" to customers who travel to California airports when neither Uber nor its drivers pay a corresponding fee or toll for driving to the airport; and (5) Making misrepresentations regarding its $1.00 "Safe Rides Fee." The People allege violations of California Business and Professions Code section 17200, *et seq.*, and section 17500, *et seq.* The People seek civil penalties for each of these unlawful business acts and practices, injunctive relief, full restitution for all California consumers who paid any amount designated as an "Airport Fee Toll" which was not in fact charged by or paid to the airport authority, and full restitution for all California consumers who paid any amount designated as a "Safe Rides Fee."

On December 3, 2014, *Tadepalli v. Uber Technologies, Inc., et al.*, (CGC-14-543032) was commenced in San Francisco Superior Court as a putative class action against Uber Technologies Inc. The *Tadepalli* action is brought on behalf of a class of California residents. In the complaint, the plaintiff sets forth eight causes of action all related to Uber's practice of charging a $4.00 "SFO Airport Fee Toll." The plaintiff's first cause of action arises under 17200, *et seq.*, and the plaintiff seeks injunctive relief, as well as restitution, interest, and attorneys' fees.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 4 of 12
*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council Forms

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| The People of the State of California v. Uber Technologies, Inc., *et al.* | CGC-14-543120 |

**ATTACHMENT 2h continued** *(This Attachment may be used with any Judicial Council form.)*

The People's enforcement action and the *Tadepalli* lawsuit have only one thing in common: the *Tadepalli* action seeks to remedy one of the five unlawful business practices that are at issue in the People's enforcement action.  There will likely be similar discovery sought and exchanged in both actions on this one claim only.  Otherwise, the actions will differ substantially.  By way of example, the Plaintiff in the *Tadepalli* action will have to demonstrate standing for each member of the putative class under Proposition 64, will likely have to overcome the defense that the putative class agreed to arbitrate its claims, and will have to engage in discovery and motion practice related to class certification.  The People, on the other hand, have no such procedural barriers to overcome.  In addition, the unlawful "Airport Fee Toll," which represents the entirety of the private plaintiff's case, is but one of the five unlawful business practices that are at issue in the People's enforcement action.  Only the People can obtain civil penalties when businesses engage in unlawful business practices.  Private plaintiffs cannot.  Thus, some of the same factual and legal issues will be raised in both lawsuits, but many more issues will be unique to each action.

**ATTACHMENT 3h**

*Philliben, et al., v. Uber Technologies, Inc., et al.* (SF Sup. Ct. Case No.14-CV-05615-JST) continued.

On December 9, 2014, the District Attorney for the City and County of San Francisco and the District Attorney for the County of Los Angeles commenced *People v. Uber Technologies, Inc., et al.*, (CGC-14-543120) in San Francisco Superior Court as a civil enforcement action on behalf of the People of the State of California against Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber").  The People filed a First Amended Complaint on August 18, 2015.  The People are suing Uber over five unlawful business practices: (1) Misrepresenting the measures it takes to ensure customer safety; (2) Using a time and distance measuring device to calculate fares while ignoring repeated demands over a period of nearly five years to submit the device for certification by the California state agency charged by law with ensuring that measuring technology is accurate, reliable, and does not facilitate fraud; (3) Conducting operations at California airports without first obtaining the required permits from the airport authorities and despite receiving cease-and-desist letters from the airports and the California Public Utilities Commission; (4) Charging a fraudulent "Airport Fee Toll" to customers who travel to California airports when neither Uber nor its drivers pay a corresponding fee or toll for driving to the airport; and (5) Making misrepresentations regarding its $1.00 "Safe Rides Fee."  The People allege violations of California Business and Professions Code section 17200, *et seq.*, and section 17500, *et seq.*  The People seek civil penalties for each of these unlawful business acts and practices, injunctive relief, full restitution for all California consumers who paid any amount designated as an "Airport Fee Toll" which was not in fact charged by or paid to the airport authority, and full restitution for all California consumers who paid any amount designated as a "Safe Rides Fee."

