*L.A. Taxi Coop., Inc. et al. v. Uber Tech., Inc. et al.*
Case No. 3:15-cv-01257-JST
Exhibit to Joint Discovery Letter

**DEFENDANTS' REQUEST FOR PRODUCTION NO. 1**:

All DOCUMENTS RELATING TO inspection of YOUR taxi cabs, including without limitation the frequency of inspections, passing criteria, and consequences of a failed inspection.

**PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

Plaintiffs incorporate by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above. Plaintiffs further object to the extent that the information sought is protected by the attorney-client privilege, the attorney work product doctrine, and/or is otherwise privileged and/or protected from discovery. Plaintiffs object to the extent that third-parties' privacy and other rights are implicated. Plaintiffs further object to this Request on the grounds that it is vague and ambiguous as to the "inspection(s)" about which the Request seeks documents. Furthermore, the Request is overly broad and unduly burdensome. The Request is also objectionable to the extent it seeks documents that are not in the possession, custody, or control of Plaintiffs. Moreover, the Request is objectionable to the extent it seeks documents that are not relevant to a party's claim or defense.

Subject to and without waiving all general and specific objections, each Plaintiff will conduct a good-faith, reasonable search of documents within its possession, custody, or control, and will produce on a rolling basis located copies, if any, of responsive rules and regulations set by governing bodies, and certain located other non-privileged/non-protected, responsive documents pertaining to taxi cab inspections, if any. Plaintiffs are also willing to meet and confer with Defendants about a proper scope of non-privileged/non-protected documents that Defendants seek by way of this overbroad and unduly burdensome Request. Discovery and investigation are ongoing, and each Plaintiff reserves the right to amend and/or supplement this response.

**DEFENDANTS' REQUEST FOR PRODUCTION NO. 2**:

All DOCUMENTS RELATING TO maintenance standards for YOUR taxi cabs.

**PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

Plaintiffs incorporate by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above. Plaintiffs further object to the extent that the information sought is protected by the attorney-client privilege, the attorney work product doctrine, and/or is otherwise privileged and/or protected from discovery. Plaintiffs object to the extent that third-parties' privacy and other rights are implicated. Plaintiffs further object to this Request on the grounds that it is vague and ambiguous as to the "maintenance standards" about which the Request seeks documents. Furthermore, the Request is overly broad and unduly burdensome. The Request is also objectionable to the extent it seeks documents that are not in the possession, custody, or control of Plaintiffs. Moreover, the

Request is objectionable to the extent it seeks documents that are not relevant to a party's claim or defense.

Subject to and without waiving all general and specific objections, each Plaintiff will conduct a good-faith, reasonable search of documents within its possession, custody, or control, and will produce on a rolling basis located copies, if any, of responsive rules and regulations set by governing bodies, and certain located other non-privileged/non-protected, responsive documents pertaining to taxi cab maintenance, if any. Plaintiffs are also willing to meet and confer with Defendants about a proper scope of non-privileged/non-protected documents that Defendants seek by way of this overbroad and unduly burdensome Request. Discovery and investigation are ongoing, and each Plaintiff reserves the right to amend and/or supplement this response

**DEFENDANTS' REQUEST FOR PRODUCTION NO. 3**:

All DOCUMENTS RELATING TO maintenance records for YOUR taxi cabs.

**PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

Plaintiffs incorporate by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above. Plaintiffs further object to the extent that the information sought is protected by the attorney-client privilege, the attorney work product doctrine, and/or is otherwise privileged and/or protected from discovery. Plaintiffs object to the extent that third-parties' privacy and other rights are implicated. Plaintiffs further object to this Request on the grounds that it is vague and ambiguous as to the "maintenance records" about which the Request seeks documents. Furthermore, the Request is overly broad and unduly burdensome. The Request is also objectionable to the extent it seeks documents that are not in the possession, custody, or control of Plaintiffs. Moreover, the Request is objectionable to the extent it seeks documents that are not relevant to a party's claim or defense.

