<u>VIA CM/ECF</u>

June 30, 2016

The Honorable Donna M. Ryu
Northern District of California
Oakland Courthouse, Courtroom 4 - 3rd Floor
1301 Clay Street
Oakland, CA 94612

      Re:  *L.A. Taxi Coop., Inc. et al. v. Uber Tech., Inc. et al.*, No. 3:15-cv-01257-JST

Dear Judge Ryu:

      This letter brief concerns a dispute over discovery into how Plaintiffs interpret a key word (namely, "industry") contained in several alleged statements that Plaintiffs claim are false or misleading.  The discovery request at issue is Defendants' Interrogatory number 19. The parties met and conferred telephonically on June 23, 2016 but did not reach a resolution.

      Relevant case management deadlines are as follows:  Fact and expert discovery close on November 11, 2016, and February 10, 2017, respectively.  Dispositive motions are due April 27, 2017, and the hearing on dispositive motions is on June 8, 2017.  A pretrial conference is scheduled for July 7, 2017, and trial is scheduled to begin July 24, 2017.

I.     <u>DEFENDANTS' POSITION</u>

      The First Amended Complaint ("FAC") repeatedly claims that Uber's alleged statements regarding its background checks and safety are false because Plaintiffs' taxi services are supposedly better and safer than Uber's.  A principle focus of the FAC is an attack on the phrase (or similar phrases) "industry leading."  Interrogatory number 19 reads: "State YOUR definition of the term 'industry' as that term is alleged in paragraphs 63-67, 70, 78, 82, 101-102, and 117 of the COMPLAINT, including without limitation by listing all entities that operate in YOUR 'industry.'"  Each Plaintiff refused to respond to the interrogatory for any of the itemized complaint paragraphs other than paragraph 117. Plaintiffs' purported excuse for not providing a response with respect to the remaining paragraphs (*i.e.*, paragraphs 63-67, 70, 78, 82, 101-102) consisted of boilerplate privilege and burdensomeness objections followed by the assertion:

> Furthermore, each and every entity operating in Plaintiff's industry is not currently known by Plaintiff, nor is it reasonably obtainable.  Based on this objection, Plaintiff cannot respond to this part of the Interrogatory. . . . Plaintiff is only able to respond to the use of the term "industry" in paragraph 117 of the Complaint due to the fact that the use of the term in paragraphs 63-67, 70, 78, 82, 101-102 quotes statements made by Defendants. . . .

      Plaintiffs' objections are meritless.  The interrogatory does not seek privileged information.  Nor is it unduly burdensome for Plaintiffs to state how they interpret a key word that is included in statements which Plaintiffs assert are false.  For instance, Plaintiffs should have no difficulty stating whether the word "industry" referenced in FAC ¶¶ 63-67

The Honorable Donna M. Ryu
June 30, 2016
Page 2

includes: (i) all "Transportation Network Compan[ies]" or "TNCs" (*see, e.g.,* FAC ¶ 33); or (ii) just some TNCs; or (iii) TNCs and taxis nationwide; or (iv) TNCs and taxis in California; or (v) TNCs, taxis and black car services nationwide; and so on.  Nor do Plaintiffs explain why it is "not reasonably obtainable" for Plaintiffs to list the entities operating in the "industry."[1]  It is Plaintiffs who are asserting the statements are false, so Plaintiffs should be able to state why they are false by identifying how Plaintiffs are interpreting a key word in the very statements Plaintiffs attack.

Indeed, it is unclear how Plaintiffs could have contended that the statements at issue were false if Plaintiffs did not understand a key word in those statements (*i.e.*, "industry") or how Plaintiffs can continue to maintain that the statements are false if Plaintiffs do not have an interpretation of that key word.

Moreover, if it truly is Plaintiffs' position that they do not have any interpretation of the word "industry" in the very statements Plaintiffs attack in their own complaint (or that they adopt whichever interpretation Defendants place on the word in each attacked statement), then Plaintiffs should state that as a substantive response to the interrogatory.  In addition, if it truly is Plaintiffs' position that the entities operating in their industry are so numerous, amorphous, or ephemeral that Plaintiffs cannot identify them by name, then Plaintiffs should admit this in their response and not refuse to respond on the basis that the information is not "reasonably obtainable."

