**VIA ECF**
November 18, 2016

The Honorable Donna M. Ryu
Northern District of California
Oakland Courthouse, Courtroom 4 – 3rd Floor
1301 Clay Street
Oakland, CA 94612

      Re: *L.A. Taxi Coop., Inc. et al. v. Uber Tech., Inc. et al.*, No. 3:15-cv-01257-JST

Dear Judge Ryu:

      This case involves claims that Defendants violated the Lanham Act by making specific representations to consumers relating to the safety of Uber rides. This letter brief concerns a discovery dispute over Plaintiffs' Request For Production ("RFP") numbers 40 through 77 served on October 10, 2016.[1] The parties have met and conferred but have been unable to reach a resolution. Current case management deadlines are as follows: Fact discovery closed on November 11, 2016; expert discovery closes on February 10, 2017. Dispositive motions are due April 27, 2017, and the hearing on dispositive motions is on June 8, 2017. A pretrial conference is scheduled for July 7, 2017, and a trial is scheduled to begin July 24, 2017.

I.      PLAINTIFFS' POSITION

      This discovery dispute concerns Defendants' contention that they need not respond to Plaintiffs' RFPs 40 through 77 because the fact discovery deadline has passed. For each of Plaintiffs' RFPs, Defendants responded by stating: "Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request." Plaintiffs served their RFPs by email on October 10, 2016, thirty-two (32) days before the discovery cutoff. On July 21, 2015, the Parties had agreed that electronic service under Rule 5(b)(2)(E) constitutes effective service. *See* Exh. A. Plaintiffs believe their RFPs were timely because the discovery cutoff fell on a legal holiday and under Rule 6(a) any items due on such day would be due the following business day. *In arguendo*, if the Court finds the responses were due after the discovery cutoff, good cause exists for the court to order Defendants to respond to Plaintiffs' RFPs.

      During the parties' meet and confer call, Defendants expressed their position that their responses were due thirty-three (33) days after service was made, and that this date fell one day after the discovery cutoff. Defendants rely on Rule 6(d), which states "when a party may or

---

[1] Plaintiffs numbering of these requests was a clerical error and was incorrectly labeled as set three rather than set four. As a result, some of the numbering (Requests 40 through 63) overlap the numbering of requests contained in a prior set of Requests for Production that were served on June 30, 2016. For purposes of this letter brief, Plaintiffs will refer to the Request numbers used in the Request for Production set served to defendants on October 10, 2016.

must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a)." *See* Fed. R. Civ. P. 6.  Throughout the course of this litigation, the parties have been serving any written discovery responses 30 days after service of the requests via e-mail pursuant to the parties' agreement of electronic service under Rule 5(b)(2)(E).  Defendants' reliance on Rule 6(d) is misplaced, as the parties' course of dealing establishes that the additional 3 days prescribed by the Rule did not apply to service via e-mail.

Here, the discovery cutoff in this case was November 11, 2016, which is Veteran's Day, a legal holiday under Rule 6(a)(6).  Defendants' discovery responses would be due the following business day pursuant to Rule 6(a)(5).  Under Rule 6(a)(5), the next business day was Monday, November 14, 2016.  Defendants' served their objections to Plaintiffs' RFPs on Monday, November 14, 2016.  Therefore, Defendants' ostensibly agree that the responses were due on November 14, 2016, otherwise their objections would be waived.  Defendants cannot have it both ways - by having the benefit of the holiday and the benefit of additional time to respond - without reciprocating the corresponding benefit to Plaintiffs.

