1  IRELL & MANELLA LLP
   Andra Barmash Greene (123931)
2  agreene@irell.com
   A. Matthew Ashley (198235)
3  mashley@irell.com
   840 Newport Center Drive, Suite 400
4  Newport Beach, California 92660-6324
   Telephone:   (949) 760-0991
5  Facsimile:   (949) 760-5200

6  Attorneys for Defendants
   Uber Technologies, Inc.; Rasier, LLC; and
7  Rasier-CA, LLC

8              **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10             **SAN FRANCISCO DIVISION**

11 | L.A. Taxi Cooperative, Inc. dba Yellow Cab | ) | Case No. 3:15-cv-01257-JST
   | Co.; Administrative Services SD, LLC dba | ) |
12 | Yellow Radio Service; All Yellow Taxi, Inc. | ) | **STIPULATION TO AMEND**
   | dba Metro Cab; American Cab, LLC; | ) | **PROTECTIVE ORDER; FILED**
13 | American Cab, LLC dba Pomona Valley | ) | **CONCURRENTLY WITH [PROPOSED]**
   | Yellow Cab; Bell Cab Company, Inc.; TM- | ) | **STIPULATED AMENDED PROTECTIVE**
14 | MTM, Inc.; Big Dog City Corporation dba | ) | **ORDER**
   | Citywide Dispatch, Citywide Taxi, and Big | ) |
15 | Dog Cab; Cabco Yellow, Inc. dba California | ) |
   | Yellow Cab; C&J Leasing, Inc. dba Royal | ) |
16 | Taxi; G&S Transit Management, Inc.; Gorgee | ) |
   | Enterprises, Inc.; LA City Cab, LLC; Long | ) |
17 | Beach Yellow Cab Co-operative, Inc.; | ) |
   | Network Paratransit Systems, Inc.; South Bay | ) |
18 | Co-operative, Inc. dba United Checker Cab; | ) |
   | Taxi Leasing, Inc. dba Yellow Cab of Ventura | ) |
19 | County; Tri-City Transportation Systems, Inc.; | ) |
   | Tri Counties Transit Corporation dba Blue | ) |
20 | Dolphin Cab of Santa Barbara, Yellow Cab of | ) |
   | Santa Maria, and Yellow Cab of San Luis | ) |
21 | Obispo; and Yellow Cab of South Bay Co- | ) |
   | operative, Inc. dba South Bay Yellow Cab, | ) |
22 |                                           | ) |
   |              Plaintiffs, | ) |
23 |                                           | ) |
   |        vs. | ) |
24 |                                           | ) |
   | Uber Technologies, Inc.; Rasier, LLC; and | ) |
25 | Rasier-CA, LLC, | ) |
   |                                           | ) |
26 |              Defendants. | ) |
   |                                           | ) |
27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10095121

STIPULATION TO AMEND PROTECTIVE ORDER;
Case No. 3:15-cv-01257-JST

1        The parties, by and through their respective counsel of record and pursuant to Local Rule

2   7-12, enter into the following stipulation to amend the Stipulated Protective Order  ("Protective

3   Order") (Dkt. 58) in this action to:  (1) permit Defendants' in-house counsel to have access to

4   financial information designated by Plaintiffs as "CONFIDENTIAL – ATTORNEYS' EYES

5   ONLY"; (2) clarify that a party filing documents in this proceeding must follow the procedures for

6   filing documents under seal set forth in Local Rule 79-5 only where the documents contain

7   materials or information that have been designated "CONFIDENTIAL – ATTORNEYS' EYES

8   ONLY"; and (3) clarify that the designation "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

9   and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" are equivalent and have the

10  same effect.  A redlined Proposed Amended Stipulated Protective Order is attached hereto as

11  Exhibit A.

12       WHEREAS, on September 4, 2015, this Court signed and entered the Protective Order in

13  this action (Dkt. No. 58).

14       WHEREAS, the parties have been conducting discovery in accordance with the terms of

15  the Protective Order.

16       WHEREAS, under the terms of the current Protective Order, materials designated as

17  CONFIDENTIAL – ATTORNEYS' EYES ONLY may not be viewed by the parties' in-house

18  counsel.

