IRELL & MANELLA LLP
Andra Barmash Greene (123931)
agreene@irell.com
A. Matthew Ashley (198235)
mashley@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

Attorneys for Defendants
Uber Technologies, Inc.; Rasier, LLC; and
Rasier-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

L.A. Taxi Cooperative, Inc. dba Yellow Cab Co.; Administrative Services SD, LLC dba Yellow Radio Service; All Yellow Taxi, Inc. dba Metro Cab; American Cab, LLC; American Cab, LLC dba Pomona Valley Yellow Cab; Bell Cab Company, Inc.; TM-MTM, Inc.; Big Dog City Corporation dba Citywide Dispatch, Citywide Taxi, and Big Dog Cab; Cabco Yellow, Inc. dba California Yellow Cab; C&J Leasing, Inc. dba Royal Taxi; G&S Transit Management, Inc.; Gorgee Enterprises, Inc.; LA City Cab, LLC; Long Beach Yellow Cab Co-operative, Inc.; Network Paratransit Systems, Inc.; South Bay Co-operative, Inc. dba United Checker Cab; Taxi Leasing, Inc. dba Yellow Cab of Ventura County; Tri-City Transportation Systems, Inc.; Tri Counties Transit Corporation dba Blue Dolphin Cab of Santa Barbara, Yellow Cab of Santa Maria, and Yellow Cab of San Luis Obispo; and Yellow Cab of South Bay Cooperative, Inc. dba South Bay Yellow Cab,

Plaintiffs,

vs.

Uber Technologies, Inc.; Rasier, LLC; and Rasier-CA, LLC,

Defendants.

Case No. 3:15-cv-01257-JST

**[~~PROPOSED~~] AMENDED STIPULATION AND PROTECTIVE ORDER**

Judge: Hon. Jon S. Tigar

IRELL & MANELLA LLP
A Registered Limited Liability Law Partnership Including Professional Corporations

AMENDED STIPULATION AND PROTECTIVE ORDER
(Case No. 3:15-cv-01257-JST)

10095323

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

1.  In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

   a.  "Proceeding" means the above-entitled action.

   b.  "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the provisions of this Stipulation and Protective Order.

   c.  "CONFIDENTIAL" means any Documents, Testimony, or Information that the Designating Party believes in good faith qualifies for protection under Federal Rule of Civil Procedure 26(c), and may include confidential technical, sales, marketing, personal, financial, or other commercially sensitive information, whether embodied in physical objects, documents, or the factual knowledge of persons.

   d.  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items means extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Under the Protective Order, the terms "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

AMENDED STIPULATION AND PROTECTIVE ORDER
(Case No. 3:15-cv-01257-JST)

10095323                                         - 1 -

ONLY" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY" are equivalent and have the same effect.

  e. "Challenging Party" means any party to this Proceeding or non-party that challenges the designation of Confidential Materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

  f. "Designating Party" means any party to this Proceeding and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order that designates materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

  g. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available materials, or any part thereof, or any information contained therein.

  h. "Documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a) and includes (i) any writing, original, and duplicate, which have been produced in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

  i. "Information" means the content of Documents or Testimony, including any information copied or extracted therefrom or otherwise reflecting the content of Documents or Testimony, in any form.

  j. "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

 2. NO WAIVER. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or privacy right afforded by federal, state, or local law or regulation, or any Party's right to contest any such assertion.

 3. SCOPE. The protections conferred by this Stipulation and Order cover not only Confidential Materials (as defined above), but also (1) any information copied or extracted from

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

AMENDED STIPULATION AND PROTECTIVE ORDER
(Case No. 3:15-cv-01257-JST)

10095323   - 2 -

Confidential Materials; (2) all copies, excerpts, summaries, or compilations of Confidential Materials; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Materials. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Confidential Material at trial shall be governed by a separate agreement or order.

