1  BRUCE L. SIMON (Bar No. 96241)
     bsimon@pswlaw.com
2  BENJAMIN E. SHIFTAN (Bar No. 265767)
     bshiftan@pswlaw.com
3  **PEARSON, SIMON & WARSHAW, LLP**
   44 Montgomery Street, Suite 2450
4  San Francisco, California 94104
   Telephone: (415) 433-9000
5  Facsimile:  (415) 433-9008

6  CHRISTOPHER B. DOLAN (Bar No. 165358)
     chris@cbdlaw.com
7  **THE DOLAN LAW FIRM**
   1438 Market Street
8  San Francisco, California 94102
   Telephone: (415) 421-2800
9  Facsimile:  (415) 421-2830

10 Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| L.A. Taxi Cooperative, Inc. dba Yellow Cab Co.; Administrative Services SD, LLC dba Yellow Radio Service; All Yellow Taxi, Inc. dba Metro Cab; American Cab, LLC; American Cab, LLC dba Pomona Valley Yellow Cab; Bell Cab Company, Inc.; TM-MTM, Inc.; Big Dog City Corporation dba Citywide Dispatch, Citywide Taxi, and Big Dog Cab; Cabco Yellow, Inc. dba California Yellow Cab; C&J Leasing, Inc. dba Royal Taxi; G&S Transit Management, Inc.; Gorgee Enterprises, Inc.; LA City Cab, LLC; Long Beach Yellow Cab Co-operative, Inc.; Network Paratransit Systems, Inc.; South Bay Co-operative, Inc. dba United Checker Cab; Taxi Leasing, Inc. dba Yellow Cab of Ventura County; Tri-City Transportation Systems, Inc.; Tri Counties Transit Corporation dba Blue Dolphin Cab of Santa Barbara, Yellow Cab of Santa Maria, and Yellow Cab of San Luis Obispo; and Yellow Cab of South Bay Co-operative, Inc. dba South Bay Yellow Cab, <br><br> Plaintiffs, <br><br> vs. <br><br> Uber Technologies, Inc.; Rasier, LLC; and Rasier-CA, LLC, <br><br> Defendants. | CASE NO. 3:15-cv-01257-JST <br><br> **PLAINTIFF CABCO YELLOW, INC. DBA CALIFORNIA YELLOW CAB'S RESPONSES TO DEFENDANT UBER TECHNOLOGIES, INC.'S SECOND SET OF INTERROGATORIES** |

866154.1                                                                                                                                3:15-cv-01257-JST

PLAINTIFF CABCO YELLOW, INC. DBA CALIFORNIA YELLOW CAB'S RESPONSES TO DEFENDANT
UBER TECHNOLOGIES. INC.'S SECOND SET OF INTERROGATORIES

PROPOUNDING PARTY:   DEFENDANT UBER TECHNOLOGIES, INC.

RESPONDING PARTY:   PLAINTIFF CABCO YELLOW, INC. DBA CALIFORNIA YELLOW CAB

SET NO.:   TWO

## I.   PRELIMINARY STATEMENT

All answers contained herein are based only upon such information and documents presently available and specifically known to Plaintiff Cabco Yellow, Inc. dba California Yellow Cab ("Plaintiff"). In addition, further independent discovery, independent investigation, legal research and/or analysis may supply additional facts and/or add meaning to the known facts. The responses hereinafter set forth are given without prejudice to Plaintiff's right at trial to produce evidence of any subsequently discovered fact or facts that may later develop.

## II.   GENERAL OBJECTIONS

Plaintiff objects generally to the Interrogatories on the following grounds, each of which is incorporated by reference in the responses to the individual Interrogatories below. All responses set forth herein are subject to and without waiver of any of these General Objections:

1. Plaintiff objects to each interrogatory, instruction or definition that purports to impose obligations on Plaintiff greater than those imposed by the Federal Rules of Civil Procedure, the Civil Local Rules, the applicable standing orders, and orders of this Court.

