BRUCE L. SIMON (Bar No. 96241)
  bsimon@pswlaw.com
BENJAMIN E. SHIFTAN (Bar No. 265767)
  bshiftan@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
44 Montgomery Street, Suite 2450
San Francisco, California 94104
Telephone: (415) 433-9000
Facsimile:  (415) 433-9008

CHRISTOPHER B. DOLAN (Bar No. 165358)
  chris@cbdlaw.com
**THE DOLAN LAW FIRM**
1438 Market Street
San Francisco, California 94102
Telephone: (415) 421-2800
Facsimile:  (415) 421-2830

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| L.A. Taxi Cooperative, Inc. dba Yellow Cab Co.; Administrative Services SD, LLC dba Yellow Radio Service; All Yellow Taxi, Inc. dba Metro Cab; American Cab, LLC; American Cab, LLC dba Pomona Valley Yellow Cab; Bell Cab Company, Inc.; TM-MTM, Inc.; Big Dog City Corporation dba Citywide Dispatch, Citywide Taxi, and Big Dog Cab; Cabco Yellow, Inc. dba California Yellow Cab; C&J Leasing, Inc. dba Royal Taxi; G&S Transit Management, Inc.; Gorgee Enterprises, Inc.; LA City Cab, LLC; Long Beach Yellow Cab Co-operative, Inc.; Network Paratransit Systems, Inc.; South Bay Co-operative, Inc. dba United Checker Cab; Taxi Leasing, Inc. dba Yellow Cab of Ventura County; Tri-City Transportation Systems, Inc.; Tri Counties Transit Corporation dba Blue Dolphin Cab of Santa Barbara, Yellow Cab of Santa Maria, and Yellow Cab of San Luis Obispo; and Yellow Cab of South Bay Co-operative, Inc. dba South Bay Yellow Cab, <br><br>    Plaintiffs, <br>  vs. <br><br> Uber Technologies, Inc.; Rasier, LLC; and Rasier-CA, LLC, <br><br>    Defendants. | CASE NO. 3:15-cv-01257-JST <br><br> **PLAINTIFFS G&S TRANSIT MANAGEMENT, INC.; GORGEE ENTERPRISES, INC.; LA CITY CAB, LLC; NETWORK PARATRANSIT SYSTEMS, INC; AND TRI-CITY TRANSPORTATION SYSTEMS, INC.'S REPONSES TO DEFENDANT UBER TECHNOLOGIES, INC.'S SECOND SET OF INTERROGATORIES** |

| | |
|---|---|
| PROPOUNDING PARTY: | DEFENDANT UBER TECHNOLOGIES, INC. |
| RESPONDING PARTY: | PLAINTIFFS G&S TRANSIT MANAGEMENT, INC.; GORGEE ENTERPRISES, INC.; LA CITY CAB, LLC; NETWORK PARATRANSIT SYSTEMS, INC; AND TRI-CITY TRANSPORTATION SYSTEMS, INC. |
| SET NO.: | TWO |

## I. PRELIMINARY STATEMENT

All answers contained herein are based only upon such information and documents presently available and specifically known to Plaintiffs G&S Transit Management, Inc.; Gorgee Enterprises, Inc.; LA City Cab, LLC; Network Paratransit Systems, Inc.; and Tri-City Transportation Systems, Inc. ("Plaintiffs"). In addition, further independent discovery, independent investigation, legal research and/or analysis may supply additional facts and/or add meaning to the known facts. The responses hereinafter set forth are given without prejudice to Plaintiffs' right at trial to produce evidence of any subsequently discovered fact or facts that may later develop.

## II. GENERAL OBJECTIONS

Plaintiffs object generally to the Interrogatories on the following grounds, each of which is incorporated by reference in the responses to the individual Interrogatories below. All responses set forth herein are subject to and without waiver of any of these General Objections:

1. Plaintiffs object to each interrogatory, instruction or definition that purports to impose obligations on Plaintiffs greater than those imposed by the Federal Rules of Civil Procedure, the Civil Local Rules, the applicable standing orders, and orders of this Court.

2. Plaintiffs object to the Interrogatories to the extent that they are compound, conjunctive, or disjunctive.

3. Plaintiffs object to each Interrogatory, instruction or definition to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, and/or is otherwise privileged or protected from discovery.

4. Plaintiffs object to each Interrogatory to the extent that it fails to state with sufficient particularity the information and categories of information to be provided.

