1  BRUCE L. SIMON (Bar No. 96241)
     bsimon@pswlaw.com
2  GEORGE S. TREVOR (Bar No. 127875)
     gtrevor@pswlaw.com
3  **PEARSON, SIMON & WARSHAW, LLP**
   44 Montgomery Street, Suite 2450
4  San Francisco, California 94104
   Telephone: (415) 433-9000
5  Facsimile:  (415) 433-9008

6  MATTHEW A. PEARSON (Bar No. 291484)
     mapearson@pswlaw.com
7  **PEARSON, SIMON & WARSHAW, LLP**
   15165 Ventura Boulevard, Suite 400
8  Sherman Oaks, California 91403
   Telephone: (818) 788-8300
9  Facsimile: (818) 788-8104

10 Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| L.A. Taxi Cooperative, Inc. dba Yellow Cab Co.; Administrative Services SD, LLC dba Yellow Radio Service; All Yellow Taxi, Inc. dba Metro Cab; American Cab, LLC; American Cab, LLC dba Pomona Valley Yellow Cab; Bell Cab Company, Inc.; TM-MTM, Inc.; Big Dog City Corporation dba Citywide Dispatch, Citywide Taxi, and Big Dog Cab; Cabco Yellow, Inc. dba California Yellow Cab; C&J Leasing, Inc. dba Royal Taxi; G&S Transit Management, Inc.; Gorgee Enterprises, Inc.; LA City Cab, LLC; Long Beach Yellow Cab Co-operative, Inc.; Network Paratransit Systems, Inc.; South Bay Co-operative, Inc. dba United Checker Cab; Taxi Leasing, Inc. dba Yellow Cab of Ventura County; Tri-City Transportation Systems, Inc.; Tri Counties Transit Corporation dba Blue Dolphin Cab of Santa Barbara, Yellow Cab of Santa Maria, and Yellow Cab of San Luis Obispo; and Yellow Cab of South Bay Co-operative, Inc. dba South Bay Yellow Cab,<br><br>          Plaintiffs,<br><br>     vs.<br><br>Uber Technologies, Inc.; Rasier, LLC; and Rasier-CA, LLC,<br>          Defendants. | CASE NO. 3:15-cv-01257-JST<br><br>**PLAINTIFF NETWORK PARATRANSIT SYSTEMS, INC.'S AMENDED RESPONSE TO DEFENDANT UBER TECHNOLOGIES, INC.'S SECOND SET OF INTERROGATORIES, INTERROGATORY NO. 5** |

| | |
|---|---|
| PROPOUNDING PARTY: | DEFENDANT UBER TECHNOLOGIES, INC. |
| RESPONDING PARTY: | PLAINTIFF NETWORK PARATRANSIT SYSTEMS, INC. |
| SET NO.: | TWO |

## I.   PRELIMINARY STATEMENT

All responses contained herein are based only upon such information and documents presently available and specifically known to Plaintiff Network Paratransit Systems, Inc. ("Plaintiff").  In addition, further independent discovery, independent investigation, legal research and/or analysis may supply additional facts and/or add meaning to the known facts.  The responses hereinafter set forth are given without prejudice to Plaintiff's right at trial to produce evidence of any subsequently discovered fact or facts that may later develop.

## II.   GENERAL OBJECTIONS

Plaintiff objects generally to the Interrogatories on the following grounds, each of which is incorporated by reference in the responses to the Interrogatories below.  All responses set forth herein are subject to and without waiver of any of these General Objections:

1.   Plaintiff objects to the Interrogatories, and any instruction or definition, that purport to impose obligations on Plaintiff greater than those imposed by the Federal Rules of Civil Procedure, the Civil Local Rules, the applicable standing orders, and orders of this Court.

2.   Plaintiff objects to the Interrogatories, and any instruction or definition, to the extent that they call for the disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, and/or information that is otherwise privileged or protected from discovery (including to the extent that they target confidential financial information).

3.   Plaintiff objects to the Interrogatories to the extent that they fail to state with sufficient particularity the information and categories of information to be provided.

4.   Plaintiff objects to the Interrogatories to the extent they call for Plaintiff to draw legal conclusions.

5.   Plaintiff objects to the Interrogatories to the extent they seek to require Plaintiff to produce all information that supports or otherwise relates to specific contentions in this litigation on the grounds that such contention interrogatories are unduly burdensome and premature at this

1. stage of the litigation. Discovery is not close to completion as the Interrogatories are being answered.

6. Plaintiff objects to the Interrogatories, as well as the definitions and instructions, to the extent the information requested is not relevant to a party's claim or defense.

7. Plaintiff objects to the Interrogatories to the extent that they, or any portion of them, seek information within the possession, custody, or control of any Defendant; information that is publicly available such that it is obtainable from some other source that is more convenient, less burdensome, or less expensive; or information that will impose undue burden, inconvenience, or expense upon Plaintiff to provide.

8. Plaintiff objects to the Interrogatories to the extent that they seek information that requires an expert opinion. Plaintiff shall provide evidence responsive to the Interrogatories in the form of expert reports at the appropriate time, and no response should be construed to foreclose any such disclosure.

