**Trevor, George S.**

| | |
|---|---|
| **From:** | Trevor, George S. |
| **Sent:** | Friday, October 28, 2016 1:01 PM |
| **To:** | Ashley, Matt (MAshley@irell.com) |
| **Cc:** | Lipanovich, Nathaniel <NLipanovich@irell.com> (NLipanovich@irell.com); Harbour, Michael (MHarbour@irell.com); Pearson, Matthew A. |
| **Subject:** | LA Taxi Coop. v. Uber, Discovery Meet & Confer |

Matt,
Below are the areas I want to discuss in a meet & confer with you this afternoon.  Wanted to get this to you sooner but got tied up with other calls.

**Deposition of Travis Kalanick:**
Your request to identify unique knowledge Mr. Kalanick may have as to relevant issues in this case is impossible for Plaintiffs to answer unless they are allowed to examine Mr. Kalanick under oath.  Moreover, on October 26th Mr. Kasselman testified that weekly companywide meetings were conducted at Uber that Mr. Kalanick chaired.  I also reference the following emails from Mr. Kalanick indicating his involvement in onboarding of new UberX drivers, discussions of safety and imposition by Uber of the safe rides fee: UBER-LA-000002098, 000000074-76, 000002119-20, 000004387-88, 000003767 and 000002223-27.  We can discuss who you would propose to testify in place of Mr. Kalanick on such matters and an agreement that such person's testimony would have the same force and effect as if it was given by Mr. Kalanick under oath.  Absent  such an agreement you should serve us with your portion of letter brief requesting a protective order and we will respond accordingly.

**Here are the issues Plaintiffs want to discuss as to Uber's production of documents**:

1. Uber's document production is completely lacking as to internal documents and emails from December 31, 2014 forward.  It became clear during Eva Behrend's deposition last week that Uber has not produced responsive documents later than December 2014 as to numerous persons.  As Ms. Behrend testified, she remain in the same position she held in December 2014 through the present (except at some point becoming responsible for public communications only in California instead of the entire 13 state western region).  It is next to impossible that Ms. Behrend did not send or received emails during the period from January 2015 to the present that were responsive to plaintiffs' document requests.  We have found the lack of 2015 and 2016 internal emails to be true with numerous other Uber potential witnesses as well.  We have determined that Uber produced only 5 or 6 internal emails from 2015 and 2016 compared to the hundreds it produced from 2014 and earlier.  As Mr. Kasselman testified on October 26th, he received hundreds of emails every business day and it strains belief that not one of those emails concerned any of the topics plaintiffs sought in their document requests (I also note that Mr. Kasselman remained in his position as head of communications for North America through the spring of 2015).

2. Geographical location of taxi operations and production of financial information for those areas. With American Cab out of the case it is very clear where the remaining companies provide taxi services in Southern California. There is now extensive documents, interrogatory responses and testimony from all of those companies setting forth the exact geographical areas they operate. Moreover, as you have demanded, I have limited the following jurisdictions to those places where plaintiffs are legally permitted to dispatch taxis (pick up riders whether by street hail, dispatch or by App). For Los Angeles it is all of the City of Los Angeles and any unincorporated parts of Los Angeles County. Additional cities in Los Angeles County that must be included are: Glendale, Burbank, Pasadena, Alhambra, Arcadia, Azusa, Baldwin Park, Bradbury, Covina, Duarte, El Monte, Glendale, Glendora, Hacienda Heights, Industry, Irwindale, La Canada, La Puente, Monrovia, Montebello, Monterey Park, Pomona, Rosemead, San Gabriel, Sierra Madre, South Pasadena, Temple City, West Covina Agoura Hills, Arleta, Baldwin Hills, Crenshaw, Boyle Heights, Calabasas, Canoga Park, Chatsworth, Encino, Granada Hills, Los Angeles, Mission Hills, North Hollywood, Northridge, Pacoima, Panorama City, Porter Ranch, Reseda, San Fernando, Studio City, Sunland, Sun Valley, Sylmar, Tarzana, Toluca Lake, Tujunga, Valley Glen, Valley Village, Van Nuys, West Hills, Westlake Village, Winnetka, Woodland Hills, Santa Monica, West Hollywood, Hawthorne, El Segundo, Manhattan Beach, Hermosa Beach, Redondo Beach, Torrance, Lawndale, Lomita, Rancho Palos Verdes, Bellflower, Cerritos, Hawaiian Gardens, Lakewood, Long Beach, Los Alamitos, Signal Hill, Carson, Hermosa Beach, Redondo Beach, El Segundo, Lawndale, Rolling Hills, East Rancho Dominquez, Lomita, Rolling Hills Estates, Gardena, Manhattan Beach, Torrance, Hawthorne, and Palos Verdes Estates.

For Orange County it is all of the County as Tim Conlon has testified under oath.

For San Diego County it is all areas except for the City of Coronado. However, I am willing to stay with my earlier offer of limiting the production of financial information from Uber to areas west of Highway 79 since we both know that neither Administrative Services SD or Uber does any significant business in eastern areas of San Diego County.

Based on Tri-Counties et al. testimony, documents and interrogatory responses the relevant service area is all of San Luis Obispo, Santa Barbara and Ventura counties.

Plaintiffs are no longer requesting financial information from Uber as to Riverside and San Bernardino counties since those areas were serviced by American Cab who is no longer participating in this action.

Plaintiffs also take issue with the breadth of Uber's production of SF data which consists solely of trip revenue in that service area. We entitled to Uber's cost data for those areas as well as plaintiffs have provided to Uber.

I may have other discovery concerns that I will address in the next day or so but those will, of course, be subject to a separate meet & confer. If we are unable to resolve these disputes during our meet & confer, Plaintiffs will serve with their portion of the required letter brief on

or before Tuesday, November 1, 2016.  I suggest we have our meet & confer this afternoon at 3 pm.  If we need to circulate a dial-in number for that call, let me know and I will do so.

Regards,


George S. Trevor
PEARSON|SIMON ▪ WARSHAW, LLP
44 Montgomery St., Suite 2450
San Francisco, CA 94104
gtrevor@pswlaw.com
(415) 400-7710 Direct
(415) 433-9000 Main
(415) 433-9008 Facsimile

The information contained in this email is confidential, privileged and/or may also contain attorney-client information or attorney work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, you are hereby notified that any review, reliance, use, dissemination, distribution, copying or forwarding of this communication is strictly prohibited. If you have received this email in error, please immediately notify the sender and delete all copies.