IRELL & MANELLA LLP
Andra Barmash Greene (123931)
agreene@irell.com
A. Matthew Ashley (198235)
mashley@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

Attorneys for Defendants
Uber Technologies, Inc.; Rasier, LLC; and
Rasier-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

L.A. Taxi Cooperative, Inc. dba Yellow Cab Co.; Administrative Services SD, LLC dba Yellow Radio Service; All Yellow Taxi, Inc. dba Metro Cab; American Cab, LLC; American Cab, LLC dba Pomona Valley Yellow Cab; Bell Cab Company, Inc.; TM-MTM, Inc.; Big Dog City Corporation dba Citywide Dispatch, Citywide Taxi, and Big Dog Cab; Cabco Yellow, Inc. dba California Yellow Cab; C&J Leasing, Inc. dba Royal Taxi; G&S Transit Management, Inc.; Gorgee Enterprises, Inc.; LA City Cab, LLC; Long Beach Yellow Cab Co-operative, Inc.; Network Paratransit Systems, Inc.; South Bay Co-operative, Inc. dba United Checker Cab; Taxi Leasing, Inc. dba Yellow Cab of Ventura County; Tri-City Transportation Systems, Inc.; Tri Counties Transit Corporation dba Blue Dolphin Cab of Santa Barbara, Yellow Cab of Santa Maria, and Yellow Cab of San Luis Obispo; and Yellow Cab of South Bay Co-operative, Inc. dba South Bay Yellow Cab,

Plaintiffs,

vs.

Uber Technologies, Inc.; Rasier, LLC; and Rasier-CA, LLC,

Defendants.

Case No. 3:15-cv-01257-JST

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS (SET FOUR)**

PROPOUNDING PARTIES: L.A. Taxi Cooperative, Inc. dba Yellow Cab Co.; Administrative Services SD, LLC dba Yellow Radio Service; All Yellow Taxi, Inc. dba Metro Cab; American Cab, LLC; American Cab, LLC dba Pomona Valley Yellow Cab; Bell Cab Company, Inc.; TM-MTM, Inc.; Big Dog City Corporation dba Citywide Dispatch, Citywide Taxi, and Big Dog Cab; Cabco Yellow, Inc. dba California Yellow Cab; C&J Leasing, Inc. dba Royal Taxi; G&S Transit Management, Inc.; Gorgee Enterprises, Inc.; LA City Cab, LLC; Long Beach Yellow Cab Co-operative, Inc.; Network Paratransit Systems, Inc.; South Bay Co-operative, Inc. dba United Checker Cab; Taxi Leasing, Inc. dba Yellow Cab of Ventura County; Tri-City Transportation Systems, Inc.; Tri Counties Transit Corporation dba Blue Dolphin Cab of Santa Barbara, Yellow Cab of Santa Maria, and Yellow Cab of San Luis Obispo; and Yellow Cab of South Bay Co-operative, Inc. dba South Bay Yellow Cab

RESPONDING PARTIES: Uber Technologies; Rasier, LLC; and Rasier-CA, LLC,

SET NUMBER: FOUR[1]

Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively "Defendants") hereby submit the following responses and objections ("Responses") to Plaintiffs' Fourth Request for Production of Documents ("RFPs"), served by e-mail on October 10, 2016.

**PRELIMINARY STATEMENT**

These Responses reflect only the current status of Defendants' knowledge, understanding, and belief regarding the matters about which inquiry has been made. Without in any way obligating themselves to do so, Defendants reserve the right to amend, modify, supplement, clarify, or further explain these Responses and objections at any time in the future.

