# IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7527
FACSIMILE (310) 203-7199
MHarbour@irell.com

December 30, 2015

**VIA E-MAIL**

Benjamin Shiftan
Pearson, Simon & Warshaw, LLP 44
Montgomery Street, Suite 2450 San
Francisco, CA, 94104

    Re:    L.A. Taxi Cooperative, Inc., et al. v. Uber Technologies, Inc., et al.

Dear Benjamin:

    I write in response to your letter dated December 10, 2015 and in regards to our December 3, 2015 call regarding Defendants' Responses to Plaintiffs' First Requests for Production. With respect to ESI searches, as we noted in our November 21 letter to you, Plaintiffs' current production of documents appears seriously incomplete, and until we understand the basis for the productions – including but not limited to what is being withheld on the basis of Plaintiffs' objections – Defendants reserve all rights. As noted below, we should meet and confer on all outstanding discovery issues early in the new year. We will now address the specific requests for production addressed in your letter.

3.    **Request for Production No. 5**

Defendants' confirm that their December 8, 2015 production to Plaintiffs included internal communications (including emails, notes, and presentation materials) regarding Defendants' decision making process as to their safety measures.

That said, discovery is a two-way street. On our December 3rd call, I asked if Plaintiffs were willing to produce their own internal communications and other documents regarding Plaintiffs' decisions relating to their safety standards. Defendants have made several requests for production of such documents but to date, Plaintiffs have not produced a single internal communication or document responsive to these requests. Indeed, based on Defendants' review, it appears Plaintiffs have produced only a single e-mail in response to Defendants' twenty separate document requests.

You noted on our December 3rd call that Plaintiffs were not trying to hold Defendants to a different standard and agreed to investigate whether Plaintiffs possessed any internal communications or documents relating to their safety measures. Please confirm whether Plaintiffs possess any such documents, and, to the extent that these documents exist, please

**IRELL & MANELLA LLP**
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Benjamin Shiftan
December 30, 2015
Page 2

make them available for review. To the extent Plaintiffs will not agree to make any such documents available for review, I suggest we meet and confer on an appropriate breadth of response for each party.

**4.** **Requests for Production Nos. 8-9**

As Defendants stated in their November 27, 2015 letter and I reiterated on our December 3rd call, Plaintiffs' request for all documents "reflecting, relating to, or evidencing" the amount that Defendants spend on, or allocate to, background checks is unduly burdensome and not proportional to the needs of the case. This request would, for example, encompass every single invoice for every background check that has been performed on any driver-partner.

Nonetheless, I can confirm that documents responsive to these requests were included in Defendants' December 8 production. The inclusion of these documents does not in any way waive the objection above. To the extent that Plaintiffs seek additional documents regarding this subject matter, Defendants are willing to consider a more specific request.

**7.** **Request for Production No. 11**

As Defendants stated in their November 27 letter, and I reiterated on our December 3rd call, Plaintiffs are not entitled to all documents "reflecting, relating to, or evidencing" Defendants' decision to implement the Safe Rides Fee. Not only does this request seek irrelevant information, but it is overbroad, unduly burdensome, and not proportional to the needs of this case. As I explained on our December 3rd call, Plaintiffs' request as phrased would, for example, encompass every electronic receipt that bears an itemized Safe Rides Fee.

Plaintiffs' Lanham Act claims are predicated on their allegation that Defendants' representations regarding the Safe Rides Fee are false or misleading. To the extent that Plaintiffs seek documents relating to "what Defendants knew about the quality of its safety protocol," Defendants confirm that such documents have been produced in response to Plaintiffs' other discovery requests. The inclusion of these documents does not in any way waive the above objections.

To the extent Plaintiffs seek documents relating to the implementation of the Safe Rides Fee which are unrelated to "what Defendants knew about the quality of its safety protocol" or are otherwise unrelated to Defendants' safety measures, then the requests are not relevant to Plaintiffs' claims and are outside the scope of permissible discovery.

If Plaintiffs seek additional documents regarding this subject and can articulate how such documents fall within the permissible scope of discovery in this case, Defendants are willing to consider a more specific request.

5838247

**IRELL & MANELLA LLP**
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Benjamin Shiftan
December 30, 2015
Page 3

**8.      Request for Production No. 12**

As Defendants stated in their November 27 letter and I reiterated on our December 3rd call, Plaintiffs request for all documents "reflecting, relating to, or evidencing" how defendants spend the Safe Rides Fee is unduly burdensome and not proportional to the needs of the case.  This request would, for example, encompass every single invoice for every safety-related item toward which Defendants allocate funds.

Nonetheless, I can confirm that documents responsive to these requests were included in Defendants' December 8 production.  The inclusion of these documents does not in any way waive the objection above.  To the extent that Plaintiffs seek additional documents regarding this subject, Defendants are willing to consider a more specific request.

