LAW OFFICES

## PEARSON, SIMON & WARSHAW, LLP

15165 VENTURA BOULEVARD, SUITE 400

SHERMAN OAKS, CALIFORNIA 91403

(818) 788-8300

FAX (818) 788-8104

WWW.PSWLAW.COM

SAN FRANCISCO OFFICE
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104
(415) 433-9000
FAX (415) 433-9008

WRITER'S DIRECT CONTACT
(818) 205-2806
MAPEARSON@PSWLAW.COM

March 4, 2016

**VIA EMAIL**

Mr. Nathaniel Lipanovich
Irell & Manella LLP
840 Newport Center Drive
Suite 400
Newport Beach, California 92660-6324

Re:   *L.A. Taxi Cooperative, Inc., et al.* v. *Uber Technologies, Inc., et al.*
     Case No.:            3:15-cv-01257-JST
     Our File No.:        5461-00001

Dear Mr. Lipanovich:

I am writing to follow up on various issues that were discussed during a meet-and-confer call that you held with my firm on January 19. On that call, my firm posed various questions to you regarding Defendants' discovery responses, to which you agreed to track down answers. We have not heard anything from you since on these issues.

The RFPs at issue[1] are as follows:

- **RFP No. 5**: It is my understanding that we requested that you provide information as to how Defendants culled the internal communications that were produced for production and, specifically, whether all responsive internal communications were

---

[1] This letter addresses several issues with Defendants' responses, but it is not intended to be exhaustive. The letter does not waive Plaintiffs' rights to meet and confer further— and, if necessary, seek judicial intervention—regarding deficiencies not specifically addressed in this letter. Plaintiffs will follow up as appropriate about specific issues not raised in this letter.

LAW OFFICES
PEARSON, SIMON & WARSHAW, LLP

Mr. Nathaniel Lipanovich
March 4, 2016
Page 2

produced (versus only certain internal communications).  You responded that you needed to check on this and would get back to us.  We have not yet heard back from you on this issue.  Please provide us the requested information as soon as possible.

- **RFP Nos. 8-9**: On the call, our firm explained that we would forego demanding responsive documents on a very granular level (e.g., as Defendants wrote in their December 30 letter, "every single invoice for every background check . . .") if Defendants would agree not to demand such detail from Plaintiffs for certain document requests in Defendants' Requests for Production (Set One).  You agreed to formulate a proposal on how to handle this.  It seems that your e-mail from March 2nd proposed only the level of detail that Defendants are proposing be produced in response to RFPs pertaining to individual drivers and vehicles, but not the level of detail that Defendants will provide in response to Plaintiffs' RFP Nos. 8-9 (which address the amount of money that Defendants have spent on/allocated to background checks).  Plaintiffs are evaluating the proposal sent March 2nd but still need Defendants to articulate the level of detail that they will provide in response to RFP Nos. 8-9.  If resolving this issue would be easier via a phone call, we are, of course, happy to set up a call.

  You also agreed to provide more information about how those documents that were produced in response to this RFP were culled for production.  Please provide this information as soon as possible.

- **RFP No. 11**: We also explained on the call that Plaintiffs are entitled to all documents reflecting the decision-making behind the Safe Rides Fee.  We requested that Defendants confirm how any produced documents showing what Defendants knew about the quality of Defendants' safety protocol were selected.  You agreed to follow up with us about this RFP and to provide further information.  Again, we have not heard back from you on this.  Please provide the requested documents and additional information as soon as possible.

- **RFP No. 12**: On the call—and similar to the discussion regarding RFP Nos. 8-9—our firm noted that we would be willing to forego demanding responsive documents on a very granular level (e.g., as you wrote in your December 30 letter, "every single invoice for every background check . . .") if Defendants would agree not to demand such detail from Plaintiffs for certain document requests in

LAW OFFICES
PEARSON, SIMON & WARSHAW, LLP

Mr. Nathaniel Lipanovich
March 4, 2016
Page 3

Defendants' Requests for Production (Set One).  You agreed to formulate a proposal on how to handle this.  It seems that your e-mail from March 2nd proposed only the level of detail that Defendants are proposing be produced in response to RFPs pertaining to individual drivers and vehicles, but not the level of detail that Defendants will provide in response to Plaintiffs' RFP No. 12 (which addresses how the "Safe Rides Fees" are spent by Defendants).  Plaintiffs are evaluating the proposal sent March 2nd but still need Defendants to articulate the level of detail that they will provide in response to RFP No. 12.  If resolving this issue would be easier via a phone call, we are, of course, happy to set up a call.

- **RFP Nos. 13-14**: It seemed that from the call, and in prior correspondence, that the parties have reached an impasse regarding these document requests.  On the call, we proposed a schedule for the exchange of privilege logs and for the drafting of a joint letter brief, culminating in a letter brief being filed on February 12, 2016.  You said that the proposal was too expedited and that Defendants needed more time.  You further stated that you would get back to us with a proposed schedule within which Defendants could work.  We still have not received that schedule.  Please let us know Defendants' proposed schedule.

- **RFP No. 20**: Our firm informed you that we were unsure as to why Defendants wrote in their December 30 letter that they would produce those documents "*discussing* the March 9, 2015 letter from members of congress." (Emphasis added).  We asked whether Defendants were planning to produce all documents requested by the precise language of Plaintiffs' RFP No. 20—specifically, all documents "reflecting, relating to, or evidencing" the letter from members of Congress.  You agreed to get back to us on this.  We have not heard back from you.  Please provide us an answer on this as soon as possible.

- **RFP Nos. 21-25**:  On the call, we again reminded you that Defendants have already produced financial information in false advertising litigation markedly similar to this case.  We asked whether Defendants were standing firm on their position that they would not produce financial information at this point in the case (in which case the parties will need to prepare a joint letter brief for the Court) or whether Defendants will offer a proposed compromise on how to resolve these issues.  You agreed to get back to us on this issue.  Please provide us an answer on this as soon as possible.

LAW OFFICES
**PEARSON, SIMON & WARSHAW, LLP**

Mr. Nathaniel Lipanovich
March 4, 2016
Page 4

Sincerely,

PEARSON, SIMON & WARSHAW, LLP

*/s/ Matthew A. Pearson*

MATTHEW A. PEARSON

MAP
868378.1