On December 23, 2014, *Philliben, et al., v. Uber Technologies, Inc., et al.*, (14-CV-05615-DMR) was commenced in the United States District Court for the Northern District of California as a putative class action against Uber Technologies, Inc., and Rasier LLC.  The *Philliben* action is brought on behalf of a nationwide class.  The *Philliben* complaint includes allegations related to only two of the five unlawful

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 5 of  12
*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

LexisNexis® *Automated California Judicial Council Forms*

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| The People of the State of California v. Uber Technologies, Inc., *et al.* | CGC-14-543120 |

**ATTACHMENT 3h continued** *(This Attachment may be used with any Judicial Council form.)*

business practices at issue in the People's enforcement action: (1) Uber's practice of misrepresenting to consumers its "Safe Rides Fee;" and (2) the nature and character of the background checks and safety measures conducted in association therewith.  Plaintiff alleges violations of California Business and Professions Code section 17200, *et seq.*, and section 17500, *et seq.*  Plaintiff seeks restitution and/or disgorgement, injunctive relief, interest, costs, and attorneys' fees.

The People's enforcement action and the *Philliben* lawsuit have only two things in common: both actions advance the claim that Uber misleads consumers as to the nature and character of its background checks, and that Uber unlawfully charges a "Safe Rides Fee."  There will likely be similar discovery sought and exchanged in both actions on these two claims only.  Otherwise, the actions will differ substantially.  By way of example, the Plaintiff in the *Philliben* action will have to demonstrate standing for each member of the putative class under Proposition 64, will likely have to overcome the defense that the putative class agreed to arbitrate its claims, and will have to engage in discovery and motion practice related to class certification.  The People, on the other hand, have no such procedural barriers to overcome.  In addition, Uber's misrepresentations as to its background checks and the unlawful "Safe Rides Fee," which represent the entirety of the private Plaintiff's case, are but two of the five unlawful business practices that are at issue in the People's enforcement action.  Only the People can obtain civil penalties when businesses engage in unlawful business practices.  Private plaintiffs cannot.  Furthermore, since Philliben hopes to represent a nationwide class, the geographic scope of the cases will vary significantly.  Thus, some of the same factual and legal issues will be raised in both lawsuits, but many more issues will be unique to each action.

**ATTACHMENT 4h part 1**

*Julian Mena, et al. v. Uber Technologies, Inc.*, Case No. 3:15-cv-00064-JST, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102.  Filing Date: January 6, 2015.

On December 9, 2014, the District Attorney for the City and County of San Francisco and the District Attorney for the County of Los Angeles commenced *People v. Uber Technologies, Inc., et al.*, (CGC-14-543120) in San Francisco Superior Court as a civil enforcement action on behalf of the People of the State of California against Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber").  The People filed a First Amended Complaint on August 18, 2015.  The People are suing Uber over five unlawful business practices: (1) Misrepresenting the measures it takes to ensure customer safety; (2) Using a time and distance measuring device to calculate fares while ignoring repeated demands over a period of nearly five years to submit the device for certification by the California state agency charged by law with ensuring that measuring technology is accurate, reliable, and does not facilitate fraud; (3) Conducting operations at California airports without first obtaining the required permits from the airport authorities and despite receiving cease-and-desist letters from the airports and the California Public Utilities Commission; (4) Charging a fraudulent "Airport Fee Toll" to customers who travel to California airports when neither Uber nor its drivers pay a corresponding fee or toll for driving to the airport; and (5) Making misrepresentations regarding its $1.00 "Safe Rides Fee."  The

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 6 of  12
*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| The People of the State of California v. Uber Technologies, Inc., *et al.* | CGC-14-543120 |

**ATTACHMENT 4h part 1 continued** *(This Attachment may be used with any Judicial Council form.)*

People allege violations of California Business and Professions Code section 17200, *et seq.*, and section 17500, *et seq.*  The People seek civil penalties for each of these unlawful business acts and practices, injunctive relief, full restitution for all California consumers who paid any amount designated as an "Airport Fee Toll" which was not in fact charged by or paid to the airport authority, and full restitution for all California consumers who paid any amount designated as a "Safe Rides Fee."