Subject to and without waiving all general and specific objections, each Plaintiff will conduct a good-faith, reasonable search of documents within its possession, custody, or control, and will produce on a rolling basis located copies, if any, of responsive rules and regulations set by governing bodies, and certain located other non-privileged/non-protected, responsive documents pertaining to taxi cab maintenance, if any. Plaintiffs are also willing to meet and confer with Defendants about a proper scope of non-privileged/non-protected documents that Defendants seek by way of this overbroad and unduly burdensome Request. Discovery and investigation are ongoing, and each Plaintiff reserves the right to amend and/or supplement this response

**DEFENDANTS' REQUEST FOR PRODUCTION NO. 4**:

All DOCUMENTS RELATING TO the criteria used to evaluate YOUR driver applicants, including without limitation the background check results that trigger an automatic rejection of an applicant.

**PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 4**:

Plaintiffs incorporate by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above. Plaintiffs further object to the extent that the information sought is protected by the attorney-client privilege, the attorney work product doctrine, and/or is otherwise privileged and/or protected from discovery. Plaintiffs object to the extent that third-parties' privacy and other rights are implicated. Plaintiffs further object to this Request on the grounds that it is vague and ambiguous as to the "criteria used to evaluate YOUR driver applicants" about which the Request seeks documents. Furthermore, the Request is overly broad and unduly burdensome. The Request is also objectionable to the extent it seeks documents that are not in the possession, custody, or control of Plaintiffs.

Subject to and without waiving all general and specific objections, each Plaintiff will conduct a good-faith, reasonable search of documents within its possession, custody, or control, and will produce on a rolling basis located copies, if any, of responsive rules and regulations set by governing bodies, and certain located other non-privileged/non-protected, responsive documents pertaining to the criteria used in assessing taxi cab drivers, if any. Plaintiffs are also willing to meet and confer with Defendants about a proper scope of non-privileged/non-protected documents that Defendants seek by way of this overbroad and unduly burdensome Request. Discovery and investigation are ongoing, and each Plaintiff reserves the right to amend and/or supplement this response.

**DEFENDANTS' REQUEST FOR PRODUCTION NO. 7**:

All DOCUMENTS RELATING TO any examination that YOUR drivers are required to pass before they can begin driving customers.

**PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 7**:

Plaintiffs incorporate by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above. Plaintiffs further object to the extent that the information sought is protected by the attorney-client privilege, the attorney work product doctrine, and/or is otherwise privileged and/or protected from discovery. Plaintiffs object to the extent that third-parties' privacy and other rights are implicated. Furthermore, the Request is overly broad and unduly burdensome. The Request is also objectionable to the extent it seeks documents that are not in the possession, custody, or control of Plaintiffs. Moreover, the Request is objectionable to the extent it seeks documents that are not relevant to a party's claim or defense.

Subject to and without waiving all general and specific objections, each Plaintiff will conduct a good-faith, reasonable search of documents within its possession, custody, or control, and will produce on a rolling basis located copies, if any, of responsive rules and regulations set by governing bodies, and certain located other non-privileged/non-protected, responsive documents pertaining to driver examinations, if any. Plaintiffs are also willing to meet and confer with Defendants about a proper scope of non-privileged/non-protected documents that Defendants seek by way of this overbroad and unduly burdensome Request. Discovery and investigation are ongoing, and each Plaintiff reserves the right to amend and/or supplement this response.

**DEFENDANTS' REQUEST FOR PRODUCTION NO. 8**:

All DOCUMENTS RELATING TO YOUR driver training, including without limitation the length and content of YOUR driver training and whether YOUR driver training is mandatory.

**PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION NO. 8**:

Plaintiffs incorporate by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above. Plaintiffs further object to the extent that the information sought is protected by the attorney-client privilege, the attorney work product doctrine, and/or is otherwise privileged and/or protected from discovery. Plaintiffs object to the extent that third-parties' privacy and other rights are implicated. Furthermore, the Request is overly broad and unduly burdensome. The Request is also objectionable to the extent it seeks documents that are not in the possession, custody, or control of Plaintiffs. Moreover, the Request is objectionable to the extent it seeks documents that are not relevant to a party's claim or defense.

Subject to and without waiving all general and specific objections, each Plaintiff will conduct a good-faith, reasonable search of documents within its possession, custody, or control, and will produce on a rolling basis located copies, if any, of responsive rules and regulations set by governing bodies, and certain located other non-privileged/non-protected, responsive documents pertaining to driver training, if any. Plaintiffs are also willing to meet and confer with Defendants about a proper scope of non-privileged/non-protected documents that Defendants seek by way of this overbroad and unduly burdensome Request. Discovery and investigation are ongoing, and each Plaintiff reserves the right to amend and/or supplement this response.