II.      PLAINTIFFS' POSITION:

Plaintiffs have provided Defendants with a definition of the term "industry" as used by Plaintiffs in a single paragraph of their FAC, Paragraph 117.  All other instances of the term "industry" in the FAC are quotes of Defendants' statements where they used the term. See Paragraphs 63-67, 70, 78, 82, 101-102 of the FAC.  As was made clear to counsel for Defendants during the meet and confer on Interrogatory Response No. 19, Plaintiffs will not speculate on what Defendants meant when they used the term "industry."  Nor do Plaintiffs "adopt" whichever interpretation Defendants may choose to place on "industry" at some later date.  Plaintiffs have defined "industry" as used in Paragraph 117 of FAC as: "the term 'industry' in the phrase 'taxi cab industry' refers to the holder of a permit to operate in a particular jurisdiction."  As to what Defendants meant when they used the term "industry" in their public statements, Plaintiffs will probe through deposition testimony or other written discovery to determine what Defendants meant when they used that term.  Thus, what Defendants ask this Court to do is to compel Plaintiffs to speculate on what Defendants intended "industry" to mean when they used that term in their public statements.

_____

[1] Defendants served RFAs on Plaintiffs asking them to admit with whom they competed.  While Plaintiffs admitted to competing with some taxi companies, Plaintiffs claimed an inability to answer such a straightforward request as:  "Please admit that YOU compete for customers with Transportation Network Companies"; "Please admit that YOUR drivers compete for customers with Transportation Network Companies"; "Please admit that YOU compete for customers with limousines"; and "Please admit that YOUR drivers compete for customers with limousines."

The Honorable Donna M. Ryu
June 30, 2016
Page 3

As to identifying the taxi companies each of the Plaintiffs compete with in areas those Plaintiffs operate, that information was provided to Defendants in response to Defendants' Request for Admission Number 1 served on Defendants on May 6, 2016.[2]  In response to that RFA, each Plaintiff individually admitted or denied whether it competed with specifically named companies.  For example, in response to RFA No. 1, Big Dog City, a taxi company that operates in San Francisco, admitted that it competed for customers in its service area with ABC Taxicab, Alliance Cab, American Taxicab, Comfort Cab, Crown Cab, Eco-Taxi, Flywheel Taxi, Fog City Cab,  Green Cab, Luxor Cab, Max Cab, Metro Cab, National Cab, Regents Cab Company, San Francisco Super Cab,  San Francisco Taxicab, Town Taxi, Union Cab, USA Cab, Veterans Cab, Vina Cab, and Yellow Cab Co.  *See* Defendants' Request for Admission No. 1 and Plaintiff Big Dog City Corp.'s response thereto.  Defendants, moving only as the Plaintiffs' responses to Interrogatory No. 19, apparently are also not satisfied with certain other RFA responses by Plaintiffs.  Those RFAs are not identified in footnote 1 above nor are they the subject of this motion to compel.  Plaintiffs have defined "industry" as they used the term in the FAC and have admitted by name what other taxi companies they compete with in the areas in which Plaintiffs operate.

Plaintiffs' response to Interrogatory No. 19 as to their definition of "industry" is complete, and Defendants' motion to compel a further response should be denied.

Respectfully submitted,                              Respectfully submitted,

*/s/ A. Matthew Ashley*                              */s/ George S. Trevor*
A. Matthew Ashley                                    George S. Trevor
Counsel for Defendants                               Counsel for Plaintiffs

---

[2] RFA No. 1 asks: "Please admit that YOU compete for customers with:" followed by a list by name of various taxi companies.

The Honorable Donna M. Ryu
June 30, 2016
Page 4

## ECF ATTESTATION

     I, Nathaniel Lipanovich, am the ECF user whose ID and password are being used to file this Joint Letter Brief. I hereby attest that I received authorization to insert the signatures indicated by a conformed signature (/s/) within this e-filed document.

By: _/s/ Nathaniel Lipanovich_
        Nathaniel Lipanovich