Alternatively, *in arguendo*, should the Court find that the discovery cutoff does not extend to November 14, 2016, there is authority for the proposition that there may be exceptions to the deadline under certain circumstances, particularly where the failure to comply with the deadline is not excessive.  *See TV Interactive Data Corp. v. Sony Corp.*, No. C 10-475 PJH MEJ, 2012 WL 1413368 at 3 (N.D. Cal. Apr. 23, 2012) (citing *Bishop v. Potter,* 2010 WL 2775332, at 2 (D.Nev. July 14, 2010) (overruling the defendants' timeliness objections because the discovery requests were only served 1 and 2 days after the deadline, which was not excessive)).  In *TV Interactive Data Corp.*, the Court addressed the scenario where discovery requests were served via e-mail upon defendants 32 days prior to the discovery cut off rather than the 33 days prescribed by Rule 6(d).  *See generally TV Interactive Data Corp. v. Sony Corp.*, 2012 WL 1413368.

In *TV Interactive Data Corp.,* plaintiff electronically served written discovery upon defendants 32 days before the fact discovery cutoff.  *Id*. at 3.  The defendants argued that the written discovery was untimely because Rule 6(d) provides an additional three days for defendants to respond to discovery requests because they were served via e-mail.  *Id*.  Defendants claimed that they had 33 days to respond to the written discovery, not 30 days.  *Id*.  In *TV Interactive Data Corp.,* the Court exercised its discretion and ordered defendants to respond to plaintiff's discovery requests.  *Id*. at 4.  The Court's ruling in plaintiff's favor was based upon three facts.  First, defendants had sufficient time to respond to plaintiff's requests.  *Id*.  Second, defendants did not object to the timeliness of plaintiff's discovery requests at the time of service.  *Id*.  And third, defendants only objected to the untimely service when it provided its responses to the discovery requests after the discovery cutoff.  *Id*.

Like *TV Interactive Data Corp.,* Plaintiffs electronically served their discovery requests on Defendants thirty-two (32) days before the discovery cutoff.  Additionally, Defendants argue that Plaintiffs' RFPs were untimely because they were not served by hand, but rather, were served electronically.  As such, it is Defendants position that they had thirty-three (33) days to respond, which falls one day past the discovery cutoff.  Here, Plaintiffs electronically served their RFPs 1 day after the deadline to serve written discovery electronically.  Just as in *TV Interactive Data Corp.* and *Bishop*, Plaintiffs' RFPs were served one day after the deadline.  As such, Plaintiffs' failure to comply with the deadline was not excessive.  Additionally, Defendants

had sufficient time to respond to Plaintiffs' RFPs' and did not object to their untimeliness when they were initially served. Defendants failed to object to the untimely nature of Plaintiffs' RFPs when they were initially served with the RFPs on October 10, 2016. Unlike *TV Interactive Data Corp.*, the discovery cutoff in the instant case was a legal holiday. This fact further bolsters Plaintiffs' position because under Rule 6(a), where the last day for performance of an act falls on a Sunday or a legal holiday, performance on the next day which is not a Sunday or legal holiday is timely. *See* Fed. R. Civ. P. 6(a). Therefore, Plaintiffs believe that the RFPs were served timely.

Given Defendant's responses to the RFPs, stating specifically that the "requests that call for responses or depositions after the applicable discovery cut-off," Plaintiffs believed that it was necessary to file this joint letter brief by today, November 18, 2016 to preserve their rights under Local Rule 37-3, which states "[w]here the Court has set separate deadlines for fact and expert discovery, no motions to compel fact discovery may be filed more than 7 days after the fact discovery cut-off, and no motions to compel expert discovery may be filed more than 7 days after the expert discovery cut-off."

Plaintiffs respectfully request that the court order Defendants to respond to Plaintiffs' fourth set of RFPs, specifically RFPs 40 through 77 served on October 10, 2016. Additionally, should the Court rule in Plaintiffs favor, Plaintiffs request that the deadline to submit a joint letter brief for any dispute relating to Defendants' responses to Plaintiffs' RFPs be extended for seven (7) days past the date by which Defendants serve Plaintiffs with their responses.