19       WHEREAS, under the terms of the current Protective Order, a party filing documents in

20  this proceeding must follow the procedures for filing documents under seal set forth in Local Rule

21  79-5 where the documents contain materials or information that have been designated either as

22  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

23       WHEREAS, the current Protective Order uses the terms "CONFIDENTIAL –

24  ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

25  ONLY" interchangeably.

26       WHEREAS, the parties agree that it is necessary to amend the Protective Order to (1)

27  allow the disclosure of financial information to Defendants' in-house counsel solely to facilitate

28  settlement and mediation discussions; (2) ease the administrative burden of filing documents in

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10095121

- 1 -

STIPULATION TO AMEND
PROTECTIVE ORDER Case No. 3:15-cv-01257-JST

1  this matter and comply with this Court's general "policy of providing to the public full access to

2  documents filed with the Court," L. R. 79-5, Cmt.; and (3) clarify that the designations

3  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL –

4  ATTORNEYS' EYES ONLY" are equivalent and have the same effect.

5  NOW, THEREFORE, IN CONSIDERATION OF THE FOREGOING, IT IS HEREBY

6  STIPULATED by and between the parties that the Protective Order be amended as follows:

7  1.  Paragraph 1(d) shall be amended to read:  "'HIGHLY CONFIDENTIAL –

8  ATTORNEYS' EYES ONLY' or 'CONFIDENTIAL – ATTORNEYS' EYES ONLY'

9  Information or Items means extremely sensitive 'Confidential Information or Items,'

10  disclosure of which to another Party or Non-Party would create a substantial risk of

11  serious harm that could not be avoided by less restrictive means.  Under the Protective

12  Order, the terms 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY' and

13  'CONFIDENTIAL – ATTORNEYS' EYES ONLY' are equivalent and have the same

14  effect."

15  2.  The following shall be added to the end of paragraph 10(j):  "In addition, Defendants'

16  in-house counsel who are assisting with or making decisions concerning the Litigation

17  may have access to Plaintiffs' Financial Information designated as 'CONFIDENTIAL

18  – ATTORNEYS' EYES ONLY' solely for purposes of settlement and mediation

19  discussions, subject to review and signing of the form attached hereto as Exhibit

20  A.  For purposes of this sub-paragraph, 'Plaintiffs' Financial Information' means

21  Documents, Information, or Testimony that depicts or discusses Plaintiffs' income,

22  sales, revenue, expenses, costs, profits, losses, and/or margins for the years 2009-

23  2015."

24  3.  Paragraph 20 shall be amended to read:  "Where any material designated as

25  CONFIDENTIAL – ATTORNEYS' EYES ONLY, or Information derived from

26  material designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY, is included

27  in any motion or other proceeding, the Parties shall follow Local Rule 79-5.  The

28  Parties may include materials designated as CONFIDENTIAL or Information derived

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10095121

- 2 -

STIPULATION TO AMEND
PROTECTIVE ORDER Case No. 3:15-cv-01257-JST

1   from material designated as CONFIDENTIAL in any motion or other proceeding

2   without following Local Rule 79-5."

3

4   **IT IS SO STIPULATED.**

5

6   Dated: November 29, 2016           By: /s/ A. Matthew Ashley

7                                      A. MATTHEW ASHLEY

8                                      **IRELL & MANELLA LLP**
                                       840 Newport Center Drive, Suite 400
9                                      Newport Beach, California 92660-6324
                                       Telephone: (949) 760-0991
10                                     Facsimile: (949) 760-5200

11                                     Attorneys for Defendants

12  Dated: November 29, 2016           By: /s/ George S. Trevor

13

14                                     GEORGE S. TREVOR

15                                     **PEARSON, SIMON & WARSHAW, LLP**
                                       44 Montgomery Street, Suite 2450
16                                     San Francisco, California 94104
                                       Telephone: (415) 433-9000
17                                     Facsimile: (415) 433-9008

18                                     Attorneys for Plaintiffs

19

20                              **[~~PROPOSED~~] ORDER**

21

22

23  PURSUANT TO STIPULATION, IT IS SO ORDERED.

24

25  Dated: ___December 1, 2016___      _____
                                       The Honorable Jon S. Tigar
26                                     United States District Judge