4. DURATION. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING CONFIDENTIAL MATERIAL. Any Documents, Testimony or Information to be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation should not obscure or interfere with the legibility of the designated Information.

a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page of any Document containing such designated Confidential Material.

IRELL & MANELLA LLP
A Registered Limited Liability Law Partnership Including Professional Corporations

AMENDED STIPULATION AND PROTECTIVE ORDER
(Case No. 3:15-cv-01257-JST)

10095323

- 3 -

b. For Testimony given in depositions, the Designating Party may either:

i. identify on the record, before the close of the deposition, all "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Testimony, by specifying all portions of the Testimony that qualify as "CONFIDENTIAL;" or

ii. designate the entirety of the Testimony at the deposition, or within 21 days from receipt of the final transcript, as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" with the right to identify more specific portions of the Testimony as to which protection is sought within 45 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "CONFIDENTIAL" or "CONFIDENTIAL –ATTORNEYS' EYES ONLY," as instructed by the Designating Party.

c. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" portions.

6. INADVERTENT FAILURE TO DESIGNATE CONFIDENTIAL AND CONFIDENTIAL – ATTORNEYS' EYES ONLY MATERIALS. The inadvertent production or disclosure by any Party or non-Parties to the Proceedings of any Document, Testimony or Information in this Proceeding without a "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation, shall be without prejudice to a claim that such item is

IRELL & MANELLA LLP
A Registered Limited Liability Law Partnership Including Professional Corporations

AMENDED STIPULATION AND PROTECTIVE ORDER
(Case No. 3:15-cv-01257-JST)

10095323

- 4 -

"CONFIDENTIAL" or "CONFIDENTIAL –ATTORNEYS' EYES ONLY" and such Party shall not be held to have waived any rights by the inadvertent production. If any Document, Testimony or Information that is subject to a "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation is inadvertently produced without a designation, the Party that inadvertently produced the document shall give written notice of the inadvertent production within 21 days of actual discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Failure to provide the notice within 21 days shall not, standing alone, operate as a waiver of an applicable privilege. Upon receipt of the notice, Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of the Protective Order. To the extent possible, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "CONFIDENTIAL" or "CONFIDENTIAL –ATTORNEYS' EYES ONLY" designated materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within 10 days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. If the Party that received the inadvertently produced Document, Testimony, or Information wishes to challenge the Claim of Privilege (defined below), the Party shall follow the procedure set forth in paragraph 7.

7. INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL. The inadvertent production or disclosure by any Party or non-Parties to the Proceedings of any Document, Testimony or Information in this Proceeding that is, in whole or in part, protected by the attorney-client privilege or the attorney work product doctrine, or any other applicable legal privilege ("Claim of Privilege"), shall be without prejudice to a claim that such item is protected

IRELL & MANELLA LLP
A Registered Limited Liability Law Partnership Including Professional Corporations

AMENDED STIPULATION AND PROTECTIVE ORDER
(Case No. 3:15-cv-01257-JST)

10095323

- 5 -

by such a privilege and such Party shall not be held to have waived any rights by the inadvertent production or disclosure. If any Document, Testimony or Information that is subject to a Claim of Privilege is inadvertently produced or disclosed, the Party that inadvertently produced the document or information shall give written notice of the inadvertent production or disclosure within 60 days of actual discovery of the inadvertent production or disclosure. Failure to provide the notice within 60 days shall not operate as a waiver of an applicable privilege. When a Producing Party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Should the receiving Party choose to destroy the inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within 10 days of receipt of written notice of the inadvertent production.

8.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

a.  Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

b.  Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 21 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

AMENDED STIPULATION AND PROTECTIVE ORDER
(Case No. 3:15-cv-01257-JST)

10095323                    - 6 -


designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

c. Judicial Intervention. If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 35 days of the initial notice of challenge or within 28 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 35 days (or 28 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

9. The following information is not Confidential Material:

a. Published advertising materials;

b. Any information that is part of the public domain as a result of publication not involving a violation of this Protective Order; and

c. Any information that the receiving Party can show was already publicly known prior to the disclosure;

d. Any documents offered into evidence in any other court or judicial proceeding, unless the documents have been designated confidential under an applicable protective order or filed under seal.