2. Plaintiff objects to the Interrogatories to the extent that they are compound, conjunctive, or disjunctive.

3. Plaintiff objects to each Interrogatory, instruction or definition to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, and/or is otherwise privileged or protected from discovery.

4. Plaintiff objects to each Interrogatory to the extent that it fails to state with sufficient particularity the information and categories of information to be provided.

5. Plaintiff objects to the Interrogatories to the extent they seek to require Plaintiff to produce all information that supports or otherwise relates to specific contentions in this litigation, on the grounds that such contention interrogatories are unduly burdensome and premature at this

stage of the litigation.

6. Plaintiff objects to the Interrogatories, as well as the definitions and instructions, to the extent the information requested is not relevant to a party's claim or defense and/or is not proportional to the needs of the case.

7. Plaintiff objects to the Interrogatories to the extent that they, or any portion of them, seek information within the possession, custody, or control of any Defendant, or of publicly available information such that the information is obtainable from some other source that is more convenient, less burdensome, or less expensive, or the production of the information will impose undue burden, inconvenience, or expense upon Plaintiff.

8. In responding to these Interrogatories, Plaintiff does not in any way waive or intend to waive any privilege or objection, but rather intends to preserve and is preserving the following:

a) all objections as to the relevancy, materiality, and admissibility of any information sought by any Interrogatory;

b) all objections as to vagueness, ambiguity or other infirmity in the form of the Interrogatories and any objections based on the undue burden imposed by the Interrogatories and each individual Interrogatory contained therein;

c) all rights to object on any grounds to the use of any of the responses, or their subject matter, in any subsequent proceedings, including the trial of this or any other action;

d) all rights to object on any grounds to any further Interrogatories or other discovery requests involving or related to the subject matter of the Interrogatories;

e) the right to supplement responses to the Interrogatories prior to trial; and

f) any and all privileges and/or rights under the Federal Rules of Civil Procedure or other statutes, guidelines or case law.

### III. OBJECTIONS TO DEFINITIONS

1. Plaintiff objects to the definition of the term "STATE THE BASIS" as overly broad and burdensome. Plaintiff further objects to the extent that this definition calls for privileged and/or protected information. In addition, Plaintiff objects to the extent that this definition seeks information outside of Plaintiff's possession, custody, or control. Plaintiff's responses to the

1   Interrogatories are based on information in Plaintiff's possession, custody, or control, excluding
2   information in the sole possession of Plaintiff's counsel obtained during pre-filing investigation
3   and over the course of this litigation.  Plaintiff further objects to this definition to the extent that it
4   seeks to impose more than is required by the provisions under the Federal Rules of Civil
5   Procedure, the Civil Local Rules, the applicable standing orders, and orders of this Court.

6         2.   Plaintiff objects to the definition of "COMMUNICATION" as overly broad and
7   burdensome.  Plaintiff further objects to the extent that this definition calls for privileged and/or
8   protected information.  In addition, Plaintiff objects to the extent that this definition seeks
9   information outside of Plaintiff's possession, custody, or control.  Plaintiff's responses to the
10  Interrogatories are based on information in Plaintiff's possession, custody, or control, excluding
11  information in the sole possession of Plaintiff's counsel obtained during pre-filing investigation
12  and over the course of this litigation.  Plaintiff further objects to this definition to the extent that it
13  seeks to impose more than is required by the provisions under the Federal Rules of Civil
14  Procedure, the Civil Local Rules, the applicable standing orders, and orders of this Court.

15        3.   Plaintiff objects to the definition of "DOCUMENT" as overly broad and
16  burdensome.  Plaintiff further objects to the extent that this definition calls for privileged and/or
17  protected information.  In addition, Plaintiff objects to the extent that this definition seeks
18  information outside of Plaintiff's possession, custody, or control.  Plaintiff's responses to the
19  Interrogatories are based on information in Plaintiff's possession, custody, or control, excluding
20  information in the sole possession of Plaintiff's counsel obtained during pre-filing investigation
21  and over the course of this litigation.  Plaintiff further objects to this definition to the extent that it
22  seeks to impose more than is required by the provisions under the Federal Rules of Civil
23  Procedure, the Civil Local Rules, the applicable standing orders, and orders of this Court.