5.    Plaintiffs object to the Interrogatories to the extent they seek to require Plaintiffs to produce all information that supports or otherwise relates to specific contentions in this litigation, on the grounds that such contention interrogatories are unduly burdensome and premature at this stage of the litigation.

6.    Plaintiffs object to the Interrogatories, as well as the definitions and instructions, to the extent the information requested is not relevant to a party's claim or defense and/or is not proportional to the needs of the case.

7.    Plaintiffs object to the Interrogatories to the extent that they, or any portion of them, seek information within the possession, custody, or control of any Defendant, or of publicly available information such that the information is obtainable from some other source that is more convenient, less burdensome, or less expensive, or the production of the information will impose undue burden, inconvenience, or expense upon Plaintiffs.

8.    In responding to these Interrogatories, Plaintiffs do not in any way waive or intend to waive any privilege or objection, but rather intend to preserve and are preserving the following:

a) all objections as to the relevancy, materiality, and admissibility of any information sought by any Interrogatory;

b) all objections as to vagueness, ambiguity or other infirmity in the form of the Interrogatories and any objections based on the undue burden imposed by the Interrogatories and each individual Interrogatory contained therein;

c) all rights to object on any grounds to the use of any of the responses, or their subject matter, in any subsequent proceedings, including the trial of this or any other action;

d) all rights to object on any grounds to any further Interrogatories or other discovery requests involving or related to the subject matter of the Interrogatories;

e) the right to supplement responses to the Interrogatories prior to trial; and

f) any and all privileges and/or rights under the Federal Rules of Civil Procedure or other statutes, guidelines or case law.

### III.   OBJECTIONS TO DEFINITIONS

1.    Plaintiffs object to the definition of the term "STATE THE BASIS" as overly broad

1  and burdensome.  Plaintiffs further object to the extent that this definition calls for privileged
2  and/or protected information.  In addition, Plaintiffs object to the extent that this definition seeks
3  information outside of Plaintiffs' possession, custody, or control.  Plaintiffs' responses to the
4  Interrogatories are based on information in Plaintiffs' possession, custody, or control, excluding
5  information in the sole possession of Plaintiffs' counsel obtained during pre-filing investigation
6  and over the course of this litigation.  Plaintiffs further object to this definition to the extent that it
7  seeks to impose more than is required by the provisions under the Federal Rules of Civil
8  Procedure, the Civil Local Rules, the applicable standing orders, and orders of this Court.

9       2.     Plaintiffs object to the definition of "COMMUNICATION" as overly broad and
10 burdensome.  Plaintiffs further object to the extent that this definition calls for privileged and/or
11 protected information.  In addition, Plaintiffs object to the extent that this definition seeks
12 information outside of Plaintiffs' possession, custody, or control.  Plaintiffs' responses to the
13 Interrogatories are based on information in Plaintiffs' possession, custody, or control, excluding
14 information in the sole possession of Plaintiffs' counsel obtained during pre-filing investigation
15 and over the course of this litigation.  Plaintiffs further object to this definition to the extent that it
16 seeks to impose more than is required by the provisions under the Federal Rules of Civil
17 Procedure, the Civil Local Rules, the applicable standing orders, and orders of this Court.

18      3.     Plaintiffs object to the definition of "DOCUMENT" as overly broad and
19 burdensome.  Plaintiffs further object to the extent that this definition calls for privileged and/or
20 protected information.  In addition, Plaintiffs object to the extent that this definition seeks
21 information outside of Plaintiffs' possession, custody, or control.  Plaintiffs' responses to the
22 Interrogatories are based on information in Plaintiffs' possession, custody, or control, excluding
23 information in the sole possession of Plaintiffs' counsel obtained during pre-filing investigation
24 and over the course of this litigation.  Plaintiffs further object to this definition to the extent that it
25 seeks to impose more than is required by the provisions under the Federal Rules of Civil
26 Procedure, the Civil Local Rules, the applicable standing orders, and orders of this Court.

27      4.     Plaintiffs object to the definition of the terms "YOU" and "YOUR" as overly broad
28 and burdensome. Plaintiffs further object to the extent that this definition calls for privileged

1  and/or protected information.  In addition, Plaintiffs object to the extent that this definition seeks
2  information outside of Plaintiffs' possession, custody, or control.  Plaintiffs' responses to the
3  Interrogatories are based on information in Plaintiffs' possession, custody, or control, excluding
4  information in the sole possession of Plaintiffs' counsel obtained during pre-filing investigation
5  and over the course of this litigation.  Plaintiffs further object to this definition to the extent that it
6  seeks to impose more than is required by the provisions under the Federal Rules of Civil
7  Procedure, the Civil Local Rules, the applicable standing orders, and orders of this Court.