9. In responding to these Interrogatories, Plaintiff does not in any way waive or intend to waive any privilege or objection; but rather intends to preserve and is preserving the following:

   a) all objections as to the relevancy, materiality, and admissibility of any information sought by any interrogatory;

   b) all objections as to vagueness, ambiguity or other infirmity in the form of the Interrogatories and any objections based on the undue burden imposed by the Interrogatories;

   c) all rights to object on any grounds to the use of any of the responses, or their subject matter, in any subsequent proceedings, including the trial of this or any other action;

   d) all rights to object on any grounds to any further interrogatories or other discovery requests involving or relating to the subject matter of the Interrogatories ;

   e) the right to supplement responses to these Interrogatories prior to trial; and

   f) any and all privileges and/or rights under the Federal Rules of Civil Procedure or other statutes, guidelines or case law.

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

## IV. OBJECTIONS AND AMENDED RESPONSE TO INTERROGATORY 5

**INTERROGATORY NO. 5:**

Please precisely identify the geographic area where YOU offer taxi cab services, and if that area has changed from March 2009 to present, please specifically identify the changes.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiffs incorporate by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above. Plaintiffs further object to the extent that the information sought is protected by the attorney-client privilege, the attorney work product doctrine, and/or is otherwise privileged and/or protected from discovery. Plaintiffs further object to the extent the information is publically available and, thus, equally available to the Defendants. Plaintiffs further object to the phrases "precisely," "specifically," and "the geographic area where YOU offer taxi cab services" as vague and ambiguous. The use of the terms "precisely" and "specifically" renders this request unduly burdensome. Plaintiffs will respond with the specificity required by the Federal Rules of Civil Procedure, the Civil Local Rules, the applicable standing orders, and orders of this Court.

Subject to and without waiving all general and specific objections, Plaintiffs respond as follows:

Plaintiffs G&S Transit Management, Inc., Gorgee Enterprises, Inc., and Tri-City Transportation Systems, Inc. provide taxi cab services in Glendale, Burbank, and Pasadena.

Plaintiff L.A. City Cab, LLC provides taxi cab services in the City of Los Angeles.

Plaintiff Network Paratransit Systems, Inc. provides taxi cab services in the County of Santa Barbara.

///
///
///
///
///
///

**AMENDED RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above.  Plaintiff further objects to the extent that the information sought is protected by the attorney-client privilege, the attorney work product doctrine, and/or is otherwise privileged and/or protected from discovery.  Plaintiff further objects to the phrase "the geographic area where YOU offer taxi cab services" as vague and ambiguous because it does not specifically request that Plaintiff respond with each and every city where Plaintiff is licensed to operate, dispatches rides to, and actually picks up passengers who hail a taxi within a specific city.  Rather, Plaintiff interprets the request in the only manner in which it is reasonably able to respond, which is to identify the areas in which they are licensed to operate; that being where they have been granted a license by a controlling authority.  Furthermore, the use of the terms "precisely" and "specifically" also renders this request unduly burdensome because it would require Plaintiff to go through each and every dispatch record for the relevant time period. Plaintiff will respond with the specificity required by the Federal Rules of Civil Procedure, the Civil Local Rules, the applicable standing orders, and orders of this Court.

Subject to and without waiving all general and specific objections, Plaintiff amends its previous response as follows:

Plaintiff Network Paratransit Systems, Inc. provides taxi cab services in the County of San Bernardino including the following cities within the County: Bloomington, Colton, Devore, Highland, Grand Terrace, Yucaipa, Mentone, Muscoy, Redlands, Rialto, San Bernardino, Loma Linda, Alta Loma, Chino, Chino Hills, Upland, Rancho Cucamonga, Montclair, Ontario, Etiwanda, and Fontana.

DATED: July 8, 2016      **PEARSON, SIMON & WARSHAW, LLP**
BRUCE L. SIMON
GEORGE S. TREVOR
MATTHEW A. PEARSON


By: */s/ George S. Trevor*
GEORGE S. TREVOR
Attorneys for Plaintiffs

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

## VERIFICATION

I, Jano Baghdanian, declare:

I hereby state that I am General Manager for G&S Transit Management, Inc., Gorgee Enterprises, Inc., LA City Cab, LLC, Network Paratransit Systems, Inc., and Tri-City Transportation Systems, Inc. I am authorized to make this verification on behalf of G&S Transit Management, Inc., Gorgee Enterprises, Inc., LA City Cab, LLC, Network Paratransit Systems, Inc., and Tri-City Transportation Systems, Inc. in this action.

I have read the foregoing **PLAINTIFF NETWORK PARATRANSIT SYSTEMS, INC.'S AMENDED RESPONSE TO DEFENDANT UBER TECHNOLOGIES, INC.'S SECOND SET OF INTERROGATORIES, INTERROGATORY NO. 5** and hereby declare that the responses are true to and correct to the best of my personal knowledge, information, and belief, with the exception of those matters upon which I have relied on the investigation of counsel, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I reserve my right to supplement or revise this statement based upon any subsequently discovered documents or information.

Executed at _Sun Valley_, CA on _July 11_, 2016.

_Jano Baghdanian_