Further, these Responses are without prejudice to the right of Defendants to use or rely on at any time, any later discovered information, or information omitted from these responses as a result of mistake, error, oversight, or inadvertence. Defendants further reserve the right to object on appropriate grounds to the introduction of any portion of these responses into evidence. Any inadvertent disclosure by Defendants of information protected by the attorney-client

[1] Plaintiffs served a Third Request for Production of Documents by e-mail on June 30, 2016, which contained Request Nos. 40-63. Defendants served their responses and objections on August 2, 2016. On October 10, 2016, Plaintiffs served by e-mail a document captioned "Plaintiffs' Requests For Production of Documents to Defendants (Set Three)," which contained Request Nos. 40-77. The October 10, 2016 Requests were thus Plaintiffs' fourth set of requests for production.

privilege, the work product doctrine, or any other applicable privilege or protection shall not constitute a waiver of that privilege or protection.

These Responses are made solely for the purpose of, and in relation to, discovery conducted in this case. Each Response is given subject to all appropriate objections (including, but not limited to, objections concerning competency, privacy, relevancy, specificity, overbreadth, undue burden, materiality, confidential proprietary or trade secret material, or admissibility), which would require the exclusion of any response contained herein. All such objections are therefore reserved and may be interposed at trial.

Defendants respond to the RFPs as Defendants interpret and understand them. If Plaintiffs subsequently assert an interpretation that differs from Defendants' understanding, Defendants may, but are not obligated to except as required by law, supplement their objections and/or responses herein.

Defendants state that, except for facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred from the Responses. The fact that Defendants have responded to the RFPs should not be taken as an admission or concession of the existence of any fact set forth or assumed by the RFPs, or that such response constitutes evidence of any fact thus set forth or assumed.

## GENERAL OBJECTIONS

Defendants' Response to each RFP shall be deemed to contain the following general objections ("General Objections") as if set forth in full therein. From time to time, for special emphasis, Defendants will repeat in the specific objections certain objections also set forth in the General Objections. The specific objections are submitted without prejudice to, and without in any way waiving, the General Objections listed below, but not expressly set forth in the Response. The assertion of any objection to any RFP below is neither intended as, nor shall in any way be deemed, a waiver of Defendants' right to assert that or any other objection at a later date.

1. Defendants do not waive: (1) any objections as to competence, relevance, materiality, propriety and admissibility, to any and all other objection on any grounds, all of which objections and grounds are expressly reserved and may be interposed at the time of trial; or (2) the

right to object to other discovery requests or undertakings involving or relating to the subject matter of the RFPs herein.

2. Defendants object to the RFPs and to each request therein to the extent that they purport to impose on Defendants obligations that differ from or exceed those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, or any order or ruling by the Court in this action. Defendants will not comply with any purported obligation not imposed by law.

3. Defendants object to the RFPs to the extent they seek documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Nothing in these objections and responses is intended to be or is a waiver of any attorney-client privilege, attorney work product immunity, or any other applicable privilege, immunity, doctrine or protection.

4. Defendants object to the RFPs and to each request therein to the extent that they are overbroad, unduly burdensome, oppressive, duplicative or prior discovery requests, and seek documents that are beyond the scope of discovery under the Federal Rules of Civil Procedure.

5. Defendants object to the RFPs and to each request therein to the extent that they seek documents that are already public, already in Plaintiffs' possession, custody or control, or are otherwise available from sources to which Plaintiffs also have access.

6. Defendants object to the RFPs and to each request therein to the extent that they require production of documents and information that are not relevant to the claims and defenses in Plaintiffs' action.

7. Defendants object to the RFPs and to each request therein to the extent that they are vague, ambiguous, and/or unintelligible.

8. Defendants object to the RFPs and to each request therein to the extent that they call for documents not in the possession, custody or control of Defendants.

9. Defendants object to the RFPs to the extent that they request documents that are not reasonably accessible because of undue burden or cost.

10. Defendants object to the RFPs to the extent that they mischaracterize Defendants' business.

11. Defendants object to the RFPs to the extent that they are not proportional to the needs of the case.

12. Defendants expressly incorporate each of the foregoing General Objections into each specific response to the RFPs set forth below as if set forth in full therein. An answer to a request shall not work as a waiver of any applicable specific or general objection to a request.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 40:**[2]

All Documents relating to Your advertising or marketing of driver background checks conducted by YOU, or on YOUR behalf by a third party company, including but not limited to the advertisements themselves and any internal communications pertaining to the advertisement or marketing campaign.