**9.      Requests for Production Nos. 13 and 14**

Defendants' position has not changed, and Defendants will be serving a privilege log that includes withheld Giuliani Partners material.  During our meet and confer call, we should discuss a mutually agreeable date for the parties to exchange privilege logs.  Once privilege logs have been exchanged, we can file a joint letter brief with the Court.

We will not endeavor to correct each of the factual and legal inaccuracies in your letter, but the following is worth noting.

Plaintiffs' letter argues that Defendants' communications with Giuliani Partners are not protected by the attorney-client privilege because they allegedly were not "created exclusively for legal reasons."  This mischaracterizes the law.  "Exclusivity" is not required.  Rather, a communication is protected if "the *dominant purpose* of the relationship between the parties to the communication was one of attorney-client." *Clark v. Superior Court*, 196 Cal. App. 4th 37, 51 (2011) (emphasis added).  The mere fact that a communication can serve more than one purpose does not strip it of protection.  *See Scripps Health v. Superior Court*, 109 Cal. App. 4th 529, 536 (2003) ("The fact that the information contained in the communications might also be used for incidental purposes not entitled to the privilege is unimportant.").  Defendants' primary purpose in retaining Giuliani Partners was to assist with various regulatory and legal challenges to Defendants' business model.  The engagement was conducted at the direction, and under the guidance, of counsel.  Defendants' Giuliani Partners material is therefore privileged.

Defendants' communications with Giuliani Partners are also protected by the work-product doctrine.  Plaintiffs claim that the retention of Giuliani Partners also served a business purpose.  However, even assuming this were correct, a "document can contain protected work-product material even though it serves multiple purposes, so long as the protected

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Benjamin Shiftan
December 30, 2015
Page 4

material was prepared because of the prospect of litigation." *See United States v. Deloitte LLP,* 610 F.3d 129, 138 (D.C. Cir. 2010).

Finally, Defendants have not waived the privilege. Plaintiffs have not identified any authority holding that a limited summary of an internal investigation constitutes wholesale waiver of the attorney-client privilege. Instead, Plaintiffs attempt to distinguish *In re Vecco Instruments, Inc. Sec. Litig.*, No. 05 MD 1695(CM)(GAY), 2007 WL 210110, at *2 (S.D.N.Y. Jan. 25, 2007). However, *Vecco* held that the privilege was not waived where the disclosure "did not quote, paraphrase or reference any of the specific documents at issue in support of its conclusion." *Id.* The summary quoted by Plaintiffs likewise does not contain this level of detail.

## 11. Request for Production No. 17

Based on review to date, Defendants do not have any "course materials or similar such documents" for 7X7 Experience Inc. Defendants again reiterate that discovery is a two-way street. Accordingly, Defendants expect that Plaintiffs will provide similar confirmations as to Plaintiffs' communications and documents as requested by Defendants in their December 28, 2015 letter. In addition, Defendants have asked Plaintiffs to confirm whether they possess any internal communications or documents relating to their safety measures.

Defendants will make a good faith effort to search for and produce any responsive, non-privileged communications with 7 x 7 Executive Transportation and 7X7 Experience Inc.

## 13. Request for Production No. 20

Defendants will search for and produce any responsive, non-privileged documents discussing the March 9, 2015 letter from members of congress.

## 14. Requests for Production No. 21-25

As Defendants stated in their November 27 letter, Plaintiffs have so far expressly refused to articulate any basis for their contention that they have suffered injuries as a result of Defendants' Lanham Act violations. Plaintiffs' December 10 letter still fails to provide any articulation of Plaintiffs' damages theory.

This problem is compounded by the fact that Plaintiffs' request is vastly overbroad and unduly burdensome. On our December 3rd call, I asked you if Plaintiffs were seeking all of Defendants' financial documents regarding every city in which Defendants operate throughout the world. You were unwilling to narrow the scope of your request.

5838247

**IRELL & MANELLA LLP**
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Benjamin Shiftan
December 30, 2015
Page 5

Until Plaintiffs articulate their damages theory and specify what specific financial information they are seeking and why, Defendants cannot agree to produce any documents in response to this request. If Plaintiffs are willing to provide a basis for seeking specific information and tailor their request for documents accordingly, Defendants will consider the more tailored request.

**Request to Meet and Confer**

In an effort to resolve the issues addressed in this letter and any other outstanding discovery issues between the parties, we should schedule a time to meet and confer. Please let me know when you are available for a phone call.

Sincerely,

/s/ Michael Harbour

Michael D. Harbour

MDH

cc:   Andra B. Greene
      A. Matthew Ashley

5838247