On January 6, 2015, *Julian Mena v. Uber Technologies, Inc.* (15-CV-00064-EDL) was commenced in the United States District Court for the Northern District of California as a putative class action under the name *Pappey v. Uber Technologies, Inc.*  The *Mena* action is brought on behalf of a nationwide class or, in the alternative, a Massachusetts subclass.  The *Mena* complaint includes allegations related to only two of the five unlawful business practices at issue in the Enforcement Action: (1) Uber's practice of misrepresenting to consumers its "Safe Rides Fee;" and (2) the nature and character of the background checks and safety measures conducted in association therewith.  The plaintiff alleges violations of California Business and Professions Code section 17200, *et seq.*, and section 17500, *et seq.*  The plaintiff also advances claims for breach of implied contract and unjust enrichment.  The plaintiff seeks damages, injunctive relief, costs and attorneys' fees, as well as other relief.

The People's enforcement action and the *Mena* lawsuit have only two things in common: both actions advance the claim that Uber misleads consumers as to the nature and character of its background checks, and that Uber unlawfully charges a "Safe Rides Fee."  There will likely be similar discovery sought and exchanged in both actions on these two claims only.  Otherwise, the actions will differ substantially.  By way of example, the plaintiff in the *Mena* action will have to demonstrate standing for each member of the putative class under Proposition 64, will likely have to overcome the defense that the putative class agreed to arbitrate its claims, and will have to engage in discovery and motion practice related to class certification.  The People, on the other hand, have no such procedural barriers to overcome.  In addition, Uber's misrepresentations as to its background checks and the unlawful "Safe Rides Fee," which represent the entirety of the private plaintiff's case, are but two of the five unlawful business practices that are at issue in the People's enforcement action.  Only the People can obtain civil penalties when businesses engage in unlawful business practices.  Private plaintiffs cannot.  Furthermore, since plaintiff Mena hopes to represent a nationwide class, the geographic scope of the cases will vary significantly.  Thus, some of the same factual and legal issues will be raised in both lawsuits, but many more issues will be unique to each action.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 7 of 12
*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

MC-025

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| The People of the State of California v. Uber Technologies, Inc., *et al.* | CGC-14-543120 |

**ATTACHMENT 4h part 2** *(This Attachment may be used with any Judicial Council form.)*

*Jacob Sabatino, et al. v. Uber Technologies, Inc., et al.*, Case No. 3:15-CV-00363-JST, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102.  Filing Date: January 26, 2015

On December 9, 2014, the District Attorney for the City and County of San Francisco and the District Attorney for the County of Los Angeles commenced *People v. Uber Technologies, Inc., et al.*, (CGC-14-543120) in San Francisco Superior Court as a civil enforcement action on behalf of the People of the State of California against Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber").  The People filed a First Amended Complaint on August 18, 2015.  The People are suing Uber over five unlawful business practices: (1) Misrepresenting the measures it takes to ensure customer safety; (2) Using a time and distance measuring device to calculate fares while ignoring repeated demands over a period of nearly five years to submit the device for certification by the California state agency charged by law with ensuring that measuring technology is accurate, reliable, and does not facilitate fraud; (3) Conducting operations at California airports without first obtaining the required permits from the airport authorities and despite receiving cease-and-desist letters from the airports and the California Public Utilities Commission; (4) Charging a fraudulent "Airport Fee Toll" to customers who travel to California airports when neither Uber nor its drivers pay a corresponding fee or toll for driving to the airport; and (5) Making misrepresentations regarding its $1.00 "Safe Rides Fee."  The People allege violations of California Business and Professions Code section 17200, *et seq.*, and section 17500, *et seq.*  The People seek civil penalties for each of these unlawful business acts and practices, injunctive relief, full restitution for all California consumers who paid any amount designated as an "Airport Fee Toll" which was not in fact charged by or paid to the airport authority, and full restitution for all California consumers who paid any amount designated as a "Safe Rides Fee."

On December January 26, 2015, *Jacob Sabatino v. Uber Technologies, Inc., et al.*, (15-CV-00363) was commenced in the United States District Court for the Northern District of California as a putative class action against Uber Technologies, Inc., Rasier LLC, Rasier-CA, LLC, Rasier-DC, LLC, and Rasier-PA, LLC.  The *Sabatino* action is brought on behalf of a nationwide class.  The *Sabatino* complaint includes allegations related to only one of the five unlawful business practices at issue in the People's enforcement action: the nature and character of the background checks and safety measures conducted by Uber.  Plaintiff alleges violations of California Business and Professions Code section 17200, *et seq.*, and section 17500, *et seq.*, as well as California Civil Code section 1770, *et seq.*  Plaintiff seeks restitution, interest, attorneys' fees and costs.