II.     DEFENDANTS' POSITION

Plaintiffs do not dispute that the Requests for Production ("RFPs") at issue were served via email on October 10, 2016. Under the Federal Rules of Civil Procedure, that made the responses due 33 days later, *i.e.,* November 12, 2016 – which was a Saturday, thereby making the responses due November 14, 2016.[2] The RFPs thus called for responses due three days after the November 11, 2016 fact discovery cutoff (Dkt. 79; Scheduling Order).

"Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by Order for good cause shown."  Civ. L.R. 37-3. Given the importance of discovery cutoffs, failure to abide by Rule 37-3 has, and should have, real consequences. *See, e.g., Layer2 Communs. v. Flexera Software*, No. C-13-02131 DMR, 2014 U.S. Dist. LEXIS 106006, *5-6 (N.D. Cal. Aug. 1, 2014) (Ryu, M.J.) (denying motion to compel discovery that called for responses due after the cutoff); *Padgett v. City,* No. 04-cv-3946JW, 2006 WL 1141265, * 1 (N.D. Cal. May 1, 2006) (denying motion to compel discovery responses

---

[2] Fed. R. Civ. Proc. 34(d)(2) ("The party to whom the request [for production] is directed must respond in writing within 30 days after being served[.]"); *id.* at Rule 6(d) ("When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)."); *id.* at Rule 5(E) (can serve by "sending it by electronic means if the person consented in writing"); *id.* Rule 6(a)(1)(C) ("When the period is stated in days or a longer unit of time: . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

due one day after cutoff); *Gofron v. Picsel Techs.,* 804 F. Supp. 2d 1030, 1040 (N.D. Cal. 2011) (discovery request calling for response two days after cutoff was unenforceable).

Plaintiffs' proffered excuses are meritless.  First, Plaintiffs argue that the cutoff fell on Veterans Day (November 11th).  However, the responses were not due on November 11th; they were due one day after it (33 days after October 10th is Saturday November 12th), which by operation of law made them due the following Monday – three days late.  Second, even if Plaintiffs had planned for their responses to fall due on November 11th, then that, too, would have made the RFPs late, because the response due date still would have been extended to November 14th (due to the holiday) – three days late.  It is the duty of the propounding (not responding) party to serve discovery so as to account for holidays and discovery cutoffs.

Plaintiffs also argue that the parties agreed electronic service was appropriate (Exhibit A).  That is correct but irrelevant here.  Rules 5(E) and 6 expressly contemplate that parties must agree to electronic service, and the rules still add three days to response deadlines based on such service.  Fed. R. Civ. Proc. 6(d) (adding 3 days for e-service under Rule 5(E))*; id.* at Rule 5(E) (e-service appropriate "if the person consented in writing") (emphasis added).[3] What the parties never agreed to was that electronic service **would constitute personal service**.

Plaintiffs then argue that the "parties' course of dealing" excuses their tardiness.  However, even assuming "course of dealing" could excuse compliance with the FRCP and Court-ordered cutoff dates (it does not), Plaintiffs identify no "course of dealing" other than their own say-so.  In fact, when time was of the essence, *Defendants served discovery via personal service*.  E.g., Defendants' first set of RFPs to Plaintiffs (served via personal service on July 27, 2015).  For instance, that is why Defendants served their final set of written discovery *via personal service* on October 11, 2016, which required Plaintiffs to respond in advance of the fact discovery cutoff.  Plaintiffs could and should have done the same if they were going to wait as long as they did to serve their final RFPs.

Plaintiffs' final argument is that this Court should not apply Rule 37-3, because "there may be exceptions to the deadline," citing *Bishop v. Potter,* 2010 WL 2775332, *2 (D. Nev. July 14, 2010), and *TV Interactive Data v. Sony Corp.,* 2012 WL 1413368, *3 (N.D. Cal. April 23, 2012).  However, the *Bishop* court was not governed by Rule 37-3's "good cause" standard, and instead applied a "not excessive" delay rule that would mean a party could miss cutoffs anytime it wanted to so long as the miss was "not excessive." *Bishop,* 2010 WL 2775332, *2.  Similarly, *TV Interactive* relied exclusively on *Bishop* and never discussed Rule 37-3's "good cause" standard.  Moreover, the *TV Interactive* court noted that the party in the case was trying to avoid answering interrogatories but still use the presence of those same interrogatories to avoid a 30(b)(6) deposition on a "contention" topic.  There are no circumstances like that here.