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10095121                    - 3 -             STIPULATION TO AMEND
                                    PROTECTIVE ORDER Case No. 3:15-cv-01257-JST

# EXHIBIT A

1   IRELL & MANELLA LLP
    Andra Barmash Greene (123931)
2   agreene@irell.com
    A. Matthew Ashley (198235)
3   mashley@irell.com
    840 Newport Center Drive, Suite 400
4   Newport Beach, California 92660-6324
    Telephone:   (949) 760-0991
5   Facsimile:   (949) 760-5200

6   Attorneys for Defendants
    Uber Technologies, Inc.; Rasier, LLC; and
7   Rasier-CA, LLC

8                   **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10                  **SAN FRANCISCO DIVISION**

11   L.A. Taxi Cooperative, Inc. dba Yellow Cab          )   Case No. 3:15-cv-01257-JST
     Co.; Administrative Services SD, LLC dba            )
12   Yellow Radio Service; All Yellow Taxi, Inc.         )   **[PROPOSED] AMENDED STIPULATION**
     dba Metro Cab; American Cab, LLC;                   )   **AND PROTECTIVE ORDER**
13   American Cab, LLC dba Pomona Valley                 )
     Yellow Cab; Bell Cab Company, Inc.;                 )   Judge:   Hon. Jon S. Tigar
14   TM-MTM, Inc.; Big Dog City Corporation dba )
     Citywide Dispatch, Citywide Taxi, and Big          )
15   Dog Cab; Cabco Yellow, Inc. dba California          )
     Yellow Cab; C&J Leasing, Inc. dba Royal             )
16   Taxi; G&S Transit Management, Inc.; Gorgee          )
     Enterprises, Inc.; LA City Cab, LLC; Long           )
17   Beach Yellow Cab Co-operative, Inc.;                )
     Network Paratransit Systems, Inc.; South Bay        )
18   Co-operative, Inc. dba United Checker Cab;          )
     Taxi Leasing, Inc. dba Yellow Cab of Ventura        )
19   County; Tri-City Transportation Systems, Inc.; )
     Tri Counties Transit Corporation dba Blue           )
20   Dolphin Cab of Santa Barbara, Yellow Cab of )
     Santa Maria, and Yellow Cab of San Luis             )
21   Obispo; and Yellow Cab of South Bay                 )
     Cooperative, Inc. dba South Bay Yellow Cab,         )
22                                                       )
                    Plaintiffs,                          )
23                                                       )
            vs.                                          )
24                                                       )
     Uber Technologies, Inc.; Rasier, LLC; and           )
25   Rasier-CA, LLC,                                     )
                                                         )
26                  Defendants.                          )
                                                         )
27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10095323

AMENDED STIPULATION AND PROTECTIVE ORDER
(Case No. 3:15-cv-01257-JST)

1     Disclosure and discovery activity in this action are likely to involve production of

2  confidential, proprietary, or private information for which special protection from public

3  disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

4  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated

5  Protective Order.  The parties acknowledge that this Order does not confer blanket protections on

6  all disclosures or responses to discovery and that the protection it affords from public disclosure

7  and use extends only to the limited information or items that are entitled to confidential treatment

8  under the applicable legal principles.  The parties further acknowledge that this Stipulated

9  Protective Order does not entitle them to file confidential information under seal; Civil Local Rule

10  79-5 sets forth the procedures that must be followed and the standards that will be applied when a

11  party seeks permission from the Court to file material under seal.

12     1.     In this Stipulation and Protective Order, the words set forth below shall have the

13  following meanings:

14          a.     "Proceeding" means the above-entitled action.

15          b.     "Confidential Materials" means any Documents, Testimony or Information

16  as defined below designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS'

17  EYES ONLY" pursuant to the provisions of this Stipulation and Protective Order.

18          c.     "CONFIDENTIAL" means any Documents, Testimony, or Information that

19  the Designating Party believes in good faith qualifies for protection under Federal Rule of Civil

20  Procedure 26(c), and may include confidential technical, sales, marketing, personal, financial, or

21  other commercially sensitive information, whether embodied in physical objects, documents, or

22  the factual knowledge of persons.

23          d.     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

24  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items means extremely

25  sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party

26  would create a substantial risk of serious harm that could not be avoided by less restrictive means.