10. ACCESS TO AND USE OF PROTECTED MATERIAL. Unless otherwise ordered by the court or permitted in writing by the Designating Party, access to and/or Disclosure of Confidential Materials designated as "CONFIDENTIAL" shall be permitted only to the following persons:

a. Trial Counsel for the Parties, their partners and associates, and staff and supporting personnel of such attorneys, such as paralegal assistants, secretarial, stenographic and clerical employees and contractors, and outside copying services, who are working on this Proceeding (or any further proceedings herein) under the direction of such attorneys. Such employees, assistants, contractors and agents to whom such access is permitted and/or Disclosure is made shall, prior to such access or Disclosure, be advised of, and become subject to, the provisions of this Protective Order. "Trial Counsel," for purposes of this subparagraph, shall mean outside retained counsel of record and shall not include in-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such in-house counsel;

b. The parties to this Proceeding, including each party's officers, directors, managers, and employees (including in-house counsel) who are assisting with or making decisions concerning the Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Proceeding for use in accordance with this Stipulation and Protective Order;

c. Outside experts or expert consultants (whether or not retained to testify), provided that such expert or consultant is not currently an employee of, or advising or discussing employment with, or a consultant to, a competitor of any party to this Proceeding; jury and trial

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

AMENDED STIPULATION AND PROTECTIVE ORDER
(Case No. 3:15-cv-01257-JST)

10095323                                - 8 -

consulting service providers; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other aspects of the Proceedings; and mock jurors consulted by the undersigned Parties or their counsel in connection with the Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any of the aforementioned persons, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure and maintain the signature of such person on a statement in the form attached hereto as Exhibit A prior to the Disclosure of Confidential Materials. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such person, to promptly notify counsel for the Designating Party of such breach or threatened breach;

   d. The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court);

   e. Independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this Proceeding;

   f. Any person who authored, received, saw or was otherwise familiar with a document or thing marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," including any person otherwise familiar with the Confidential Information contained therein, but only to the extent of that person's prior familiarity with the Confidential Information;

   g. During his or her testimony at trial or during deposition, any witness if such person is employed by or affiliated with the same entity as a person indicated on the face of a document to be the author, addressee, or a copy recipient of the document; provided, however, that prior to the Disclosure of Confidential Materials to any such witness, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure and maintain the signature of such person on a statement in the form attached hereto as Exhibit A prior to the Disclosure of Confidential Materials. It shall be the obligation of counsel, upon learning of any breach or threatened breach

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

AMENDED STIPULATION AND PROTECTIVE ORDER
(Case No. 3:15-cv-01257-JST)

10095323   - 9 -

of this Stipulation and Protective Order by any such person, to promptly notify counsel for the Designating Party of such breach or threatened breach;

h. A mediator selected by mutual agreement of the Parties; and

i. To the extent reasonably necessary, any employees or attorneys of any insurance company which is or may be required to defend and/or indemnify any Party in this lawsuit.

j. Confidential Materials designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and information contained therein shall be available only to those individuals identified in paragraph 10(a) and (c)-(i), subject to review and signing of the form attached hereto as Exhibit A for those identified in paragraphs 10(c) and 10(g). In addition, Defendants' in-house counsel who are assisting with or making decisions concerning the Litigation may have access to Plaintiffs' Financial Information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" solely for purposes of settlement and mediation discussions, subject to review and signing of the form attached hereto as Exhibit A. For purposes of this sub-paragraph, "Plaintiffs' Financial Information" means Documents, Information, or Testimony that depicts or discusses Plaintiffs' income, sales, revenue, expenses, costs, profits, losses, and/or margins for the years 2009-2015.

11. Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

12. Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order. Any party or other person subject to the terms of this Stipulation and Protective Order requesting relief from the Court under this paragraph must first meet and confer with the other parties to the proceeding.

13. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

IRELL & MANELLA LLP
A Registered Limited Liability Law Partnership Including Professional Corporations

AMENDED STIPULATION AND PROTECTIVE ORDER
(Case No. 3:15-cv-01257-JST)

10095323

- 10 -

      a. operate as an admission by any person that any particular Document, Testimony or Information marked “CONFIDENTIAL” or “CONFIDENTIAL – ATTORNEYS’ EYES ONLY” contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

b. prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

i. to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as “CONFIDENTIAL” or “CONFIDENTIAL – ATTORNEYS’ EYES ONLY” under the terms of this Stipulation and Protective Order; or

ii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

14. Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel’s signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

15. Any Information that may be produced by a non-Party witness in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as “CONFIDENTIAL” or “CONFIDENTIAL – ATTORNEYS’ EYES ONLY” under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

IRELL & MANELLA LLP
A Registered Limited Liability Law Partnership Including Professional Corporations

AMENDED STIPULATION AND PROTECTIVE ORDER
(Case No. 3:15-cv-01257-JST)

10095323

- 11 -

16. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

17. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

18. If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

19. This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party.

20. Where any material designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY, or Information derived from material designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY, is included in any motion or other proceeding, the Parties shall follow Local Rule

IRELL & MANELLA LLP
A Registered Limited Liability Law Partnership Including Professional Corporations

AMENDED STIPULATION AND PROTECTIVE ORDER
(Case No. 3:15-cv-01257-JST)

10095323

- 12 -

79-5. The Parties may include materials designated as CONFIDENTIAL or Information derived from material designated as CONFIDENTIAL in any motion or other proceeding without following Local Rule 79-5.

21. The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

22. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

23. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

24. Upon written request made within thirty (30) days after final disposition of this action, as defined in Paragraph 4, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

AMENDED STIPULATION AND PROTECTIVE ORDER
(Case No. 3:15-cv-01257-JST)

10095323                                - 13 -

25. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

26. The Parties and all signatories to the Certification attached as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production or disclosure of Confidential Materials under the terms herein.

This Stipulation and Protective Order may be executed in counterparts.

Dated: November 29, 2016

Respectfully submitted,

By: /s/ A. Matthew Ashley
A. Matthew Ashley
**IRELL & MANELLA LLP**
Attorneys for Defendants

Dated: November 29, 2016

By: /s/ George S. Trevor
George S. Trevor
**PEARSON, SIMON & WARSHAW, LLP**
44 Montgomery Street, Suite 2450
San Francisco, California 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
Attorneys for Plaintiffs

IRELL & MANELLA LLP
A Registered Limited Liability Law Partnership Including Professional Corporations

AMENDED STIPULATION AND PROTECTIVE ORDER
(Case No. 3:15-cv-01257-JST)

10095323

- 14 -

**ORDER**

GOOD CAUSE APPEARING, the Court hereby approves this Stipulation and Protective Order.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: December 1, 2016

United States District Court Judge

IRELL & MANELLA LLP
A Registered Limited Liability Law Partnership Including Professional Corporations

AMENDED STIPULATION AND PROTECTIVE ORDER
(Case No. 3:15-cv-01257-JST)

10095323

- 15 -

**EXHIBIT A — CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS**

I hereby acknowledge that I,______________________________________[NAME], __________________________________________ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding. I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such materials will be returned to counsel who provided me with such materials.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: BY:

__________________________
Signature

__________________________
Title

__________________________
Address

__________________________
City, State, Zip

__________________________
Telephone Number

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

AMENDED STIPULATION AND PROTECTIVE ORDER
(Case No. 3:15-cv-01257-JST)

10095323

- 16 -