24        4.   Plaintiff objects to the definition of the terms "YOU" and "YOUR" as overly broad
25  and burdensome. Plaintiff further objects to the extent that this definition calls for privileged
26  and/or protected information.  In addition, Plaintiff objects to the extent that this definition seeks
27  information outside of Plaintiff's possession, custody, or control.  Plaintiff's responses to the
28  Interrogatories are based on information in Plaintiff's possession, custody, or control, excluding

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

information in the sole possession of Plaintiff's counsel obtained during pre-filing investigation and over the course of this litigation.  Plaintiff further objects to this definition to the extent that it seeks to impose more than is required by the provisions under the Federal Rules of Civil Procedure, the Civil Local Rules, the applicable standing orders, and orders of this Court.

5. Plaintiff objects to the definition of the term "RELATING TO" as overly broad and burdensome.  Plaintiff further objects to the extent that this definition calls for privileged and/or protected information.  In addition, Plaintiff objects to the extent that this definition seeks information outside of Plaintiff's possession, custody, or control.  Plaintiff's responses to the Interrogatories are based on information in Plaintiff's possession, custody, or control, excluding information in the sole possession of Plaintiff's counsel obtained during pre-filing investigation and over the course of this litigation.  Plaintiff further objects to this definition to the extent that it seeks to impose more than is required by the provisions under the Federal Rules of Civil Procedure, the Civil Local Rules, the applicable standing orders, and orders of this Court.

## RESPONSES TO INTERROGATORIES, SET TWO

**INTERROGATORY NO. 5:**

Please precisely identify the geographic area where YOU offer taxi cab services, and if that area has changed from March 2009 to present, please specifically identify the changes.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above.  Plaintiff further objects to the extent that the information sought is protected by the attorney-client privilege, the attorney work product doctrine, and/or is otherwise privileged and/or protected from discovery.  Plaintiff further objects to the extent the information is publically available and, thus, equally available to the Defendants.  Plaintiff further objects to the phrases "precisely," "specifically," and "the geographic area where YOU offer taxi cab services" as vague and ambiguous.  The use of the terms "precisely" and "specifically" renders this request unduly burdensome.  Plaintiff will respond with the specificity required by the Federal Rules of Civil Procedure, the Civil Local Rules, the applicable standing orders, and orders of this Court.

Subject to and without waiving all general and specific objections, Plaintiff responds as follows:

Cabco Yellow, Inc. dba California Yellow Cab offers taxi cab services within Orange County.

DATED: December 7, 2015

*/s/ Benjamin E. Shiftan*
BRUCE L. SIMON (Bar No. 96241)
   bsimon@pswlaw.com
BENJAMIN E. SHIFTAN (Bar No. 265767)
   bshiftan@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
44 Montgomery Street, Suite 2450
San Francisco, California 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008

CHRISTOPHER B. DOLAN (Bar No. 165358)
   chris@cbdlaw.com
**THE DOLAN LAW FIRM**
1438 Market Street
San Francisco, California 94102
Telephone: (415) 421-2800
Facsimile: (415) 421-2830

Attorneys for Plaintiffs

**VERIFICATION**

I, Tim Conlon, declare:

I hereby state that I am President and General Manager for Cabco Yellow, Inc. dba California Yellow Cab. I am authorized to make this verification on behalf of Cabco Yellow, Inc. dba California Yellow Cab in this action.

I have read the foregoing PLAINTIFF CABCO YELLOW, INC. DBA CALIFORNIA YELLOW CAB'S RESPONSES TO DEFENDANT UBER TECHNOLOGIES, INC.'S SECOND SET OF INTERROGATORIES and hereby declare that the responses are true to and correct to the best of my personal knowledge, information, and belief, with the exception of those matters upon which I have relied on the investigation of counsel, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I reserve my right to supplement or revise this statement based upon any subsequently discovered documents or information.

Executed at Santa Ana, CA on Nov 27, 2015.

Tim Conlon

865357.1

Verification