8       5. Plaintiffs object to the definition of the term "RELATING TO" as overly broad and
9  burdensome.  Plaintiffs further object to the extent that this definition calls for privileged and/or
10 protected information.  In addition, Plaintiffs object to the extent that this definition seeks
11 information outside of Plaintiffs' possession, custody, or control.  Plaintiffs' responses to the
12 Interrogatories are based on information in Plaintiffs' possession, custody, or control, excluding
13 information in the sole possession of Plaintiffs' counsel obtained during pre-filing investigation
14 and over the course of this litigation.  Plaintiffs further object to this definition to the extent that it
15 seeks to impose more than is required by the provisions under the Federal Rules of Civil
16 Procedure, the Civil Local Rules, the applicable standing orders, and orders of this Court.

## RESPONSES TO INTERROGATORIES, SET TWO

**INTERROGATORY NO. 5:**

Please precisely identify the geographic area where YOU offer taxi cab services, and if that area has changed from March 2009 to present, please specifically identify the changes.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiffs incorporate by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above.  Plaintiffs further object to the extent that the information sought is protected by the attorney-client privilege, the attorney work product doctrine, and/or is otherwise privileged and/or protected from discovery.  Plaintiffs further object to the extent the information is publically available and, thus, equally available to the Defendants.  Plaintiffs further object to the phrases "precisely," "specifically," and "the geographic area where YOU offer taxi cab services" as vague and ambiguous.   The use of the terms "precisely" and

1 "specifically" renders this request unduly burdensome.  Plaintiffs will respond with the specificity
2 required by the Federal Rules of Civil Procedure, the Civil Local Rules, the applicable standing
3 orders, and orders of this Court.

4     Subject to and without waiving all general and specific objections, Plaintiffs respond as
5 follows:

6     Plaintiffs G&S Transit Management, Inc., Gorgee Enterprises, Inc., and Tri-City
7 Transportation Systems, Inc. provide taxi cab services in Glendale, Burbank, and Pasadena.

8     Plaintiff L.A. City Cab, LLC provides taxi cab services in the City of Los Angeles.

9     Plaintiff Network Paratransit Systems, Inc. provides taxi cab services in the County of
10 Santa Barbara.

12 DATED: December 7, 2015

*/s/ Benjamin E. Shiftan*
BRUCE L. SIMON (Bar No. 96241)
  bsimon@pswlaw.com
BENJAMIN E. SHIFTAN (Bar No. 265767)
  bshiftan@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
44 Montgomery Street, Suite 2450
San Francisco, California 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008

CHRISTOPHER B. DOLAN (Bar No. 165358)
  chris@cbdlaw.com
**THE DOLAN LAW FIRM**
1438 Market Street
San Francisco, California 94102
Telephone: (415) 421-2800
Facsimile: (415) 421-2830

Attorneys for Plaintiffs

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

866156.1   6   3:15-cv-01257-JST
PLAINTIFFS G&S TRANSIT MANAGEMENT, INC., ET AL.'S RESPONSES TO DEFENDANT UBER TECHNOLOGIES. INC.'S SECOND SET OF INTERROGATORIES

VERIFICATION

I, Jano Baghdanian, declare:

I hereby state that I am General Manager for G&S Transit Management, Inc.; Gorgee Enterprises, Inc.; LA City Cab, LLC; Network Paratransit Systems, Inc.; and Tri-City Transportation Systems, Inc. I am authorized to make this verification on behalf of G&S Transit Management, Inc.; Gorgee Enterprises, Inc.; LA City Cab, LLC; Network Paratransit Systems, Inc.; and Tri-City Transportation Systems, Inc. in this action.

I have read the foregoing PLAINTIFFS G&S TRANSIT MANAGEMENT, INC.; GORGEE ENTERPRISES, INC.; LA CITY CAB, LLC; NETWORK PARATRANSIT SYSTEMS, INC; AND TRI-CITY TRANSPORTATION SYSTEMS, INC.'S REPONSES TO DEFENDANT UBER TECHNOLOGIES, INC.'S SECOND SET OF INTERROGATORIES and hereby declare that the responses are true to and correct to the best of my personal knowledge, information, and belief, with the exception of those matters upon which I have relied on the investigation of counsel, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I reserve my right to supplement or revise this statement based upon any subsequently discovered documents or information. Executed at _Sun Valley_, CA on _Dec 4_, 2015.

_____
Jano Baghdanian

865360.1

Verification