**RESPONSE TO REQUEST NO. 40:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time or a jurisdiction not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case, including to the extent it calls for documents relating to statements that are not part of the allegations of the First Amended Complaint. Defendants further object to this request to the extent that it seeks documents that are publicly available, or are equally accessible to Plaintiffs.

---

[2] As noted in footnote 1, Request Nos. 40-63 have already been served by Plaintiffs. For ease of reference, Defendants refer to the numbers used by Plaintiffs in their October 10, 2016 set of requests rather than correcting the numbering.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 41:**

All Documents relating to the frequency with how often You, or a third party acting on Your behalf, rerun background checks on YOUR drivers.

**RESPONSE TO REQUEST NO. 41:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time or a jurisdiction not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 42:**

All Documents relating to any policies You have in place that specify the frequency with which, or how often a vehicle must be re-inspected.

**RESPONSE TO REQUEST NO. 42:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein. Defendants further object to this request to the extent it seeks documents or

information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time or a jurisdiction not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 43:**

All Documents that are sufficient to show Your expenditures on safety.

**RESPONSE TO REQUEST NO. 43:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein and object that this request is duplicative of prior discovery requests. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time or a jurisdiction not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 44:**

Any and all insurance policies for loss, damage, or injury to persons and/or property arising out of UberX rides booked through Your mobile application including, but not limited to, declarations pages, endorsements, and certificates of insurance, evidencing coverage for You or any of Your drivers.

**RESPONSE TO REQUEST NO. 44:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time or a jurisdiction not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 45:**

To the extent not already produced, all Documents reflecting, relating to, or evidencing the amount of money that You have spent in connection with background checks for potential or current UberX drivers (including, but not limited to, those performed by Hirease, Inc., Accurate Background, Inc. or Checkr, Inc.).

**RESPONSE TO REQUEST NO. 45:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein and object that this request is duplicative of prior discovery requests. Defendants further object to this request to the extent it seeks documents or information protected

by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time or a jurisdiction not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 46:**

To the extent not already produced, all Documents reflecting, relating to, or evidencing the amount of money that You have allocated to background checks for potential or current UberX drivers (including, but not limited to, those performed by Hirease, Inc., Accurate Background, Inc. or Checkr, Inc.).

**RESPONSE TO REQUEST NO. 46:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein and object that this request is duplicative of prior discovery requests. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time or a jurisdiction not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 47:**

To the extent not already produced, all Documents reflecting, relating to, or evidencing how You spend the "Safe Rides Fees" that You collect.

**RESPONSE TO REQUEST NO. 47:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein and object that this request is duplicative of prior discovery requests. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time or a jurisdiction not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 48:**

To the extent not already produced, all Documents reflecting, relating to, or evidencing the revenues generated as a result of the UberX service for every year since the inception of the UberX service including, but not limited to, any profit and loss statements.

**RESPONSE TO REQUEST NO. 48:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein and object that this request is duplicative of prior discovery requests.

Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time or a jurisdiction not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 49:**

To the extent not already produced, all Documents reflecting, relating to, or evidencing the profits generated as a result of the UberX service for every year since the inception of the UberX service including, but not limited to, any profit and loss statements.

**RESPONSE TO REQUEST NO. 49:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein and object that this request is duplicative of prior discovery requests. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time or a jurisdiction not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 50:**

To the extent not already produced, all Documents reflecting, relating to, or evidencing the revenues generated in San Francisco and SFO Airport as a result of the UberX service for every year since the inception of the UberX service including, but not limited to, any profit and loss statements.

**RESPONSE TO REQUEST NO. 50:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein and object that this request is duplicative of prior discovery requests. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time or a jurisdiction not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 51:**

To the extent not already produced, all Documents reflecting, relating to, or evidencing the Profits generated in San Francisco and SFO Airport as a result of the UberX service for every year since the inception of the UberX service including, but not limited to, any profit and loss statements.