The People's enforcement action and the *Sabatino* lawsuit have only one thing in common: both actions advance the claim that Uber misleads consumers as to the nature and character of its background checks. There will likely be similar discovery sought and exchanged in both actions on this one claim only. Otherwise, the actions will differ substantially.  By way of example, the plaintiff in the Sabatino action will have to demonstrate standing for each member of the putative class under Proposition 64, will likely have to overcome the defense that the putative class agreed to arbitrate its claims, and will have to engage in discovery and motion practice related to class certification.  The People, on the other hand, have no such procedural barriers to overcome.  In addition, Uber's misrepresentations as to its

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 8 of 12
*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| The People of the State of California v. Uber Technologies, Inc., *et al.* | CGC-14-543120 |

**ATTACHMENT 4h part 2 continued** *(This Attachment may be used with any Judicial Council form.)*

background checks is but one of the five unlawful business practices that are at issue in the People's enforcement action.  Only the People can obtain civil penalties when businesses engage in unlawful business practices.  Private plaintiffs cannot.  Furthermore, since plaintiff Sabatino hopes to represent a nationwide class, the geographic scope of the cases will vary significantly.  Thus, some of the same factual and legal issues will be raised in both lawsuits, but many more issues will be unique to each action.

**ATTACHMENT 4h part 3**

*L.A. Taxi Cooperative, et al. v. Uber Technologies, et al.*, Case No. 15-cv-01257-JST, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102.  Filing Date: March 18, 2015.

On December 9, 2014, the District Attorney for the City and County of San Francisco and the District Attorney for the County of Los Angeles commenced *People v. Uber Technologies, Inc., et al.*, (CGC-14-543120) in San Francisco Superior Court as a civil enforcement action on behalf of the People of the State of California against Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber").  The People filed a First Amended Complaint on August 18, 2015.  The People are suing Uber over five unlawful business practices: (1) Misrepresenting the measures it takes to ensure customer safety; (2) Using a time and distance measuring device to calculate fares while ignoring repeated demands over a period of nearly five years to submit the device for certification by the California state agency charged by law with ensuring that measuring technology is accurate, reliable, and does not facilitate fraud; (3) Conducting operations at California airports without first obtaining the required permits from the airport authorities and despite receiving cease-and-desist letters from the airports and the California Public Utilities Commission; (4) Charging a fraudulent "Airport Fee Toll" to customers who travel to California airports when neither Uber nor its drivers pay a corresponding fee or toll for driving to the airport; and (5) Making misrepresentations regarding its $1.00 "Safe Rides Fee."  The People allege violations of California Business and Professions Code section 17200, *et seq.*, and section 17500, *et seq.*  The People seek civil penalties for each of these unlawful business acts and practices, injunctive relief, full restitution for all California consumers who paid any amount designated as an  "Airport Fee Toll" which was not in fact charged by or paid to the airport authority, and full restitution for all California consumers who paid any amount designated as a "Safe Rides Fee."

On March 18, 2015 *L.A. Taxi Cooperative et al. v. Uber Technologies, Inc.* et al. was commenced in the United States District Court for the Northern District of California by a number of Southern California-based taxi-cab companies.  Plaintiffs filed a First Amended Complaint on August 3, 2015.  Plaintiffs' complaint alleges that Uber makes misrepresentations regarding the safety of its services and charges a misleading "safe rides fee."  Plaintiffs' suit references the People's civil enforcement action, and Plaintiffs have attached a copy of the People's original civil enforcement action complaint to Plaintiffs' federal complaint.  Plaintiffs' federal complaint pleads causes of action for violation of the Lanham Act (15 U.S.C. § 1125(a)) and California Business and Professions Code sections 17500, *et seq.*  Plaintiffs' federal action seeks injunctive relief, damages, attorneys' fees and costs.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| The People of the State of California v. Uber Technologies, Inc., *et al.* | CGC-14-543120 |

**ATTACHMENT 4h part 3 continued** *(This Attachment may be used with any Judicial Council form.)*

The People's enforcement action and the *L.A. Taxi Cooperative* lawsuit both advance claims that Uber misleads consumers as to the nature and character of its background checks and unlawfully charges a "Safe Rides Fee." Otherwise, the actions will differ substantially. By way of example, the plaintiffs in the *L.A. Taxi Cooperative* action will have to demonstrate standing for each plaintiff. The People, on the other hand, have no such procedural barriers to overcome. Only the People can obtain civil penalties when businesses engage in unlawful business practices. Private plaintiffs cannot.