Rule 37-3 requires a showing of "good cause" – the same good cause standard governing modification of a scheduling order.  Civ. L.R. 37-3; *Layer2 Communs.*, 2014 U.S. Dist. LEXIS 106006, *6 ("The 'good cause' inquiry focuses on the diligence of the party seeking amendment) (citations omitted).  That means the moving party must demonstrate that discovery "could not have been propounded within the normal time requirements." *Padgett,* 2006 WL 1141265.  Plaintiffs have not even attempted to show (and cannot show) that the RFPs "could not have been propounded within the normal time requirements."

---

[3] In their citation to Rule 6(d), Plaintiffs omit its reference to subsection 5(E).

Fact discovery in this case began in the Summer of 2015, *over sixteen months ago*. Plaintiffs had ample opportunity to propound all of the discovery they needed well in advance of the cutoff. This is particularly so with respect to RFPs, as Plaintiffs should have sought documents they needed well before the cutoff so that, for instance, they could be used at depositions (which were all completed by November 10th) and in expert reports, which are due today, November 18th. On close calls with respect to discovery cutoffs, the appropriate course of action was to serve early and build in time, not to wait until the last minute.

In addition, while Plaintiffs disclose in a footnote that they mis-numbered their "set" for these disputed RFPs, Plaintiffs do not disclose that many of the RFPs at issue simply restate (or ask for the same information encompassed within) RFPs served long ago for which Plaintiffs failed to timely raise issue (if they took issue with the responses):

| RFPs Served **Aug. 7, 2015** | RFPs at Issue, Served **Oct. 10, 2016** |
| --- | --- |
| "All Documents reflecting, relating to, or evidencing how You spend the "Safe Rides Fee." [RFP 11] | "To the extent not already produced, all Documents reflecting, relating to, or evidencing how You spend the 'Safe Rides Fees' that You collect. [RFP 47] |
| "All Documents reflecting, relating to, or evidencing the amount of money that You have spent in connection with background checks for potential or current UberX drivers (including, but not limited to, those performed by Hirease, Inc., Accurate Background, Inc., or Checker, Inc.)" [RFP8] | To the extent not already produced, all Documents reflecting, relating to, or evidencing the amount of money that You have spent in connection with background checks for potential or current UberX drivers (including, but not limited to, those performed by Hirease, Inc., Accurate Background, Inc., or Checker, Inc.)." [RFP 45] |

The above are just examples of *dozens* of RFPs in the set currently under dispute that mimic or seek essentially the same information as RFPs served long ago. Defendants pointed this out to Plaintiffs during the telephonic meet and confer for this motion, but Plaintiffs stated that "they disagreed" that there was duplication. Nor did Plaintiffs offer to meet and confer on the numerous other objections Defendants interposed to the RFPs (including that they parroted prior discovery that often was already subject to negotiated agreements arrived at during prior meet and confers). Finally, Plaintiffs only provided their portion of the letter brief for this motion at 11:08 pm, Thursday November 17th, the night before the motion was due. This was in violation of Your Honor's Notice of Reference and Order Re: Discovery Procedures, at 2:2:12-13 ("**Parties are expected to plan for and cooperate in preparing the joint letter so that each side has adequate time to address the arguments**.") (emphasis in original).

For all of these reasons, Plaintiffs' motion should be denied.

Respectfully submitted,                               Respectfully submitted,

*/s/ A. Matthew Ashley*                              */s/ George S. Trevor*
A. Matthew Ashley                                     George S. Trevor
Counsel for Defendants                                Counsel for Plaintiffs