27  Under the Protective Order, the terms "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10095323

- 1 -

AMENDED STIPULATION AND PROTECTIVE ORDER
(Case No. 3:15-cv-01257-JST)

ONLY' and 'CONFIDENTIAL – ATTORNEYS' EYES ONLY" are equivalent and have the same effect.

        e.      "Challenging Party" means any party to this Proceeding or non-party that challenges the designation of Confidential Materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

        f.      "Designating Party" means any party to this Proceeding and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order that designates materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

        g.      "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available materials, or any part thereof, or any information contained therein.

        h.      "Documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a) and includes (i) any writing, original, and duplicate, which have been produced in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

        i.      "Information" means the content of Documents or Testimony, including any information copied or extracted therefrom or otherwise reflecting the content of Documents or Testimony, in any form.

        j.      "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

    2.      NO WAIVER.  The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or privacy right afforded by federal, state, or local law or regulation, or any Party's right to contest any such assertion.

    3.      SCOPE.  The protections conferred by this Stipulation and Order cover not only Confidential Materials (as defined above), but also (1) any information copied or extracted from

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10095323

- 2 -

AMENDED STIPULATION AND PROTECTIVE ORDER
(Case No. 3:15-cv-01257-JST)

Confidential Materials; (2) all copies, excerpts, summaries, or compilations of Confidential Materials; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Materials.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Confidential Material at trial shall be governed by a separate agreement or order.

4.      DURATION.  Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING CONFIDENTIAL MATERIAL.  Any Documents, Testimony or Information to be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced.  The "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation should not obscure or interfere with the legibility of the designated Information.

a.      For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page of any Document containing such designated Confidential Material.

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10095323

AMENDED STIPULATION AND PROTECTIVE ORDER
(Case No. 3:15-cv-01257-JST)

- 3 -

b. For Testimony given in depositions, the Designating Party may either:

i. identify on the record, before the close of the deposition, all "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Testimony, by specifying all portions of the Testimony that qualify as "CONFIDENTIAL;" or

ii. designate the entirety of the Testimony at the deposition, or within 21 days from receipt of the final transcript, as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"  with the right to identify more specific portions of the Testimony as to which protection is sought within 45 days following receipt of the deposition transcript.  In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "CONFIDENTIAL" or "CONFIDENTIAL –ATTORNEYS' EYES ONLY," as instructed by the Designating Party.

c. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" portions.

6. INADVERTENT FAILURE TO DESIGNATE CONFIDENTIAL AND CONFIDENTIAL – ATTORNEYS' EYES ONLY MATERIALS.  The inadvertent production or disclosure by any Party or non-Parties to the Proceedings of any Document, Testimony or Information in this Proceeding without a "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation, shall be without prejudice to a claim that such item is

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10095323

- 4 -

AMENDED STIPULATION AND PROTECTIVE ORDER
(Case No. 3:15-cv-01257-JST)

"CONFIDENTIAL" or "CONFIDENTIAL –ATTORNEYS' EYES ONLY" and such Party shall not be held to have waived any rights by the inadvertent production.  If any Document, Testimony or Information that is subject to a "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation is inadvertently produced without a designation, the Party that inadvertently produced the document shall give written notice of the inadvertent production within 21 days of actual discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Failure to provide the notice within 21 days shall not, standing alone, operate as a waiver of an applicable privilege.  Upon receipt of the notice, Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of the Protective Order.  To the extent possible, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "CONFIDENTIAL" or "CONFIDENTIAL –ATTORNEYS' EYES ONLY" designated materials.  Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within 10 days of receipt of written notice of the inadvertent production.  This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges.  If the Party that received the inadvertently produced Document, Testimony, or Information wishes to challenge the Claim of Privilege (defined below), the Party shall follow the procedure set forth in paragraph 7.