**RESPONSE TO REQUEST NO. 51:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein and object that this request is duplicative of prior discovery requests. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time or a jurisdiction not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 52:**

All Documents reflecting, relating to, or evidencing the revenues generated in Los Angeles County as a result of the UberX service for every year since the inception of the UberX service including, but not limited to, any profit and loss statements.

**RESPONSE TO REQUEST NO. 52:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein and object that this request is duplicative of prior discovery requests. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time or a jurisdiction not relevant to the subject matter involved in the pending action. Defendants also object to this

request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 53:**

All Documents reflecting, relating to, or evidencing the Profits generated in Los Angeles County as a result of the UberX service for every year since the inception of the UberX service including, but not limited to, any profit and loss statements.

**RESPONSE TO REQUEST NO. 53:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein and object that this request is duplicative of prior discovery requests. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time or a jurisdiction not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 54:**

All Documents reflecting, relating to, or evidencing the revenues generated in Santa Barbara County as a result of the UberX service for every year since the inception of the UberX service including, but not limited to, any profit and loss statements.

**RESPONSE TO REQUEST NO. 54:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein and object that this request is duplicative of prior discovery requests. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time or a jurisdiction not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 55:**

All Documents reflecting, relating to, or evidencing the Profits generated in Santa Barbara County as a result of the UberX service for every year since the inception of the UberX service including, but not limited to, any profit and loss statements.

**RESPONSE TO REQUEST NO. 55:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein and object that this request is duplicative of prior discovery requests. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common

interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time or a jurisdiction not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 56:**

All Documents reflecting, relating to, or evidencing the revenues generated in Ventura County as a result of the UberX service for every year since the inception of the UberX service including, but not limited to, any profit and loss statements.

**RESPONSE TO REQUEST NO. 56:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein and object that this request is duplicative of prior discovery requests. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time or a jurisdiction not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 57:**

All Documents reflecting, relating to, or evidencing the Profits generated in Ventura County as a result of the UberX service for every year since the inception of the UberX service including, but not limited to, any profit and loss statements.

**RESPONSE TO REQUEST NO. 57:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein and object that this request is duplicative of prior discovery requests. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time or a jurisdiction not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 58:**

All Documents reflecting, relating to, or evidencing the revenues generated in San Bernardino County (including the cities of Ontario, Upland, Rancho Cucamonga, Fontana, Rialto, San Bernardino, Loma Linda, Redlands, Barstow, Yucca Valley, Twentynine Palms and Joshua Tree) as a result of the UberX service for every year since the inception of the UberX service including, but not limited to, any profit and loss statements.

**RESPONSE TO REQUEST NO. 58:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein and object that this request is duplicative of prior discovery requests. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time or a jurisdiction not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 59:**

All Documents reflecting, relating to, or evidencing the profits generated in San Bernardino County (including the cities of Ontario, Upland, Rancho Cucamonga, Fontana, Rialto, San Bernardino, Loma Linda, Redlands, Barstow, Yucca Valley, Twentynine Palms and Joshua Tree) as a result of the UberX service for every year since the inception of the UberX service including, but not limited to, any profit and loss statements.

**RESPONSE TO REQUEST NO. 59:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein and object that this request is duplicative of prior discovery requests. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time or a jurisdiction

not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 60:**

All Documents reflecting, relating to, or evidencing the revenues generated in Riverside County within the cities of Cathedral City, Thermal, Coachella, Desert Hot Springs, Indian Wells, Indio, La Quinta, Palm Desert, Palm Springs and Rancho Mirage as a result of the UberX service for every year since the inception of the UberX service including, but not limited to, any profit and loss statements.