Moreover, Uber's misrepresentations as to the quality of its background checks is but one of the five unlawful business practices that are at issue in the People's enforcement action. Although, there will likely be some similar discovery sought and exchanged in both actions on the misrepresentation claims, the discovery on these claims will be directed to different issues. The *L.A. Taxi Cooperative* suit alleges that taxi companies have superior driver training, driver testing, and vehicles inspections. The People's enforcement action does not concern these issues. Thus substantial discovery into the operations of taxi companies in California is likely to occur in the *L.A. Taxi Cooperative* litigation, but not in the People's action. Although some of the same factual and legal issues will be raised in both lawsuits, many more issues will be unique to each action.

**ATTACHMENT 4h part 4**

*Stewart Rosen v. Uber Technologies, Inc. et al.*, CGC-15-545287 (San Francisco Superior Court)
Dept: 305 before the Hon. Mary E. Wiss. Filing Date: April 19, 2015.

On December 9, 2014, the District Attorney for the City and County of San Francisco and the District Attorney for the County of Los Angeles commenced *People v. Uber Technologies, Inc., et al.*, (CGC-14-543120) in San Francisco Superior Court as a civil enforcement action on behalf of the People of the State of California against Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber"). The People filed a First Amended Complaint on August 18, 2015. The People are suing Uber over five unlawful business practices: (1) Misrepresenting the measures it takes to ensure customer safety; (2) Using a time and distance measuring device to calculate fares while ignoring repeated demands over a period of nearly five years to submit the device for certification by the California state agency charged by law with ensuring that measuring technology is accurate, reliable, and does not facilitate fraud; (3) Conducting operations at California airports without first obtaining the required permits from the airport authorities and despite receiving cease-and-desist letters from the airports and the California Public Utilities Commission; (4) Charging a fraudulent "Airport Fee Toll" to customers who travel to California airports when neither Uber nor its drivers pay a corresponding fee or toll for driving to the airport; and (5) Making misrepresentations regarding its $1.00 "Safe Rides Fee." The People allege violations of California Business and Professions Code section 17200, *et seq.*, and section 17500, *et seq.* The People seek civil penalties for each of these unlawful business acts and practices, injunctive relief, full restitution for all California consumers who paid any amount designated as an "Airport Fee Toll" which was not in fact charged by or paid to the airport authority, and full restitution for all California consumers who paid any amount designated as a "Safe Rides Fee."

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 10 of 12
*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| The People of the State of California v. Uber Technologies, Inc., *et al.* | CGC-14-543120 |

**ATTACHMENT 4h part 4 continued** *(This Attachment may be used with any Judicial Council form.)*

On April 19, 2015 *Stewart Rosen v. Uber Technologies, Inc. et al.* (CGC-15-545287) was commenced in the San Francisco Superior Court as a putative class action brought on behalf of taxi medallion holders in the City and County of San Francisco against Uber Technologies, Inc. and its subsidiaries Rasier, LLC and Rasier-CA, LLC.  The original complaint alleged that Uber operates as an unauthorized taxi company, or alternatively as a charter party carrier without a license from the Public Utilities Commission.  It also alleged that Uber violates the regulations governing taxi companies, including the requirement that it submit its fare-calculation technology to the California Department of Agriculture's

Division of Measurement Standards.  The complaint alleged causes of action for violations of Business and Professions Code section 17200, *et seq.*; intentional and negligent interference with prospective economic advantage, and declaratory relief.  Plaintiff amended his complaint on August 21, 2015, adding allegations that Uber makes misrepresentations regarding the safety of its services; operates at airports without permission; charges a misleading "Safe Rides Fee" and has introduced a new service, UberPool, that violates section 5401 of the Public Utilities Code.  Plaintiff's First Amended Complaint pleaded causes of action for violation of California Business and Professions Code sections 17200, *et seq.* and 17500, *et seq.*, as well as intentional and negligent interference with prospective economic relations.  Plaintiff's First Amended Complaint sought restitution, injunctive relief, damages, attorneys' fees and costs.  Plaintiff moved to dismiss his First Amended Complaint without prejudice on August 26, 2015.