7.      INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL.  The inadvertent production or disclosure by any Party or non-Parties to the Proceedings of any Document, Testimony or Information in this Proceeding that is, in whole or in part, protected by the attorney-client privilege or the attorney work product doctrine, or any other applicable legal privilege ("Claim of Privilege"), shall be without prejudice to a claim that such item is protected

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10095323

- 5 -

AMENDED STIPULATION AND PROTECTIVE ORDER
(Case No. 3:15-cv-01257-JST)

1   by such a privilege and such Party shall not be held to have waived any rights by the inadvertent

2   production or disclosure.  If any Document, Testimony or Information that is subject to a Claim of

3   Privilege is inadvertently produced or disclosed, the Party that inadvertently produced the

4   document or information shall give written notice of the inadvertent production or disclosure

5   within 60 days of actual discovery of the inadvertent production or disclosure.  Failure to provide

6   the notice within 60 days shall not operate as a waiver of an applicable privilege.  When a

7   Producing Party gives notice that certain inadvertently produced material is subject to a claim of

8   privilege or other protection, the obligations of the receiving parties are those set forth in Federal

9   Rule of Civil Procedure 26(b)(5)(B).  Should the receiving Party choose to destroy the

10  inadvertently produced Document, Testimony or Information, the receiving Party shall notify the

11  producing Party in writing of such destruction within 10 days of receipt of written notice of the

12  inadvertent production.

13      8.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

14          a.      Timing of Challenges.  Any Party or Non-Party may challenge a

15  designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's

16  confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary

17  economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its

18  right to challenge a confidentiality designation by electing not to mount a challenge promptly after

19  the original designation is disclosed.

20          b.      Meet and Confer.  The Challenging Party shall initiate the dispute

21  resolution process by providing written notice of each designation it is challenging and describing

22  the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the

23  written notice must recite that the challenge to confidentiality is being made in accordance with

24  this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge

25  in good faith and must begin the process by conferring directly (in voice to voice dialogue; other

26  forms of communication are not sufficient) within 21 days of the date of service of notice.  In

27  conferring, the Challenging Party must explain the basis for its belief that the confidentiality

28  designation was not proper and must give the Designating Party an opportunity to review the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10095323

- 6 -

AMENDED STIPULATION AND PROTECTIVE ORDER
(Case No. 3:15-cv-01257-JST)

1    designated material, to reconsider the circumstances, and, if no change in designation is offered, to

2    explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage

3    of the challenge process only if it has engaged in this meet and confer process first or establishes

4    that the Designating Party is unwilling to participate in the meet and confer process in a timely

5    manner.

6                        c.        Judicial Intervention.  If the Parties cannot resolve a challenge without

7    Court intervention, the Designating Party shall file and serve a motion to retain confidentiality

8    under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 35

9    days of the initial notice of challenge or within 28 days of the parties agreeing that the meet and

10   confer process will not resolve their dispute, whichever is earlier.  Each such motion must be

11   accompanied by a competent declaration affirming that the movant has complied with the meet

12   and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to

13   make such a motion including the required declaration within 35 days (or 28 days, if applicable)

14   shall automatically waive the confidentiality designation for each challenged designation.  In

15   addition, the Challenging Party may file a motion challenging a confidentiality designation at any

16   time if there is good cause for doing so, including a challenge to the designation of a deposition

17   transcript or any portions thereof.  Any motion brought pursuant to this provision must be

18   accompanied by a competent declaration affirming that the movant has complied with the meet

19   and confer requirements imposed by the preceding paragraph.  The burden of persuasion in any

20   such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those

21   made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on

22   other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has

23   waived the confidentiality designation by failing to file a motion to retain confidentiality as

24   described above, all parties shall continue to afford the material in question the level of protection

25   to which it is entitled under the Producing Party's designation until the Court rules on the

26   challenge.

27            9.        The following information is not Confidential Material:

28                 a.        Published advertising materials;

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10095323

- 7 -

AMENDED STIPULATION AND PROTECTIVE ORDER
(Case No. 3:15-cv-01257-JST)

1               b.      Any information that is part of the public domain as a result of publication

2  not involving a violation of this Protective Order; and

3               c.      Any information that the receiving Party can show was already publicly

4  known prior to the disclosure;

5               d.      Any documents offered into evidence in any other court or judicial

6  proceeding, unless the documents have been designated confidential under an applicable

7  protective order or filed under seal.