**RESPONSE TO REQUEST NO. 60:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein and object that this request is duplicative of prior discovery requests. Defendants object to this request on the ground that it seeks documents and information that are not relevant to Plaintiffs' claims. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time or a jurisdiction not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 61:**

All Documents reflecting, relating to, or evidencing the profits generated in Riverside County within the cities of Cathedral City, Thermal, Coachella, Desert Hot Springs, Indian Wells, Indio, La Quinta, Palm Desert, Palm Springs and Rancho Mirage as a result of the UberX service for every year since the inception of the UberX service including, but not limited to, any profit and loss statements.

**RESPONSE TO REQUEST NO. 61:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein and object that this request is duplicative of prior discovery requests. Defendants object to this request on the ground that it seeks documents and information that are not relevant to Plaintiffs' claims. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time or a jurisdiction not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 62:**

All Documents reflecting, relating to, or evidencing the revenues generated in Orange County as a result of the UberX service for every year since the inception of the UberX service including, but not limited to, any profit and loss statements.

**RESPONSE TO REQUEST NO. 62:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein and object that this request is duplicative of prior discovery requests. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time or a jurisdiction not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 63:**

All Documents reflecting, relating to, or evidencing the profits generated in Orange County as a result of the UberX service for every year since the inception of the UberX service including, but not limited to, any profit and loss statements.

**RESPONSE TO REQUEST NO. 63:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein and object that this request is duplicative of prior discovery requests. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common

interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time or a jurisdiction not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 64:**

All Documents reflecting, relating to, or evidencing the revenues generated in the County of San Diego, with the exception of the City of Coronado, as a result of the UberX service for every year since the inception of the UberX service including, but not limited to, any profit and loss statements.

**RESPONSE TO REQUEST NO. 64:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein and object that this request is duplicative of prior discovery requests. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time or a jurisdiction not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 65:**

All Documents reflecting, relating to, or evidencing the profits generated in the County of San Diego, with the exception of the City of Coronado, as a result of the UberX service for every year since the inception of the UberX service including, but not limited to, any profit and loss statements.

**RESPONSE TO REQUEST NO. 65:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein and object that this request is duplicative of prior discovery requests. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time or a jurisdiction not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 66:**

All Documents reflecting or evidencing the number of UberX rides taken by passengers in San Francisco and SFO Airport each year since the inception of the UberX platform.

**RESPONSE TO REQUEST NO. 66:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 67:**

All Documents reflecting or evidencing the number of UberX rides taken by passengers in Los Angeles County each year since the inception of the UberX platform.

**RESPONSE TO REQUEST NO. 67:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 68:**

All Documents reflecting or evidencing the number of UberX rides taken by passengers in San Bernardino County (including the cities of Ontario, Upland, Rancho Cucamonga, Fontana, Rialto, San Bernardino, Loma Linda, Redlands, Barstow, Yucca Valley, Twentynine Palms and Joshua Tree) each year since the inception of the UberX platform.

**RESPONSE TO REQUEST NO. 68:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 69:**

All Documents reflecting or evidencing the number of UberX rides taken by passengers in Riverside County within the cities of Cathedral City, Thermal, Coachella, Desert Hot Springs, Indian Wells, Indio, La Quinta, Palm Desert, Palm Springs and Rancho Mirage each year since the inception of the UberX platform.

**RESPONSE TO REQUEST NO. 69:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein. Defendants object to this request on the ground that it seeks documents and information that are not relevant to Plaintiffs' claims. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 70:**

All Documents reflecting or evidencing the number of UberX rides taken by passengers in Santa Barbara County each year since the inception of the UberX platform.

**RESPONSE TO REQUEST NO. 70:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 71:**

All Documents reflecting or evidencing the number of UberX rides taken by passengers in Ventura County each year since the inception of the UberX platform.

**RESPONSE TO REQUEST NO. 71:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 72:**

All Documents reflecting or evidencing the number of UberX rides taken by passengers in Orange County each year since the inception of the UberX platform.

**RESPONSE TO REQUEST NO. 72:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein. Defendants further object to this request to the extent it seeks documents or

information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 73:**

All Documents reflecting or evidencing the number of UberX rides taken by passengers in San Diego County, with the exception of the City of Coronado, each year since the inception of the UberX platform.