*Stewart Rosen v. Uber Technologies, Inc. et al.*, Case No. 15-cv-03866, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102.
Filing Date: August 24, 2015.

Three days after filing his First Amended Complaint in San Francisco Superior Court, plaintiff Rosen filed a putative class action in federal court on August 24, 2015 on behalf of taxi medallion holders in the City and County of San Francisco.  Plaintiff's federal lawsuit alleges many of the same acts by Uber and its subsidiaries as the dismissed state-court lawsuit.  Plaintiff's suit alleges that Uber competes unfairly against taxis by ignoring the rules and regulations of its regulators, including the requirement that it submit its fare-calculation technology to the California Department of Agriculture's Division of Measurement Standards.  The federal complaint also alleges that Uber makes misrepresentations regarding the safety of its services; operates at airports without permission; charges a misleading "Safe Rides Fee" and has introduced a new service, UberPool, that violates section 5401 of the Public Utilities Code.  Plaintiff's federal suit references the People's civil enforcement action, and Plaintiff has attached a copy of the People's First Amended Complaint to Plaintiff's federal complaint.  Plaintiff's federal complaint pleads causes of action for violation of the Lanham Act (15 U.S.C. § 1125(a)); California Business and Professions Code sections 17200, *et seq.* and 17500, *et seq.*, as well as intentional and negligent interference with prospective economic relations.  Plaintiff's federal action seeks injunctive relief, damages, treble-damages, restitution, attorneys' fees and costs.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 11 of 12
*(Add pages as required)*

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| The People of the State of California v. Uber Technologies, Inc., *et al.* | CGC-14-543120 |

**ATTACHMENT 4h part 4 continued** *(This Attachment may be used with any Judicial Council form.)*

The People's enforcement action and the *Rosen* lawsuit both advance claims that Uber misleads consumers as to the nature and character of its background checks, unlawfully charges a "Safe Rides Fee," and operates at California airports without permission. Otherwise, the actions will differ substantially. By way of example, the Plaintiff in the *Rosen* action will have to demonstrate standing for each member of the putative class under Proposition 64, and will have to engage in discovery and motion practice related to class certification. The People, on the other hand, have no such procedural barriers to overcome. Only the People can obtain civil penalties when businesses engage in unlawful business practices. Private plaintiffs cannot.

Moreover, discovery in the *Rosen* suit is likely to be directed to different issues than discovery in the People's enforcement action. First, the *Rosen* suit is likely to involve discovery into Uber's UberPool service, as well as substantial motion practice regarding the applicability of Public Utilities Code section 5401 to the service. The UberPool service is not at issue in the People's enforcement action. Conversely the *Rosen* suit does not allege the airport fee toll fraud causes of action alleged in the People's enforcement action.

In addition, The *Rosen* suit alleges that taxi companies have superior driver training, driver testing, and vehicles inspections. The People's enforcement action does not concern these issues. Thus substantial discovery into the operations of taxi companies in California is likely to occur in the *Rosen* litigation, but not in the People's action. Although some of the same factual and legal issues will be raised in both lawsuits, many more issues will be unique to each action.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 12 of 12
*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

The People of the State of California's

Notice of Related Case

# EXHIBIT B

Proof of Service

1   GEORGE GASCÓN, SBN 182345
    District Attorney of San Francisco
2   JUNE D. CRAVETT, SBN 105094
    Assistant Chief District Attorney
3   EVAN H. ACKIRON, SBN 164628
    Managing Assistant District Attorney
4   ERNST A. HALPERIN, SBN 175493
    NANCY TUNG, SBN 203236
5   SEAN KILEY, SBN 282075
    PHOEBE MAFFEI, SBN 271346
6   Assistant District Attorneys
    732 Brannan Street
7   San Francisco, California 94103
    Telephone: (415) 551-9545
8
    JACKIE LACEY, SBN 110808
9   District Attorney of the County of Los Angeles
    STANLEY PHILLIP WILLIAMS, SBN 106658
10  Head Deputy District Attorney
    HOON CHUN, SBN 132516
11  Assistant Head Deputy District Attorney
    JESSIE LEE ANN MCGRATH, SBN 131702
12  CHRISTOPHER CURTIS, SBN 236978
    Deputy District Attorneys
13  211 W. Temple Street, Suite 1000
    Los Angeles, CA 90012
14
    *Attorneys for Plaintiff,*
15  The People of the State of California