8         10.      ACCESS TO AND USE OF PROTECTED MATERIAL.  Unless otherwise

9  ordered by the court or permitted in writing by the Designating Party, access to and/or Disclosure

10  of Confidential Materials designated as "CONFIDENTIAL" shall be permitted only to the

11  following persons:

12               a.      Trial Counsel for the Parties, their partners and associates, and staff and

13  supporting personnel of such attorneys, such as paralegal assistants, secretarial, stenographic and

14  clerical employees and contractors, and outside copying services, who are working on this

15  Proceeding (or any further proceedings herein) under the direction of such attorneys.  Such

16  employees, assistants, contractors and agents to whom such access is permitted and/or Disclosure

17  is made shall, prior to such access or Disclosure, be advised of, and become subject to, the

18  provisions of this Protective Order.  "Trial Counsel," for purposes of this subparagraph, shall

19  mean outside retained counsel of record and shall not include in-house counsel to the undersigned

20  Parties and the paralegal, clerical and secretarial staff employed by such in-house counsel;

21               b.      The parties to this Proceeding, including each party's officers, directors,

22  managers, and employees (including in-house counsel) who are assisting with or making decisions

23  concerning the Litigation, to the extent deemed reasonably necessary by counsel of record for the

24  purpose of assisting in the prosecution or defense of the Proceeding for use in accordance with this

25  Stipulation and Protective Order;

26               c.      Outside experts or expert consultants (whether or not retained to testify),

27  provided that such expert or consultant is not currently an employee of, or advising or discussing

28  employment with, or a consultant to, a competitor of any party to this Proceeding; jury and trial

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10095323

- 8 -

AMENDED STIPULATION AND PROTECTIVE ORDER
(Case No. 3:15-cv-01257-JST)

consulting service providers;  graphics, translation, or design services retained by counsel for

purposes of preparing demonstrative or other exhibits for deposition, trial, or other aspects of the

Proceedings; and mock jurors consulted by the undersigned Parties or their counsel in connection

with the Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to

any of the aforementioned persons, counsel for the Party making the Disclosure shall deliver a

copy of this Stipulation and Protective Order to such person, shall explain its terms to such person,

and shall secure and maintain the signature of such person on a statement in the form attached

hereto as Exhibit A prior to the Disclosure of Confidential Materials.  It shall be the obligation of

counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order

by any such person, to promptly notify counsel for the Designating Party of such breach or

threatened breach;

                d.      The Court, its personnel and stenographic reporters (under seal or with

other suitable precautions determined by the Court);

                e.      Independent stenographic reporters and videographers retained to record

and transcribe testimony in connection with this Proceeding;

                f.      Any person who authored, received, saw or was otherwise familiar with a

document or thing marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES

ONLY," including any person otherwise familiar with the Confidential Information contained

therein, but only to the extent of that person's prior familiarity with the Confidential Information;

                g.      During his or her testimony at trial or during deposition, any witness if such

person is employed by or affiliated with the same entity as a person indicated on the face of a

document to be the author, addressee, or a copy recipient of the document; provided, however, that

prior to the Disclosure of Confidential Materials to any such witness, counsel for the Party making

the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall

explain its terms to such person, and shall secure and maintain the signature of such person on a

statement in the form attached hereto as Exhibit A prior to the Disclosure of Confidential

Materials.  It shall be the obligation of counsel, upon learning of any breach or threatened breach

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10095323

AMENDED STIPULATION AND PROTECTIVE ORDER
(Case No. 3:15-cv-01257-JST)

- 9 -

1    of this Stipulation and Protective Order by any such person, to promptly notify counsel for the

2    Designating Party of such breach or threatened breach;

3                 h.      A mediator selected by mutual agreement of the Parties; and

4                 i.      To the extent reasonably necessary, any employees or attorneys of any

5    insurance company which is or may be required to defend and/or indemnify any Party in this

6    lawsuit.

7                 j.      Confidential Materials designated "CONFIDENTIAL – ATTORNEYS'

8    EYES ONLY" and information contained therein shall be available only to those individuals

9    identified in paragraph 10(a) and (c)-(i), subject to review and signing of the form attached hereto

10    as Exhibit A for those identified in paragraphs 10(c) and 10(g).  In addition, Defendants' in-house

11    counsel who are assisting with or making decisions concerning the Litigation may have access to

12    Plaintiffs' Financial Information designated as "CONFIDENTIAL – ATTORNEYS' EYES

13    ONLY" solely for purposes of settlement and mediation discussions, subject to review and signing

14    of the form attached hereto as Exhibit A.  For purposes of this sub-paragraph, "Plaintiffs'

15    Financial Information" means Documents, Information, or Testimony that depicts or discusses

16    Plaintiffs' income, sales, revenue, expenses, costs, profits, losses, and/or margins for the years

17    2009-2015.