**RESPONSE TO REQUEST NO. 73:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 74:**

To the extent not already produced, all Documents not produced by Plaintiffs in this action that mention Plaintiffs' company names.

**RESPONSE TO REQUEST NO. 74:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein. Defendants object to this request on the ground that it seeks documents and information that are not relevant to Plaintiffs' claims. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case. Defendants further object to this request to the extent that it seeks documents that are publicly available, or are equally accessible to Plaintiffs.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 75:**

To the extent not already produced, all Documents that show the background check process employed by You is better than a fingerprint background check.

**RESPONSE TO REQUEST NO. 75:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case. Defendants also object to this request on the ground that the term "better than a fingerprint background check" is vague and ambiguous in the context of this request. Defendants further object to this request to the extent that it seeks documents that are publicly available, or are equally accessible to Plaintiffs. Defendants further objects to this Request to the extent that it seeks to shift the burden of proof to Defendants on issues for which Defendants do not bear the burden.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 76:**

To the extent not already produced, all Documents reflecting, relating to, or evidencing proposed changes and actual changes to Your website in regards to safety or background checks.

**RESPONSE TO REQUEST NO. 76:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information

for a period of time or a jurisdiction not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case. Defendants also object to this request on the ground that the term "in regards to safety or background checks" is vague and ambiguous in the context of this request, and that the Request calls for documents relating to statements that are not part of the allegations of the First Amended Complaint. Defendants further object to this request to the extent that it seeks documents that are publicly available, or are equally accessible to Plaintiffs.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

**REQUEST NO. 77:**

Any and all Documents reflecting, relating to, or evidencing representations about taxicabs made by You including, but not limited to, representations made on Your website, in advertisements, or in marketing campaigns.

**RESPONSE TO REQUEST NO. 77:**

Defendants incorporate their Preliminary Statement and General Objections as though fully set forth herein. Defendants further object to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Defendants further object to this request to the extent it seeks information for a period of time or a jurisdiction not relevant to the subject matter involved in the pending action. Defendants also object to this request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of this case. Defendants further object to this request to the extent that it seeks documents that are publicly available, or are equally accessible to Plaintiffs.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows:

Plaintiffs' request calls for responses after the fact discovery cutoff, and therefore is not enforceable except by order of the Court for good cause shown. *See* N.D. Cal. Civil L.R. 37-3. As a result, Defendants will not produce documents in response to this request.

Dated: November 14, 2016

IRELL & MANELLA LLP

By: /s/ Nathaniel Lipanovich
Nathaniel Lipanovich
Attorneys for Defendants
Uber Technologies, Inc.; Rasier, LLC; and Rasier-CA, LLC

**PROOF OF SERVICE**

I am employed in Newport Beach, State of California. I am over the age of 18 and not a party to the within action. My business address is 840 Newport Center Drive, Suite 400, Newport Beach, CA 92660.

On November 14, 2016, I served the foregoing document described as **DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS (SET FOUR)** on each interested party, as follows:

| | |
|---|---|
| Bruce L. Simon<br>George Trevor<br>PEARSON, SIMON & WARSHAW, LLP<br>44 Montgomery Street, Suite 2450<br>San Francisco, CA 94104<br>bsimon@pswlaw.com<br>gtrevor@pswlaw.com | Matthew A. Pearson<br>PEARSON, SIMON & WARSHAW, LLP<br>15165 Ventura Blvd., Suite 400<br>Sherman Oaks, CA 91403<br>mapearson@pswlaw.com |

Pursuant to the Parties' agreement under Fed. R. Civ. Proc. 5(b)(2)(E), I caused the foregoing documents to be served electronically by electronically mailing a true and correct copy through Irell & Manella LLP's electronic mail system to the e-mail addresses above, and the transmission was reported as complete and no error was reported.

Executed on November 14, 2016, at Newport Beach, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Nathaniel Lipanovich
(Type or print name)

(Signature)