16              SUPERIOR COURT OF THE STATE OF CALIFORNIA

17                 CITY AND COUNTY OF SAN FRANCISCO

                        UNLIMITED JURISDICTION
18

19  PEOPLE OF THE STATE OF CALIFORNIA,

20              Plaintiff,                    Case No.  CGC-14-543120

21  vs.                                       PROOF OF SERVICE OF
                                              NOTICE OF RELATED CASES UNDER
22  UBER TECHNOLOGIES, INC., et al.,          CALIFORNIA RULE OF COURT 3.300

23              Defendants.

24

25

26

27

1

## PROOF OF SERVICE

2    The undersigned declares as follows:

3         I am a resident of or employed in the County of San Francisco.  I am over the age of

4    eighteen years and not a party to the within action.  My business address is Office of the San

5    Francisco District Attorney, 732 Brannan Street, San Francisco, CA 94103.

6         On _September 2, 2015_____, I served a copy of the following document(s):

7    •   **AMENDED NOTICE OF RELATED CASE UNDER CALIFORNIA RULE OF**

8         **COURT 3.300**

9    and an unsigned copy of this Proof of Service on the interested parties in the subject action by

10   placing a true copy thereof as indicated below, addressed as follows:

11

| | |
|---|---|
| William Stern<br>Morrison & Foerster LLP<br>425 Market Street<br>San Francisco, California  94105-2482<br>Attorney for Defendants<br>*People of the State of California v. Uber Technologies, Inc., et al.* | Todd Schneider<br>Schneider Wallace Cottrell Konecky Wotkyns LLP<br>2000 Powell Street, Suite 1400<br>Emeryville, CA  94608<br>*Attorney for Plaintiffs*<br>*Tadepalli v. Uber Technologies, Inc., et al.* |
| Laurence F. Pulgram<br>Fenwick & West LLP<br>555 California Street, 12th Floor<br>San Francisco, CA  94104<br>Attorney for Defendants<br>*Tadepalli v. Uber Technologies, Inc., et al.* | Harold M. Jaffe<br>Law Offices of Harold M. Jaffe<br>3521 Grand Avenue<br>Oakland, CA 94610<br>Attorney for Plaintiffs<br>*Rosen v. Uber Technologies, Inc.* |
| Brian W. Newcomb<br>Law Offices of Brian W. Newcomb<br>770 Menlo Avenue, Suite 101<br>Menlo Park, CA 94025<br>Attorney for Plaintiffs<br>*Rosen v. Uber Technologies, Inc.* | Marshall C. Wallace<br>Kamran Javandel<br>Allen, Matkins, Leck, Gamble, Mallory & Natsis LLP<br>Three Embarcadero Center, 12th Floor<br>San Francisco, CA  94111-4074<br>Attorney for Defendants<br>*Rosen v. Uber Technologies, Inc.* |