18        11.      Confidential Materials shall be used by the persons receiving them only for the

19    purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or

20    defending the Proceeding, and not for any business or other purpose whatsoever.

21        12.      Any Party to the Proceeding (or other person subject to the terms of this Stipulation

22    and Protective Order) may ask the Court, after appropriate notice to the other Parties to the

23    Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

24    Any party or other person subject to the terms of this Stipulation and Protective Order requesting

25    relief from the Court under this paragraph must first meet and confer with the other parties to the

26    proceeding.

27        13.      Entering into, agreeing to, and/or complying with the terms of this Stipulation and

28    Protective Order shall not:

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10095323

- 10 -

AMENDED STIPULATION AND PROTECTIVE ORDER
(Case No. 3:15-cv-01257-JST)

1    a.  operate as an admission by any person that any particular Document,

2 Testimony or Information marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS'

3 EYES ONLY" contains or reflects trade secrets, proprietary, confidential or competitively

4 sensitive business, commercial, financial or personal information; or

5    b.  prejudice in any way the right of any Party (or any other person subject to

6 the terms of this Stipulation and Protective Order):

7      i.  to seek a determination by the Court of whether any particular

8      Confidential Material should be subject to protection as "CONFIDENTIAL" or

9      "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this

10     Stipulation and Protective Order; or

11      ii.  to seek relief from the Court on appropriate notice to all other

12     Parties to the Proceeding from any provision(s) of this Stipulation and Protective

13     Order, either generally or as to any particular Document, Material or Information.

14  14.  Any Party to the Proceeding who has not executed this Stipulation and Protective

15 Order as of the time it is presented to the Court for signature may thereafter become a Party to this

16 Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the

17 same with the Court, and serving copies of such signed and dated copy upon the other Parties to

18 this Stipulation and Protective Order.

19  15.  Any Information that may be produced by a non-Party witness in the Proceeding

20 pursuant to subpoena or otherwise may be designated by such non-Party as "CONFIDENTIAL" or

21 "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Stipulation and

22 Protective Order, and any such designation by a non-Party shall have the same force and effect,

23 and create the same duties and obligations, as if made by one of the undersigned Parties hereto.

24 Any such designation shall also function as a consent by such producing Party to the authority of

25 the Court in the Proceeding to resolve and conclusively determine any motion or other application

26 made by any person or Party with respect to such designation, or any other matter otherwise

27 arising under this Stipulation and Protective Order.

28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10095323

- 11 -

AMENDED STIPULATION AND PROTECTIVE ORDER
(Case No. 3:15-cv-01257-JST)

16.     If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena.  Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law.  The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

17.     Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection.  The Parties shall meet and confer to agree upon the terms of such additional protection.

18.     If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

19.     This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party.

20.     Where any ~~Confidential M~~materials designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY, or Information derived from ~~Confidential M~~materials designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY, is included in any motion or other proceeding,

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10095323

AMENDED STIPULATION AND PROTECTIVE ORDER
(Case No. 3:15-cv-01257-JST)

- 12 -

1  the Party shall follow Local Rule 79-5.  The Parties may include materials designated as

2  CONFIDENTIAL or Information derived from material designated as CONFIDENTIAL in any

3  motion or other proceeding without following Local Rule 79-5.

4      21.    The Parties shall meet and confer regarding the procedures for use of Confidential

5  Materials at trial and shall move the Court for entry of an appropriate order.

6      22.    Nothing in this Stipulation and Protective Order shall affect the admissibility into

7  evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to

8  pursue other appropriate judicial action with respect to any ruling made by the Court concerning

9  the issue of the status of Protected Material.