26

27

| | |
|---|---|
| Marissa M. Dennis<br>Allen, Matkins, Leck, Gamble, Mallory &<br>Natsis LLP<br>515 South Figueroa Street, 9th Floor<br>Los Angeles, CA 90071-3309<br>Attorney for Defendants<br>*Rosen v. Uber Technologies, Inc.* | Tina Wolfson<br>Robert Ahdoot<br>Keith Custis<br>Theodore W. Maya<br>AHDOOT & WOLFSON, P.C.<br>1016 Palm Avenue<br>West Hollywood, California 90069<br>Counsel for Plaintiffs<br>*Mena v. Uber Technologies, Inc.* |
| Nick Suciu IIII<br>BARBAT, MANSOUR & SUCIU PLLC<br>434 West Alexandrine #101<br>Detroit, Michigan 48201<br>Counsel for Plaintiffs<br>*Mena v. Uber Technologies, Inc.* | Andra Barmash Greene (123931)<br>A. Matthew Ashley (198235)<br>IRELL & MANELLA LLP<br>840 Newport Center Drive, Suite 400<br>Newport Beach, California 92660-6324<br>Counsel for Defendants<br>*Mena v. Uber Technologies, Inc.* |
| Mike Arias (Ca Bar No. 115385)<br>Alfredo Torrijos (CA Bar No. 222458)<br>ARIAS OZZELLO & GIGNAC LLP<br>6701 Center Drive West, 14th Floor<br>Los Angeles, California 90045-1558<br>Counsel for Plaintiffs<br>*Philliben v. Uber Technologies, Inc.* | Steven D. Liddle<br>Nicholas A. Coulson<br>LIDDLE & DUBIN, P.C.<br>975 E. Jefferson Avenue<br>Detroit, Michigan 48207<br>Counsel for Plaintiffs<br>*Philliben v. Uber Technologies, Inc.* |
| Andra Barmash Greene (123931)<br>A. Matthew Ashley (198235)<br>IRELL & MANELLA LLP<br>840 Newport Center Drive, Suite 400<br>Newport Beach, California 92660-6324<br>Counsel for Defendants<br>*Philliben v. Uber Technologies, Inc.*<br>*Sabatino v. Uber Technologies, Inc.*<br>*L.A. Taxi Cooperative v. Uber Technologies, Inc.* | Kathryn Jeanine Harvey<br>Jonathan A. Michaels<br>MLG Automotive Law<br>A Professional Law Corporation<br>2801 W. Coast Highway, Suite 370<br>Newport Beach, CA 92663<br>Counsel for Plaintiffs<br>*Sabatino v. Uber Technologies, Inc.* |
| Bruce L. Simon<br>Benjamin E. Shiftan<br>PEARSON, SIMON & WARSHAW, LLP<br>44 Montgomery Street, Suite 2450<br>San Francisco, California 94104<br>Counsel for Plaintiffs<br>*L.A. Taxi Cooperative v. Uber Technologies, Inc.* | Christopher B. Dolan<br>THE DOLAN LAW FIRM<br>1438 Market Street<br>San Francisco, California 94102<br>Counsel for Plaintiffs<br>*L.A. Taxi Cooperative v. Uber Technologies, Inc.* |
| | |

| | |
|---|---|
| Thomas J. Brandi<br>Jason B. Friedman<br>THE BRANDI LAW FIRM<br>354 Pine Street, 3rd Floor<br>San Francisco, CA 94104<br>Counsel for Plaintiffs<br>*Goncharov v. Uber Technologies, Inc.* | Eric J. Emanuel<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Counsel for Defendants<br>*Goncharov v. Uber Technologies, Inc.* |
| Gary Peter Oswald<br>LAW OFFICES OF GARY P. OSWALD<br>100 Tamal Plaza, Suite 140<br>Corte Madera, CA 94925<br>Counsel for Plaintiffs<br>*Goncharov v. Uber Technologies, Inc.* | |

and served the named document in the manner indicated below:

☒ **BY UNITED STATES MAIL**: I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California as follows: (specify one)

☐ I enclosed the document(s) listed above in a sealed envelope(s) or package(s) addressed to the person(s) listed above and deposited the sealed envelope(s) with the United States Postal Service, with the postage fully prepaid.

☒ I enclosed the document(s) listed above in a sealed envelope(s) or package(s) addressed to the person(s) listed above, and placed them for collection and mailing, following our ordinary business practices. I am readily familiar with this office's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in the sealed envelope(s) or package(s) with postage fully prepaid.

☐ **BY PERSONAL SERVICE**: By personal service. I personally delivered the documents listed above to the persons at the addresses listed above. For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY OVERNIGHT DELIVERY**: I enclosed the documents listed above in an envelope(s) or package(s) provided by an overnight delivery carrier and addressed to the persons at the addresses above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier..

☐ **BY FACSIMILE**: I transmitted true and correct copies of the above documents via facsimile machine. The fax number of the machine from which the document was transmitted was (415)551-9504. The fax number(s) of the machine(s) to which the document(s) were transmitted are listed above. The fax transmission was reported as complete and without error. I caused the transmitting facsimile machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

☐   **BY FILE & SERVE XPRESS**: I served true and correct copies of the above documents by electronic service by submitting the documents to File & Serve Xpress, with instructions that the documents be electronically transmitted to the addressees listed above at the email addresses listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed _September 2, 2015_ , at San Francisco, California.

_____
Chloe Mosqueda