10      23.    This Stipulation and Protective Order shall continue to be binding after the

11  conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except

12  that a Party may seek the written permission of the Designating Party or may move the Court for

13  relief from the provisions of this Stipulation and Protective Order.  To the extent permitted by law,

14  the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective

15  Order, even after the Proceeding is terminated.

16      24.    Upon written request made within thirty (30) days after final disposition of this

17  action, as defined in Paragraph 4, the undersigned Parties shall have thirty (30) days to either (a)

18  promptly return to counsel for each Designating Party all Confidential Materials and all copies

19  thereof (except that counsel for each Party may maintain in its files, in continuing compliance with

20  the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading

21  filed with the Court and one copy of each deposition together with the exhibits marked at the

22  deposition), (b) agree with counsel for the Designating Party upon appropriate methods and

23  certification of destruction or other disposition of such Confidential Materials, or (c) as to any

24  Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a

25  motion seeking a Court order regarding proper preservation of such materials.  To the extent

26  permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion

27  referred to in sub-paragraph (c) herein.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

AMENDED STIPULATION AND PROTECTIVE ORDER
(Case No. 3:15-cv-01257-JST)

10095323

- 13 -

1   25.   After this Stipulation and Protective Order has been signed by counsel for all

2   Parties, it shall be presented to the Court for entry.  Counsel agree to be bound by the terms set

3   forth herein with regard to any Confidential Materials that have been produced before the Court

4   signs this Stipulation and Protective Order.

5   26.   The Parties and all signatories to the Certification attached as Exhibit A agree to be

6   bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the

7   event that the Court modifies this Stipulation and Protective Order, or in the event that the Court

8   enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective

9   Order until such time as the Court may enter such a different Order.  It is the Parties' intent to be

10  bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for

11  immediate production or disclosure of Confidential Materials under the terms herein.

12  This Stipulation and Protective Order may be executed in counterparts.

13  Dated:  November 29, 2016          Respectfully submitted,

14                                     By:/s/ A. Matthey Ashley

15                                        A. Matthew Ashley
                                          **IRELL & MANELLA LLP**
16                                        Attorneys for Defendants

17  Dated:  November 29, 2016          By:/s/ George S. Trevor

18                                        George Schieffelin Trevor
                                          **PEARSON, SIMON & WARSHAW, LLP**
19                                        44 Montgomery Street, Suite 2450
                                          San Francisco, California 94104
20                                        Telephone: (415) 433-9000
                                          Facsimile: (415) 433-9008
21                                        Attorneys for Plaintiffs

22

23

24

25

26

27

28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10095323

- 14 -

AMENDED STIPULATION AND PROTECTIVE ORDER
(Case No. 3:15-cv-01257-JST)

1

## <u>ORDER</u>

2          GOOD CAUSE APPEARING, the Court hereby approves this Stipulation and Protective

3   Order.

4          PURSUANT TO STIPULATION, IT IS SO ORDERED.

5

6

7   Dated: _____                    _____

8                                             United States District Court Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10095323

1   **EXHIBIT A — CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS**

2        I hereby acknowledge that I,_____[NAME],

3   _____ [POSITION AND EMPLOYER], am about to

4   receive Confidential Materials supplied in connection with the Proceeding.  I certify that I

5   understand that the Confidential Materials are provided to me subject to the terms and restrictions

6   of the Stipulation and Protective Order filed in this Proceeding.  I have been given a copy of the

7   Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

8        I understand that Confidential Materials, as defined in the Stipulation and Protective Order,

9   including any notes or other records that may be made regarding any such materials, shall not be

10  Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order.  I will

11  not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials

12  obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the

13  Court in the Proceeding.

14       I further understand that I am to retain all copies of all Confidential Materials provided to

15  me in the Proceeding in a secure manner, and that all copies of such materials are to remain in my

16  personal custody until termination of my participation in this Proceeding, whereupon the copies of

17  such materials will be returned to counsel who provided me with such materials.

18       I declare under penalty of perjury that the foregoing is true and correct.

19  Dated:                         BY:

20                                      _____

21                                      Signature

22                                      _____

23                                      Title

24                                      _____

25                                      Address

26                                      _____

27                                      City, State, Zip

28                                      _____

                                  Telephone Number

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10095323

AMENDED STIPULATION AND PROTECTIVE ORDER
(Case No. 3:15-cv-01257-JST)

- 16 -